IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| CYNTHIA D. PAJAK, <br><br> **Plaintiff,** <br><br> v. <br><br> UNDER ARMOUR, INC., <br> UNDER ARMOUR RETAIL, INC., <br> AND BRIAN BOUCHER, <br><br> **Defendants.** | Civil Action No. 1:19-CV-160 <br> **(JUDGE KEELEY)** |

## MEMORANDUM OPINION AND ORDER

This matter is before the undersigned pursuant to a Referral Order [ECF No. 115] entered by Honorable Senior United States District Judge Irene M. Keeley on September 1, 2020. By this Referral Order, Judge Keeley referred Plaintiff's Motion for Protective Order Regarding Defendant's Notice of Intent to Serve Subpoena on Target Corporation [ECF No. 114] to the undersigned for a hearing and disposition. To this end, the undersigned also is in receipt of Defendant Under Armour Retail, Inc.'s Response in Opposition to Plaintiff's Motion for Protective Order [ECF No. 121] and Plaintiff's Reply in Support of Motion for Protective Order. [ECF No. 124].

The undersigned held a Motion Hearing on October 1, 2020, at which Plaintiff Cynthia D. Pajak appeared by Counsel Allison B. Williams, Esq. and Larry J. Rector, Esq., the Under Armour Defendants by Counsel Justin M. Harrison, Esq., and Defendant Brian Boucher by Counsel Scott H. Kaminski, Esq. Accordingly, for the reasons stated herein, Plaintiff's Motion for Protective Order Regarding Defendant's Notice of Intent to Serve Subpoena on Target Corporation [ECF No. 114] is **GRANTED** as more fully detailed herein.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cynthia D. Pajak ("Plaintiff") initiated this action by filing a Complaint on July 16, 2019, in the Circuit Court of Harrison County, West Virginia, alleging wrongful discharge, violations of the West Virginia Human Rights Act, Negligent Hiring, Supervision, and Retention, and Intentional Infliction of Emotional Distress or Tort of Outrage against her former employer, Under Armour, Inc., Under Armour Retail Inc., and her supervisor Brian Boucher ("Defendants"). [ECF No. 1-1 at 3-20]. Plaintiff's claims against the Defendants are rooted in allegations of gender-discrimination and retaliation.

Defendants, Under Armour, Inc., and Under Armour Retail, Inc. (collectively "Under Armour") removed this action from the Circuit Court of Harrison Count, West Virginia, to the United States District Court for the Northern District of West Virginia, Clarksburg Division, on August 19, 2019. [ECF No. 1].

Plaintiff since secured employment with Target Corporation ("Target"), which is her current employer. On July 31, 2020, Defendant Under Armour Retail, Inc. served its Notice of Intent to Serve Subpoena Duces Tecum [See ECF Nos. 111, 114-1]. This subpoena duces tecum would be served upon Target and seek information about Plaintiff, the process by which she was hired there, and her job performance since her hiring.

By this subpoena, Defendant seeks 17 categories of information via-a-vis Plaintiff's application for employment with and subsequent employment by Target, summarized as follows:

1. employment applications submitted by Plaintiff
2. all resumes Plaintiff submitted
3. notes regarding employment interviews with Plaintiff
4. all offers of employment from Target to Plaintiff
5. letters of interest submitted by Plaintiff
6. all performance evaluations of Plaintiff
7. pre-employment personality/psychological assessments/profiles

    8.    disciplinary records regarding Plaintiff
    9.    self-assessments submitted by Plaintiff
    10.    any critiques and "360 reviews" regarding Plaintiff
    11.    documented coaching provided to Plaintiff
    12.    all performance reviews/assessments
    13.    commendations/awards provided to Plaintiff
    14.    any applications for promotions/transfers regarding Plaintiff
    15.    notes of any calls/interviews with Plaintiff's references
    16.    letters of recommendation regarding Plaintiff
    17.    documentation reviewing/assessing/critiquing Plaintiff's leadership skills, including any pre-employment leadership assessments

In brief, Plaintiff argues that the aim of the subpoena duces tecum is to annoy and harass, and that such a subpoena to her current employer could jeopardize her employment. Further, Plaintiff states that she herself could supply much of the information sought by the subpoena, and that other categories of information sought simply do not exist. Further, Plaintiff emphasizes that she was hired by Target, which means that information before Target about Plaintiff was, on balance, positive and not reflective of allegedly poor performance while in Defendant's employ. Plaintiff also underscores how her ongoing employment with Target mitigates her damages claims, to Defendant's benefit. Thus, Plaintiff seeks to quash the subpoena.

Defendant argues that the information sought as to Plaintiff's hiring process with Target bears on her credibility for her claims in the instant matter, and information sought as to her job performance at Target could, for example, undercut the amount of damages sought and her emotional distress claims.

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 26 states: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

3

Moreover, "relevant information need not be admissible at the trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26. However, under Federal Rule of Civil Procedure 26(c), a party may seek a protective order that forbids or curtails the discovery. Also, a court may limit discovery if the burden of the discovery sought outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).

### III.     ANALYSIS AND ORDER

In the view of the undersigned, the information Defendant seeks from Target is, on balance, outweighed by the burden it likely would place on Plaintiff. The undersigned takes into consideration the sensitive nature of a party in Defendant's position making inquiry of Plaintiff's current employer, especially in light of Plaintiff's commitment to producing much of the information sought herself and/or Plaintiff's assertion that certain of the information sought does not exist. Interference with something as important as one's current employment is not to be taken lightly or permitted as a matter of course in this context. Moreover, as of the time of oral argument on the subject motion, Defendant had not taken Plaintiff's deposition, nor had Defendant sought the information directly from Plaintiff through interrogatories and requests for production of documents. Evident to the undersigned, then, is the ability of Defendant to instead glean much of the information sought via its subpoena duces tecum through a combination of discovery methods directed at Plaintiff herself, while safeguarding Plaintiff's employment with Target.

At oral argument on the instant motion, counsel for Plaintiff indicated that Plaintiff can and is willing produce, where it exists, the information sought in Defendant's subpoena *except* for information sought in Nos. 3, 15, 16, and 17 (*pre*-employment) enumerated above.[1]

---

[1] At oral argument, Plaintiff's counsel indicated that information responsive to No. 17 in the subpoena duces tecum *pre*-employment with Target is not available to Plaintiff, but that Plaintiff can provide any such information *post*-employment with Target.

More specifically, it is hereby **ORDERED** that Plaintiff's motion for protective order is **GRANTED**. However, to the extent which Plaintiff has not already done so, it is hereby **ORDERED** that Plaintiff herself shall produce to Defendant information, to the extent which it exists, responsive to items *other than* Nos. 3, 15, 16, and 17 (*pre*-employment) in the subpoena duces tecum. It is further **ORDERED** that Plaintiff shall do so **within 10 days of the date of entry of this Order**.

Further, it is hereby **ORDERED** that as to item Nos. 3, 15, 16, and 17 (*pre*-employment) in the subpoena duces tecum, Defendant may not further seek information from Target prior to: (1) reviewing information Plaintiff has produced or will produce otherwise pursuant to this Order, (2) taking Plaintiff's deposition, and (3) receiving Plaintiff's answers and responses to Defendant's interrogatories and requests for production as to this information. Following such discovery, the Court would review Defendant's motion to compel discovery from Plaintiff and/or motion for leave to file subpoena on Target seeking to revisit these issues, although the undersigned advises of the reluctance to allow discovery from Plaintiff's employer absent compelling circumstances.

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: October 13, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE