IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| CYNTHIA D. PAJAK,<br><br>**Plaintiff,**<br>v.<br><br>UNDER ARMOUR, INC.,<br>UNDER ARMOUR RETAIL, INC.,<br>AND BRIAN BOUCHER,<br><br>**Defendants.** | Civil Action No. 1:19-CV-160<br>(JUDGE KEELEY) |

## MEMORANDUM OPINION AND ORDER

This matter is before the undersigned pursuant to a Referral Order [ECF No. 151] entered by Honorable Senior United States District Judge Irene M. Keeley on November 19, 2020. By this Referral Order, Judge Keeley referred Plaintiff's Motion to Direct Counsel Not to Confer with Witnesses During Depositions and to Compel Documents Used to Prepare a Witness for Deposition [ECF No. 145] to the undersigned for a hearing and disposition. To this end, the undersigned also is in receipt of Defendant Under Armour, Inc. and Under Armour Retail, Inc.'s Response in Opposition to Plaintiff's Motion [ECF No. 147] and Defendant Brian Boucher's Joinder in Defendant Under Armour, Inc. and Under Armour Retail, Inc.'s Response in Opposition to Plaintiff's Motion. [ECF No. 148].

In the midst of a deposition in this matter on November 11, 2020, counsel for the parties left a voicemail for the undersigned, seeking resolution of certain matters which had arisen during the deposition. However, this was a day on which the Court was closed for the Veterans Day holiday. The undersigned subsequently scheduled a status conference for November 17, 2020. In the meantime, Plaintiff filed the subject motion. At the status conference, counsel articulated the issues which were the subject of the voicemail left for the undersigned, which also are the issues

1

raised in the subject motion and Defendants' respective responses. At the status conference, Plaintiff Cynthia D. Pajak appeared by Counsel Larry J. Rector, Esq., the Under Armour Defendants by Counsel Justin M. Harrison, Esq. and Grace E. Hurney, Esq., and Defendant Brian Boucher by Counsel Scott H. Kaminski, Esq.

For the reasons stated herein, Plaintiff's Motion to Direct Counsel Not to Confer with Witnesses During Depositions and to Compel Documents Used to Prepare a Witness for Deposition [ECF No. 145] is **DENIED** as more fully detailed herein.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cynthia D. Pajak ("Plaintiff") initiated this action by filing a Complaint on July 16, 2019, in the Circuit Court of Harrison County, West Virginia, alleging wrongful discharge, violations of the West Virginia Human Rights Act, Negligent Hiring, Supervision, and Retention, and Intentional Infliction of Emotional Distress or Tort of Outrage against her former employer, Under Armour, Inc., Under Armour Retail Inc., and her supervisor Brian Boucher ("Defendants"). [ECF No. 1-1 at 3-20]. Plaintiff's claims against the Defendants are rooted in allegations of gender-discrimination and retaliation.

Defendants, Under Armour, Inc., and Under Armour Retail, Inc. (collectively "Under Armour") removed this action from the Circuit Court of Harrison Count, West Virginia, to the United States District Court for the Northern District of West Virginia, Clarksburg Division, on August 19, 2019. [ECF No. 1].

Plaintiff deposed Under Armour representative Jim Toner, Human Resources Director, on November 11, 2020, the deposition which gave rise to counsels' above-noted call to the undersigned on this same date. It appears that the deposition generated four issues for resolution by the Court: (1) the extent to which conversation between a deponent and their counsel is

permissible during a deposition, (2) whether a "timeline" of events in this matter created by Under Armour's counsel, to which deponent referred, must be produced for Plaintiff, (3) whether Plaintiff may inquire of Under Armour's representative about a mock deposition, whether a video recording of such a mock deposition exists and, if it exists, whether Under Armour must produce it in discovery, and (4) whether an in-house video recording by Under Armour exists for prospective deponents to watch in preparation for a deposition, and if it exists, whether Under Armour must produce it in discovery.[1]

In brief, Plaintiff argues as to these four issues, in turn, that (1) only matters of privilege may be discussed between a deponent and counsel during a deposition, (2) the timeline of events must be produced because it was used to refresh the deponent's memory, (3) information and materials concerning a mock deposition are not privileged, and (4) the in-house video is not privileged.

Defendant Under Armour argues that (1) there is not such a strict bar to counsel's consultations with clients during depositions, (2) the timeline of events, which is attorney work product and an attorney-client communication, should not be produced under the applicable balancing test, (3) information concerning a mock deposition is protected under the work-product doctrine, and (4) no such in-house video recording exists.[2] Defendant Boucher did not offer

---

[1] As to the latter two issues concerning video recordings, it was unclear to the undersigned from Plaintiff's motion what the argument was concerning video recordings. It was unclear as to the nature and number of recordings in dispute. However, in light of discussion with counsel during the above-noted status conference, the undersigned understands the summary here of these two issues, as to video recordings, to be accurate.

[2] The fourth item of dispute – in-house video recording – appears to have been resolved as a result of counsel's discussion with the undersigned during the above-noted status conference. Counsel for Under Armour indicated that all video recordings have been produced for Plaintiff, and to the extent this in-house video was not included therewith, it does not exist. Counsel for Plaintiff appeared satisfied with that representation and did not wish to pursue the matter further. Thus, the undersigned does not further address it here.

independent argument in his response brief, but rather simply joined in Under Armour's briefing of the issues.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 states: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Moreover, "relevant information need not be admissible at the trial if the discovery appears reasonable calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26.

