IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| CYNTHIA D. PAJAK,<br><br>**Plaintiff,**<br><br>v.<br><br>UNDER ARMOUR, INC.,<br>UNDER ARMOUR RETAIL, INC.,<br>AND BRIAN BOUCHER,<br><br>**Defendants.** | Civil Action No. 1:19-CV-160<br>(JUDGE KEELEY) |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND HOLDING IN ABEYANCE IN PART PLAINTIFF'S MOTION TO COMPEL
[ECF. NO. 159] AS TO THIRD SET OF DISCOVERY REQUESTS**

This matter is before the undersigned pursuant to a Referral Order [ECF No. 161] entered by Honorable Senior United States District Judge Irene M. Keeley on December 7, 2020. By this Referral Order, Judge Keeley referred Plaintiff's Motion to Compel Defendants Under Armour Inc. and Under Armour Retail Inc. to Respond to Third Set of Discovery Requests [ECF No. 159] to the undersigned for a hearing and disposition. To this end, the undersigned also is in receipt of Defendant Under Armour, Inc. and Under Armour Retail, Inc.'s Response in Opposition to Plaintiff's Motion [ECF No. 171] and Plaintiff's reply, thereto. [ECF No. 176].

The motion came on for a hearing before the undersigned on January 7, 2021. At the hearing, Plaintiff Cynthia D. Pajak appeared by Counsel Larry J. Rector, Esq. and Allison B. Williams, Esq., the Under Armour Defendants appeared by Counsel Justin M. Harrison, Esq. and Grace E. Hurney, Esq., and Defendant Brian Boucher appeared by Counsel Scott H. Kaminski, Esq.

1

For the reasons stated herein, Plaintiff's Motion to Compel Defendants Under Armour Inc. and Under Armour Retail Inc. to Respond to Third Set of Discovery Requests [ECF No. 159] is **GRANTED in part** and **HELD IN ABEYANCE in part** as more fully detailed herein.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cynthia D. Pajak ("Plaintiff") initiated this action by filing a Complaint on July 16, 2019, in the Circuit Court of Harrison County, West Virginia, alleging wrongful discharge, violations of the West Virginia Human Rights Act, Negligent Hiring, Supervision, and Retention, and Intentional Infliction of Emotional Distress or Tort of Outrage against her former employer, Under Armour, Inc., Under Armour Retail Inc., and her supervisor Brian Boucher ("Defendants"). [ECF No. 1-1 at 3-20]. Plaintiff's claims against the Defendants are rooted in allegations of gender-discrimination and retaliation.

Defendants, Under Armour, Inc., and Under Armour Retail, Inc. (collectively "Under Armour") removed this action from the Circuit Court of Harrison County, West Virginia, to the United States District Court for the Northern District of West Virginia on August 19, 2019. [ECF No. 1].

Plaintiff served her third set of discovery requests to Under Armour on October 6, 2020. [ECF No. 129]. By these discovery requests, Plaintiff, broadly speaking, sought three categories of information: (1) reports of sales and other metrics for Under Armour's East and West regions, (2) text messages from cell phones of a number of current or former Under Armour employees, and (3) an un-redacted spreadsheet "tracker" containing information of complaints or concerns lodged by Under Armour employees.

2

## II.   REPORTS OF SALES/METRICS AND TEXT MESSAGES

At the above-noted hearing before the undersigned on January 7, 2021, counsel for Plaintiff and Under Armour discussed developments as to the first category of information, reports of sales and other metrics in Under Armour's East and West divisions. According to counsel for both parties, Under Armour had provided responsive information which Plaintiff's counsel is analyzing such that there may not be need for further Court involvement.

Under Armour's counsel represented to the Court that they were attempting to obtain further clarification from their client so as to be able to explain the data already produced. In so doing, Under Armour's counsel hoped to answer Plaintiff's questions and obviate the need for Plaintiff's motion on this issue. Under Armour's counsel requested an additional week to obtain this clarification from their client. Plaintiff's counsel indicated that was an acceptable course. Accordingly, the Court scheduled a status conference before the undersigned for January 14, 2021. [ECF No. 198]. In so doing, the Court directed Under Armour's counsel to report to the Court regarding this issue at this status conference. Accordingly, based on the foregoing, the Plaintiff's motion [ECF No. 159] shall be **HELD IN ABEYANCE** as to the issue of reports of sales and other metrics in Under Armour's East and West divisions. It is so **ORDERED**.

