IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| CYNTHIA D. PAJAK,<br><br>              **Plaintiff,**<br>v.<br><br>UNDER ARMOUR, INC.,<br>UNDER ARMOUR RETAIL, INC.,<br>AND BRIAN BOUCHER,<br><br>              **Defendants.** | Civil Action No. 1:19-CV-160<br>(JUDGE KEELEY) |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE CONFIDENTIAL SETTLEMENT AGREEMENT AND TESTIMONY REGARDING THE SAME [ECF. NO. 168]

This matter is before the undersigned pursuant to a Referral Order [ECF No. 172] entered by Honorable Senior United States District Judge Irene M. Keeley on December 22, 2020. By this Referral Order, Judge Keeley referred Plaintiff's Motion to Compel Defendants to Produce Confidential Settlement Agreement and Testimony Regarding the Same [ECF No. 168] to the undersigned for a hearing and disposition. To this end, the undersigned also is in receipt of Defendant Brian Boucher's response, thereto [ECF No. 186] and Defendant Under Armour Retail, Inc. and Under Armour, Inc.'s response, thereto [ECF No. 187].

The motion came on for a hearing before the undersigned on January 7, 2021. At the hearing, Plaintiff Cynthia D. Pajak appeared by Counsel Larry J. Rector, Esq. and Allison B. Williams, Esq., the Under Armour Defendants appeared by Counsel Justin M. Harrison, Esq. and Grace E. Hurney, Esq., and Defendant Brian Boucher appeared by Counsel Scott H. Kaminski, Esq.

For the reasons stated herein, Plaintiff's Motion to Compel Defendants to Produce Confidential Settlement Agreement and Testimony Regarding the Same [ECF No. 168] is **DENIED** as more fully detailed herein.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Cynthia D. Pajak ("Plaintiff") initiated this action by filing a Complaint on July 16, 2019, in the Circuit Court of Harrison County, West Virginia, alleging wrongful discharge, violations of the West Virginia Human Rights Act, Negligent Hiring, Supervision, and Retention, and Intentional Infliction of Emotional Distress or Tort of Outrage against her former employer, Under Armour, Inc., Under Armour Retail Inc., and her supervisor Brian Boucher ("Defendants"). [ECF No. 1-1 at 3-20]. Plaintiff's claims against the Defendants are rooted in allegations of gender-discrimination and retaliation.

Defendants, Under Armour, Inc., and Under Armour Retail, Inc. (collectively "Under Armour") removed this action from the Circuit Court of Harrison County, West Virginia, to the United States District Court for the Northern District of West Virginia on August 19, 2019. [ECF No. 1].

In the course of a deposition of Defendant Boucher, a former employee of Under Armour, on November 20, 2020, Plaintiff learned of the existence of a dispute between the co-Defendants here, Under Armour and Boucher. In the deposition, Defendant Boucher indicated that these parties had resolved their dispute with a confidential settlement agreement. Apparently, Defendant Boucher's counsel instructed him to not testify as to the terms of the confidential settlement agreement.

Plaintiff then filed her motion to compel production of the confidential settlement agreement and Defendant Boucher's testimony regarding the same. Plaintiff emphasizes the need

2

to review this settlement agreement to determine the terms by which Defendant Boucher left Under Armour's employment, and to determine whether the terms of the settlement agreement implicate Plaintiff or her claims in some way. Defendants, respectively, state that the dispute and its resolution are unrelated to the claims and defenses at issue in the instant matter such that the confidential settlement agreement and testimony concerning the same should be off-limits.

At the above-noted hearing on January 7, 2021, the undersigned directed Defendant Boucher's counsel to provide the confidential settlement agreement to chambers for an *in camera* review. Defendant Boucher's counsel so provided the document to chambers that same day, and the undersigned has reviewed it.

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) states: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. In any event, the threshold provision here is relevance to a claim or defense in the pending matter.

### B. Analysis and Order

The undersigned's *in camera* review of the confidential settlement agreement reveals that the document arises from a dispute of the nature as explained by counsel for the respective Defendants. It was a disagreement concerning location of records and recruitment of employees. It appears the dispute arose in the course of Defendant Boucher's departure from Under Armour,

3

which was months after Plaintiff's employment was terminated. There was no admission of wrongdoing. The dispute and the terms of the settlement agreement have no relation to Plaintiff, her specific claims, or the types of claims and defenses generally at issue here. Moreover, the dispute and the terms of the settlement agreement have no bearing on Defendant Boucher's credibility as to the issues presented in the instant matter. No term of the settlement agreement requires anything of Defendant Boucher with respect to Plaintiff or her claims here. In short, the confidential settlement agreement is not relevant to this matter. Thus, Plaintiff is not entitled to review it, nor is she entitled to further deposition of Defendant Boucher concerning it.

Accordingly, based on the foregoing, the Plaintiff's motion [ECF No. 168] is **DENIED.** It is so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: January 12, 2021.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE