**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

CYNTHIA D. PAJAK,

              Plaintiff,

v.

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

            Defendants.

Civil Action No. 1:19-CV-160
(JUDGE KEELEY)

**MEMORANDUM OPINION AND ORDER DENYING AS MOOT THE REMAINING
ISSUES IN PLAINTIFF'S MOTION TO COMPEL [ECF NO. 159] AS TO THIRD SET
OF DISCOVERY REQUESTS**

This matter is before the undersigned pursuant to a Referral Order [ECF No. 161] entered by Honorable Senior United States District Judge Irene M. Keeley on December 7, 2020. By this Referral Order, Judge Keeley referred Plaintiff's Motion to Compel Defendants Under Armour Inc. and Under Armour Retail, Inc. to Respond to Third Set of Discovery Requests [ECF No. 159] to the undersigned for hearing and disposition.

By prior order dated January 12, 2021 [ECF No. 199], the undersigned Magistrate Judge granted in part, and held in abeyance in part, Plaintiff's motion. The portions of Plaintiff's motion held in abeyance concerned two categories of information: (1) reports of sales and other metrics for Under Armour's East and West regions, and (2) text messages from cell phones of a number of current or former Under Armour employees.

At a hearing before the undersigned on January 7, 2021, counsel for Plaintiff and Under Armour indicated that, as to the first category of information, reports of sales and other metrics for the East and West regions, Under Armour had produced responsive information which Plaintiff was reviewing, such that the issues raised in the motion may be resolved.

1

At this same hearing on January 7, 2021, counsel indicated that, as to the second category of information, the only materials remaining in dispute were the text messages on the mobile phone of one Under Armour employee, Megan McClain. While Under Armour did not necessarily object to producing this information eventually, it hesitated to disturb this employee's parental leave. The undersigned urged Under Armour to produce the information nonetheless.

The undersigned then held a Status Conference on January 14, 2021, as to these two issues. At this Status Conference, counsel for these parties indicated that the issue of reports of sales and other metrics for Under Armour's East and West regions had been resolved. Counsel also indicated that Under Armour was in the process of retrieving the information sought from Ms. McClain's mobile phone. As to the information sought from Ms. McClain's mobile phone, the undersigned noted that if the information was not retrieved timely from Plaintiff's perspective, or if the information ultimately garnered was not what Plaintiff believed to be forthcoming, she could renew her motion.

Accordingly, based on the foregoing, Plaintiff's motion [ECF No. 159] is **DENIED** as moot as to the issues of (1) reports of sales and other metrics for Under Armour's East and West regions, and (2) text messages from cell phones of current or former Under Armour employees. It is so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: January 15, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE