IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

      Plaintiff,

  v.

                                  CIVIL ACTION NO. 1:19-cv-160
                                  JUDGE KEELEY

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

      Defendants.

**DEFENDANTS MOTION FOR PROTECTIVE ORDER
REGARDING PLAINTIFF'S NOTICE OF VIDEOGRAPHIC RULE 30(B)(6)
DEPOSITION OF UNDER ARMOUR, INC. AND UNDER ARMOUR RETAIL, INC.**

      The Defendants, Under Armour, Inc. and Under Armour Retail, Inc. ("Under Armour"), move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to enter a protective order relieving Under Armour of any obligation to designate witnesses and produce documents in response to Plaintiff's Notice of Videographic Rule 30(b)(6) Deposition of Under Armour, Inc. and Under Armour Retail, Inc. [Doc. 170]. As explained below, good cause exits for entry of a protective order because Plaintiff's Rule 30(b)(6) Notice is oppressive and constitutes a form of discovery abuse that is disfavored by federal courts.

    **A.**    **Background**

    1.    The parties have engaged in substantial discovery. Both Under Armour and Plaintiff have served seven sets of discovery requests upon each other. Under Armour has produced more than 3,000 pages of documentation, as well as 20,000 emails and related documents. Several depositions have taken place and the parties have tentatively scheduled several more before the close of discovery on February 15, 2020.

4851-6111-9704

2. On December 18, 2020, and for the first time in this case, Plaintiff provided notice of her intent to depose a corporative representative of Under Armour. [Doc. 170]. A copy of Plaintiff's Rule 30(b)(6) notice is attached at Exhibit A.

3. Plaintiff's Rule 30(b)(6) Notice includes more than 120 separate topics, many of which are not stated with reasonably particularity as required by the Federal Rules of Civil Procedure. *See, e.g.*, Ex. A, Topic 1 (UA's record retention program and related policies effective in 2018 and 2019, including its policies or practices utilizing Relativity as a preservation tool."); Topic 2 ("UA's efforts to locate documents responsive to Plaintiff's Discovery Requests in any form."); Topic 24 ("All information in UA's possession, including any supportive documentation, regarding Ms. Pajak's performance for the years 2013-2018."); Topic 26 ("All information in UA's possession, including any supportive documentation, regarding Ms. Pajak's activities relating to her Performance Improvement Plan."); Topic 34 ("All information concerning the financial performance of the East Region in comparison to the West Region in 2018."); Topic 83 (The identities of all human resources employees who supported Mr. Boucher in managing his subordinates during his employment with UA.")

4. Plaintiff's Rule 30(b)(6) Notice includes a global request for production, requiring Under Armour to produce "all documents and tangible things in the possession, custody or control … which relate" to the topics listed in the Notice. Plaintiff wants Under Armour to make this production during the Rule 30(b)(6) deposition, presumably so Plaintiff can make inquiry regarding these documents. Given the voluminous and generalized nature of the topics identified in Plaintiff's Notice, Under Armour will be required to reproduce every single document and email that has been produced in this case, and engage in a laborious and time-consuming task to see if any additional documents are responsive to Plaintiff's Notice, and then

prepare one or more witnesses to testify about those documents. Plaintiff's request for production, standing alone, is oppressive.

5. A number of the topics identified by Plaintiff seek information that is protected by attorney-client privilege and/or the work product doctrine. *See, e.g.*, Topic 2 ("UA's efforts to locate documents responsive to Plaintiff's Discovery Requests in any form."); Topic 92 ("Information and facts relating to and purportedly supporting each of the 11 affirmative defenses asserted in Under Armour's Answer in this case.").

6. Many of the topics identified by Plaintiff are not relevant to the claims and defenses in this case. *See, e.g.*, Ex. A, Topic 49 ("UA's knowledge and response to any complaints or concerns raised by Dayna Perillo concerning Brian Boucher."); Topic 51 ("UA's knowledge and response to any complaints raised by Matthew Webster concerning Brian Boucher."); Topic 52 ("The contents of any non-disclosure agreement executed by Kim Nickels.") Topic 57 ("The contents to any non-disclosure agreement executed by Angel Yanke."); Topic 58 ("Any dispute, and subsequent settlement agreement, entered into between UA Mr. Boucher and/or Taymax.).

7. Many of the topics identified by Plaintiff are not proportional to the needs, of this case. *See, e.g.*, Ex. A, Topic 12 ("The location of the cellular phone, iPad and laptop issued to and used by Mr. Hanson while employed with UA."); Topic 18 ("The structure of UA's human resources department, including number of employees, names, educational background, and reporting relationships during the period 2017-2019."); Topic 24 ("All information in UA's possession, including any supportive documentation, regarding Ms. Pajak's performance for the years 2013-2018.").

8. Plaintiff's Notice essentially requires Under Armour to marshal all of its factual proof regarding Plaintiff's allegations and Under Armour's defenses. *See, e.g.*, Ex. A, Topic 94 ("All facts in UA's possession upon which it bases its denial of the allegations of Paragraph 6 of the Complaint to the extent the same are denied."); Topic 122 ("The identities of any other UA employees who were terminated for any similar alleged deficiencies to Ms. Pajak set forth in UA's response to Interrogatory No. 3 of "Defendant Under Armour, Inc. and Under Armour Retail, Inc.'s Responses to Plaintiff's First Set of Interrogatories.").

9. The time and cost required for Under Armour to comply with the Notice will be extraordinary, and will likely approximate the time and cost that Under Armour has already expended in responding to Plaintiff's written discovery requests.

10. By letter dated January 15, 2021, Under Armour presented its concerns regarding Plaintiff's Rule 30(b)(6) Notice and offered an alternative approach. Specifically, Under Armour offered to make a Rule 30(b)(6) designee available upon the following conditions: (1) limiting all Rule 30(b)(6) testimony to seven hours; (2) Plaintiff limiting her notice to 20 topics, stated with reasonable particularity; (3) Plaintiff specifically identifying any documents for which she desires corporate testimony; and (4) removing those topics that run afoul of the concerns noted above.

11. To date, Plaintiff has not responded to Under Armour's offer, although the parties are tentatively scheduled to discuss Under Armour's proposal on December January 20, 2021.

12. Under Armour has listed its objections to each topic on the document labeled as Exhibit B to this Motion.

### B. The Law Regarding Rule 30(b)(6) Depositions

4851-6111-9704

Rule 26(c) provides this Court with broad discretion, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (holding the courts have "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required"). This discretion includes orders forbidding the requested discovery altogether. Fed. R. Civ. P. 26(c)(1)(A); *Fonner v. Fairfax Cnty.*, 415 F.3d 325, 331 (4th Cir. 2005) (holding that district court did not abuse its discretion in issuing a protective order precluding an individual's deposition). *See Constellium Rolled Products Ravenswood, LLC v. Rogers*, 2016 WL 10889402 (S.D. W.Va. Oct. 31, 2016).

"A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure." *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CIV10067KPFSN, 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21, 2017) (citing *City of N.Y. v. Fedex Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2016 WL 1718261, at *5 (S.D.N.Y. Apr. 27, 2016) (citing *Dealer Comp. Servs. v. Curry*, No. 12 Civ. 3457 (JMF) (JLC), 2013 U.S. Dist. LEXIS 18315, at *3–4, 2013 WL 499520, at *1 (S.D.N.Y. Feb. 7, 2013)); *see also* Fed. R. Civ. P. 30 Advisory Committee's Note to 2015 Amendment ("Rule 30 is amended in parallel with Rules 31 and 33 to reflect the recognition of proportionality in Rule 26(b)(1)."); *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 WL 2355451, at *5 (S.D.N.Y. May 28, 2013) (utilizing proportionality analysis to determine that defendants must produce Rule 30(b)(6) witness).

1. **Plaintiff seeks to use Rule 30(b)(6) to conduct further oppressive discovery which is not authorized by the Rules of Civil Procedure.**

4851-6111-9704

Rule 30(b)(6) practice is ripe for abuse. For several years, commentators have been calling for reforms to Rule 30(b)(6) practice and to specifically limit discovery disputes that arise from the type of notice that Plaintiff has served here. For example, the Advisory Committee on Civil Rules of the U.S. Courts appointed a Subcommittee to address numerous issues with Rule 30(b)(6), many of which are illustrated by Plaintiff's notice in this case. On May 1, 2017, the Subcommittee noted that Rule 30(b)(6) was not intended "as an all-purpose method of extracting every last piece of information from organizations." *See* Ex. C, Rule 30(b)(6) Subcommittee Advisory Committee on Civil Rules, *Invitation for Comment on Possible Issues Regarding Rule 30(b)(6)*, November 2016. In any event, Rule 30(b)(6) was amended in 2020, going into effect on December 1. The Advisory Committee noted that

> **Particular concerns have included overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses.** This amendment directs the serving party and the named organization to confer before or promptly after the notice or subpoena is served, and to continue conferring as necessary, regarding the number and description of matters for examination and the identity of persons who will testify. At the same time, it may be productive to discuss other matters, such as having the serving party identify in advance of the deposition the documents it intends to use during the deposition, thereby facilitating deposition preparation.

Ex. D, Advisory Committee Notes, Rule 30(b)(6), August 15, 2018, at p. 34, available at https://www.uscourts.gov/sites/default/files/2018-08-15-preliminary_draft_rev._8-22-18_0.pdf (emphasis added). Here, Plaintiff is attempting to use the Rule for that precise purpose, and to shift the burden of omnibus discovery to Under Armour. For that reason alone, a protective order should issue.

2. **Plaintiff's Notice includes topics that are neither relevant nor proportional to the claims and defenses in this case.**

Plaintiff's topics are predominately irrelevant and not proportional to the claims and defenses in this case. "When a party subpoenas a corporation pursuant to F.R.C.P. 30(b)(6), ... '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Albino v. Glob. Equip. USA, Ltd.*, No. 6:14 Civ. 6519 (MAT), 2017 WL 3130380, at *1-2 (W.D.N.Y. July 24, 2017) (quoting *Night Hawk Ltd.* v. *Briarpatch Ltd.*, *LP*, No. 03 Civ. 1382 (RWS), 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003)). "[A]n overly broad [Rule] 30(b)(6) 'notice subjects the noticed party to an impossible task,' because, where it is not possible to 'identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.'" *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07 Civ. 7350 (BSJ) (KNF), 2008 WL 4104015, at *4 (S.D.N.Y. Aug. 28, 2008) (quoting *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000)).

**3.  Topics that seek testimony as to the factual basis of legal theories are improper**.

Courts have held that "a Rule 30(b)(6) witness may not be expected to testify about the factual basis of legal theories." *Sec. & Exch. Comm'n v. Present*, No. CV 14-14692-LTS, 2016 WL 10998439, at *2 (D. Mass. May 12, 2016) (citing Cooper v. Charter Commc'ns, Inc., No. 12-10530-MGM, 2016 WL 128099, at *2 (D. Mass. Jan. 12, 2016) (citing *Neponset Landing Corp. v. The Nw. Mut. Life Ins. Co.*, 279 F.R.D. 59, 61 (D. Mass. 2011)); *see also Goss Intern. Ams., Inc. v. MAN Roland, Inc.*, No. 03-513-SM, 2006 WL 1134930, at *1 (D.N.H. Apr. 28, 2006) (legal contentions are not a proper subject for factual discovery). As a result, Plaintiff's topics that seek corporate testimony regarding the factual basis of Under Armour's legal theories are inappropriate. Further, requesting testimony as to Under Armour's answers in this case is similarly protected under the work product doctrine. *See Securities and Exch. Commn. v. Present*, CV 14-14692-LTS, 2016 WL 10998439, at *3 (D. Mass. May 12, 2016) (a

4851-6111-9704

topic that amounts to "an inquiry by the defense into the reasons why certain allegations were made" and inherently requires questioning into how the plaintiff conducted its investigation and why it made certain allegations regarding the defendant "inappropriately veers into the territory of legal opinion and attorney work product"). It is simply impermissible for a 30(b)(6) notice to ask for testimony regarding legal theories. *See, e.g., Clauss Constr. v. UChicago Argonne LLC*, No. 13-CV-05479, 2015 WL 191138, at *5 (N.D. Ill. Jan. 13, 2015).

To the extent that Plaintiff is seeking testimony regarding the factual underpinnings of documents created by counsel, such topics infringe on work product doctrine. *See Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, 244 F.R.D. 412, 424 (N.D. Ill. 2006) (analysis of documents done by counsel was protected as opinion work product because it contains the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation"); *see also S.E.C. v. SBM Inv. Certificates, Inc.*, CIV A DKC 2006-0866, 2007 WL 609888, at *24 (D. Md. Feb. 23, 2007) (granting motion for protective order where 30(b)(6) topic required witness to be fully prepared by investigating attorneys, including on attorney's opinion work product, which would impermissibly lead to disclosure of attorney work product).

4. **Certain topics that Plaintiff seeks corporate testimony for are unreasonable vehicles by which to discover the information.**

Courts have held that a Rule 30(b)(6) deposition may be an inefficient and unreasonable means of discovering an opponent's factual and legal basis for its claims. *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98-3952, 2000 WL 116082, at * 9 (N.D. Ill. Jan. 24, 2000); *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996). "Even under the present-day liberal discovery rules, [the recipient of a Rule 30(b)(6) request] is

not required to have counsel 'marshall all of its factual proof' and prepare a witness to be able to testify on a given defense or [ ]claim." *In re Indep. Serv. Org. Antitrust Litig.*, 168 F.R.D. at 654.

As explained in *Fid. Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011):

> [I]t is not clear that a 30(b)(6) deposition is the best method for obtaining the information.... The reason is simple—complaints and answers, including affirmative defenses, are drafted by attorneys, and asking a 30(b)(6) witness, usually a nonlawyer, to answer this type of questions after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between "facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension. This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers. And drawing the line between questions which seek to elicit facts and questions which will lead to a revelation of work-product matters can be difficult.

Moreover, a party may also properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discovered through other discovery devices. Indeed, a party may properly resist a Rule 30(b)(6) deposition on the grounds that the information sought is more appropriately discoverable through other discovery devices. *See, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, No. 99-4303 *et al.*, 2004 WL 739959, at *2 (E.D. Pa. March 23, 2004). A number of the topics sought by Plaintiff are better requested as Requests for Production. *See, e.g.*, Topic 18 ("The structure of UA's human resources department, including number of employees, names, educational background, and reporting relationships during the period 2017-2019."); Topic 90 ("Any workers compensation premiums paid by UA relating to employees living or working in West Virginia in 2017 and 2018.").

4851-6111-9704

### D. Certification

The undersigned counsel hereby certifies that Under Armour has attempted to confer in good faith to resolve Under Armour's concerns, and that Under Armour remains available to do so.

WHEREFORE, based on the foregoing, Under Armour, Inc. and Under Armour Retail, Inc. respectfully move this Court to enter a protective order relieving them or any obligation to designate corporate witness testimony or produce responsive documentation in response to Plaintiff's Notice of Videographic Rule 30(b)(6) Deposition of Under Armour, Inc. and Under Armour Retail, Inc.

Respectfully submitted this 19th day of January, 2021.

**UNDER ARMOUR, INC. and**
**UNDER ARMOUR RETAIL, INC.**

By Counsel

*/s/ Justin M. Harrison*
Justin M. Harrison, Esq. (WVSB #9255)
Grace E. Hurney (WVSB # 12751)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1358
Facsimile: (304) 340-1080
justin.harrison@jacksonkelly.com
grace.hurney@jacksonkelly.com

4851-6111-9704

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

    CIVIL ACTION NO. 1:19-cv-160
    JUDGE KEELEY

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

    Defendants.

## CERTIFICATE OF SERVICE

I, Justin M. Harrison, counsel for Under Armour, Inc. and Under Armour Retail, Inc., do certify that on January 19, 2021, I served *"Defendants' Motion for Protective Order Regarding Plaintiff's Notice of Videographic Rule 30(b)(6) Deposition of Under Armour, Inc. and Under Armour Retail, Inc."* upon the following parties and counsel of record, via the CM/ECF system:

Robert M. Steptoe, Jr.
Larry J. Rector
Allison B. Williams
Bonnie J. Thomas
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
***Counsel for Plaintiff***

Scott Kaminski
Kaminski Law, PLLC
Post Office Box 3548
Charleston, West Virginia 25335-3548
***Counsel for Defendant Brian Boucher***

    */s/ Justin M. Harrison*
    Justin M. Harrison, Esq. (WVSB #9255)

4851-6111-9704