### A. Communications During Deposition

As to counsel's communications with clients during depositions, Federal Rule of Civil Procedure 30(c) provides for how an examination and cross-examination of a deponent is to proceed. The rule speaks to how a deponent may be instructed to not answer (e.g. preserving a privilege, enforce a court-ordered limitation) and provides that an examination/cross-examination proceeds as it would at trial. Fed. R. Civ. P. 30(1)-(2). However, the rule does not establish a stark prohibition on communication between counsel and a deponent. Moreover, the ABA's Civil Discovery Standards contemplate some permissible degree of such communication, depending on the reason for the communication and the point at which it occurs in a deposition.[3] The standards differentiate between such communications <u>during</u> a deposition and <u>during a recess from</u> a deposition.

---

[3] The current version of these ABA standards, from 2004, can be found at https://www.americanbar.org/content/dam/aba/administrative/litigation/civil-discovery-standards.pdf.

## B. Production of Timeline of Events

As to the timeline of events in this matter created by Under Armour's counsel, and whether it must be produced under Rule 612 of the Federal Rules of Evidence, it appears that the most concisely stated standard, as cited by both Plaintiff and Under Armour, is as follows: "(1) a witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interest of justice, the adverse party is entitled to see the writing." McDaniels v. State Auto Prop. & Cas. Ins. Co., 3:15-cv-69, 2016 WL 2766649 (N.D. W. Va. May 12, 2016).

## C. Mock Deposition

Finally, as to whether the deponent participated in a mock deposition and whether testimony and material from it are discoverable, Federal Rule of Civil Procedure 26 provides that materials prepared for litigation or trial are not discoverable absent the other party's substantial need and undue hardship. Fed. R. Civ. P. 26(b)(3)(A).

## III. ANALYSIS AND ORDER

Plaintiff should be barred from seeking the information which is the subject of this discovery dispute.

## A. Communications During Deposition

As to communications between counsel and client in the course of a deposition, pertinent rules and standards – and common-sense practice – provide that restrictions are not as severe as Plaintiff suggests. Certainly, the Federal Rules of Civil Procedure and related standards from the ABA would not permit "coaching" of a witness during a deposition. But the rule is not so narrow as to only preserving a privilege and/or keeping the deposition within bounds of a court's order. As a practical matter, counsel communicating with a deponent often serves the ends of justice,

rather than obfuscates it, by helping to keep testimony focused and efficient, and assuring that a deponent be as methodic as possible.

There was some suggestion in the status conference before the undersigned that the deponent may have spoken with Under Armour's in-house counsel during a break in the deposition at issue. To the extent that communication would happen, the Court cautions against it going forward. Such in-house counsel's identity is unknown to the Court, and that counsel does not seem to have made an appearance in this case. However, to the extent which counsel of record here confers with a deponent during a deposition, that is permissible within the normal bounds of such communication, so long as it does not constitute "coaching" or other impermissible conversation.

### B. Production of Timeline of Events

As to the timeline of events created by Under Armour's counsel here, it appears to be counsel's work product and an attorney-client communication, which the courts generally treat as sacrosanct and untouchable in discovery absent extraordinary reasons to the contrary. Here, as to the McDaniels factors, it is doubtful that Plaintiff satisfies the first factor, whether the writing was used to refresh the witness's memory. And in the Court's view, Plaintiff simply does not satisfy the third factor, whether the adverse party is entitled to the writing in the interests of justice.

More specifically, as to the first McDaniels factor, a review of the transcript of the deposition indicates that the deponent equivocated as to whether the document refreshed his memory. See ECF No. 141-1 at 14:15-17. At best, according to the deponent, the document helped him recall the sequence of events, but not the events themselves. The deponent does not seem to have even had the document with him during the deposition, indicating that his degree of reliance on it was not great. Thus, the Court is unconvinced that the document was used to refresh the deponent's recollection.

As to the third <u>McDaniels</u> factor, nothing about the description of the timeline convinces the Court that an attorney-client communication and the work product doctrine should be breached here. It appears that the timeline reflects counsel's mental impressions of the case, which the law has long been reluctant to require to be disclosed. Moreover, the Court has no reason, taking the totality of the information before it, to doubt defense counsel's representation that the document was created using information which already has been provided to Plaintiff. Thus, there is no nothing whatsoever about the document to indicate that the interests of justice require its disclosure.

### C. Mock Deposition

Similar to the timeline of events, above, Plaintiff may not obtain materials, if they exist, concerning a mock deposition of deponent and any testimony by deponent related to it. Allowing Plaintiff to obtain such information infringes on attorney work product, as it would allow Plaintiff to obtain opposing counsel's mental impression of the witness and overall legal strategy. There is no remotely compelling reason to tread on the work product doctrine here as to a mock deposition, given the circumstances at hand.

### D. Order and Conclusion

Thus, based on the foregoing, Plaintiff's Motion to Direct Counsel Not to Confer with Witnesses During Depositions and to Compel Documents Used to Prepare a Witness for Deposition [ECF No. 145] is **DENIED**. It is so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: November 19, 2020

                                                          MICHAEL JOHN ALOI  
                                                          UNITED STATES MAGISTRATE JUDGE