Additionally, at the above-noted hearing on January 7, 2021, counsel for Plaintiff and Under Armour updated the Court as to the second category of information, text messages from phones of current and former Under Armour employees. The issues raised in Plaintiffs motion have been resolved, according to these parties' counsel, except for text messages on the phone of one current Under Armour employee, Megan McClain. Under Armour's counsel indicates that Ms. McClain currently is on parental leave. Once she returns from her leave, Under Armour says it is willing to produce texts from Ms. McClain's phone in response to Plaintiff's discovery

requests. However, Ms. McClain is not scheduled to return from leave until February 2021, at approximately the time of the discovery deadline in this matter.

While Under Armour is reluctant to disturb Plaintiff's leave, Under Armour cites no legal authority that it is prohibited from interrupting Plaintiff's leave for this *de minimus* task. For her part, Plaintiff notes that Ms. McClain is a pivotal witness in this matter and thus the discovery requests here are pressing. At the hearing, in response to questioning from the Court, Under Armour's counsel noted that Under Armour likely had the information technology capability to retrieve texts from Ms. McClain's phone. The undersigned indicated on the record that the Court intended to grant Plaintiff's motion as to this issue. Thus, the undersigned also indicated that Under Armour's counsel must further investigate the means by which such data may be retrieved from the phone. Therefore, the Court directed Under Armour's counsel to report to the Court regarding the same at the status conference on January 14, 2021. Accordingly, based on the foregoing, the Plaintiff's motion [ECF No. 159] shall be **HELD IN ABEYANCE** as to the issue of text messages from phones of current and former Under Armour employees. It is so **ORDERED**.

### III. "TRACKER" SPREADSHEET

Plaintiff seeks a spreadsheet which Under Armour produced internally for the purpose of tracking its employee complaints about the workplace. Under Armour produced a redacted version of the "tracker" but Plaintiff seeks an un-redacted version.

The "tracker" appears to have been created in response to an article published by the Wall Street Journal in November 2018 about Under Armour's corporate culture and employment practices. Under Armour resists producing the entire "tracker" because it contains confidential information, does not reference witnesses identified by the parties, and pertains to workplace complaints other than Plaintiff's. However, Plaintiff points out that the un-redacted "tracker" could

4

be made subject to the Protective Order entered in this matter, and may well lead to the identification of other witnesses and information relevant to Plaintiff's allegations and theory of the case. At the hearing on January 7, 2021, the undersigned directed Under Armour's counsel to provide the un-redacted "tracker" to chambers for an *in camera* review. Under Armour's counsel so provided the document to chambers that same day, and the undersigned has reviewed it.

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) states: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

### B. Analysis and Order

As to the "tracker," the undersigned's *in camera* review indeed reveals that the document might well lead to the identification of witnesses Plaintiff would wish to interview and/or call to testify. Further, the document could bring to light other information germane to Plaintiff's claims concerning Under Armour's employment practice and culture, and such information conceivably may later be admissible. Additionally, investigation of such information could reasonably lead to the discovery of other, admissible evidence. After all, the information summarized is of the sort giving rise to Plaintiff's own claims, and pertains to events which arose in the same general timeframe of events Plaintiff alleges in the matter here. Moreover, the information summarized in the "tracker" is, as Plaintiff points out, of the sort which the undersigned previously ordered to be

produced at a hearing on January 14, 2020. Of course, it is for Plaintiff to decide whether the information contained therein is helpful to her claims or worth pursuing. But as a threshold matter, the Plaintiff should have access to that information so that she and her counsel can make that determination. Importantly, and as Plaintiff emphasizes, the "tracker" could be made subject to the Amended Protective Order previously entered in this case on March 9, 2020. [ECF No 71].

Accordingly, based on the foregoing, the Plaintiff's motion [ECF No. 159] is **GRANTED** as to the "tracker" which is the subject of Plaintiff's motion. It is so **ORDERED**. It is further **ORDERED** that the "tracker" document shall be produced to Plaintiff's counsel **no later than 5:00 p.m. on January 14, 2021**. It is further **ORDERED** that in so producing the "tracker," it shall be designated as "Highly Confidential – Attorneys' Eyes Only" per the Amended Protective Order and subject to the Amended Protective Order. [ECF No. 71].

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: January 12, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE