# PRELIMINARY DRAFT OF
## Proposed Amendments to the Federal Rules of Appellate, Bankruptcy, and Civil Procedure, and the Federal Rules of Evidence

### Request For Comment

Comments are Sought on Amendments to:

| | |
|---|---|
| Appellate Rules | 35 and 40 |
| Bankruptcy Rules | 2002, 2004, and 8012 |
| Civil Rule | 30 |
| Evidence Rule | 404 |

All Written Comments are Due by February 15, 2019



THE UNITED STATES COURTS

Prepared by the
Committee on Rules of Practice and Procedure of the
Judicial Conference of the United States

AUGUST 2018



EXHIBIT D

COMMITTEE ON RULES OF PRACTICE AND PROCEDURE
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
WASHINGTON, D.C. 20544

**DAVID G. CAMPBELL**
CHAIR

**REBECCA A. WOMELDORF**
SECRETARY

CHAIRS OF ADVISORY COMMITTEES

**MICHAEL A. CHAGARES**
APPELLATE RULES

**SANDRA SEGAL IKUTA**
BANKRUPTCY RULES

**JOHN D. BATES**
CIVIL RULES

**DONALD W. MOLLOY**
CRIMINAL RULES

**DEBRA ANN LIVINGSTON**
EVIDENCE RULES

# M E M O R A N D U M

TO: THE BENCH, BAR, AND PUBLIC

FROM: **Honorable David G. Campbell, Chair**
**Committee on Rules of Practice and Procedure**

DATE: **August 15, 2018**

RE: **Request for Comments on Proposed Rules Amendments**

The Judicial Conference Advisory Committees on Appellate, Bankruptcy, Civil, and Evidence Rules have proposed amendments to their respective rules, and requested that the proposals be circulated to the bench, bar, and public for comment. The proposed amendments, advisory committee reports, and other information are attached and posted on the Judiciary's website at:

http://www.uscourts.gov/rules-policies/proposed-amendments-published-public-comment

## Opportunity for Public Comment

All comments on these proposed amendments will be carefully considered by the advisory committees, which are composed of experienced trial and appellate lawyers, judges, and scholars. Please provide any comments on the proposed amendments, whether favorable, adverse, or otherwise, as soon as possible, but **no later than Friday, February 15, 2019**. All comments are made part of the official record and are available to the public.

Memorandum to the Bench, Bar, and Public
August 15, 2018
Page 2

      Comments concerning the proposed amendments must be submitted electronically by following the instructions at:

    http://www.uscourts.gov/rules-policies/proposed-amendments-published-public-comment

      Members of the public who wish to present testimony may appear at public hearings on these proposals. The advisory committees will hold hearings on the proposed amendments on the following dates:

- Appellate Rules in Washington, DC, on October 26, 2018, and in Phoenix, Arizona, on January 4, 2019;
- Bankruptcy Rules in Washington, DC, on January 10, 2019, and in Kansas City, Missouri, on January 24, 2019;
- Civil Rules in Phoenix, Arizona, on January 4, 2019, and in Washington, DC, on February 8, 2019; and
- Evidence Rules in Phoenix, Arizona, on January 4, 2019, and in Washington, DC, on January 18, 2019.

      If you wish to testify, you must notify the Committee **at least 30 days before the scheduled hearing**. Requests to testify should be emailed to the Secretary of the Committee on Rules of Practice and Procedure at: RulesCommittee_Secretary@ao.uscourts.gov.

      At this time, the Committee on Rules of Practice and Procedure has approved these proposed amendments only for publication and comment. The proposed amendments have not been submitted to or considered by the Judicial Conference or the Supreme Court. After the public comment period, the advisory committees will decide whether to submit the proposed amendments to the Committee on Rules of Practice and Procedure for approval in accordance with the Rules Enabling Act.

      If approved, with or without revision, by the relevant advisory committee, the Committee on Rules of Practice and Procedure, the Judicial Conference, and the Supreme Court, the proposed amendments would become effective on December 1, 2020, if Congress does not act to defer, modify, or reject them.

      If you have questions about the rulemaking process or pending rules amendments, please contact the Rules Committee Staff at 202-502-1820 or visit:

    http://www.uscourts.gov/rules-policies

**TABLE OF CONTENTS**

Page

**PART I:  FEDERAL RULES OF APPELLATE PROCEDURE**

Excerpt of Memorandum from Judge Michael A. Chagares, Chair, Advisory Committee on Appellate Rules, to Judge David G. Campbell, Chair, Committee on Rules of Practice and Procedure (May 22, 2018) ............................................ 7

Rule 35.       En banc Determination ............................................. 9

Rule 40.       Petition for Panel Rehearing .................................... 11

**PART II:  FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Excerpt of Memorandum from Judge Sandra Segal Ikuta, Chair, Advisory Committee on Bankruptcy Rules, to Judge David G. Campbell, Chair, Committee on Rules of Practice and Procedure (May 21, 2018) .......................................... 13

Rule 2002.    Notices to Creditors, Equity Security Holders, Administrators in Foreign Proceedings, Persons Against Whom Provisional Relief is Sought in Ancillary and Other Cross-Border Cases, United States, and United States Trustee ................ 19

Rule 2004.    Examination .......................................................... 25

Rule 8012.    Corporate Disclosure Statement ............................. 27

**PART III:  FEDERAL RULES OF CIVIL PROCEDURE**

Excerpt of Memorandum from Judge John D. Bates, Chair, Advisory Committee on Civil Rules, to Judge David G. Campbell, Chair, Committee on Rules of Practice and Procedure (May 11, 2018) (revised August 2, 2018) ....................................... 31

Rule 30.       Depositions by Oral Examination ............................ 35

## TABLE OF CONTENTS

Page

**PART IV:    FEDERAL RULES OF EVIDENCE**

Excerpt of Memorandum from Judge Debra Ann Livingston, Chair, Advisory Committee on Evidence Rules, to Judge David G. Campbell, Chair, Committee on Rules of Practice and Procedure (May 14, 2018) (revised July 16, 2018) .... 39

Rule 404.    Character Evidence; Crimes or Other Acts............. 43

**APPENDIX:**

Procedures for the Judicial Conference's Committee on Rules of Practice and Procedure and Its Advisory Rules Committees ..... 47

**Excerpt from the May 11, 2018 Report of the Advisory Committee on Civil Rules
(revised August 2, 2018)**

COMMITTEE ON RULES OF PRACTICE AND PROCEDURE
OF THE
JUDICIAL CONFERENCE OF THE UNITED STATES
WASHINGTON, D.C. 20544

**DAVID G. CAMPBELL**
CHAIR

**REBECCA A. WOMELDORF**
SECRETARY

CHAIRS OF ADVISORY COMMITTEES

**MICHAEL A. CHAGARES**
APPELLATE RULES

**SANDRA SEGAL IKUTA**
BANKRUPTCY RULES

**JOHN D. BATES**
CIVIL RULES

**DONALD W. MOLLOY**
CRIMINAL RULES

**DEBRA ANN LIVINGSTON**
EVIDENCE RULES

### MEMORANDUM

**TO:** Hon. David G. Campbell, Chair
Committee on Rules of Practice and Procedure

**FROM:** Hon. John D. Bates, Chair
Advisory Committee on Civil Rules

**RE:** Report of the Advisory Committee on Civil Rules

**DATE:** May 11, 2018 (revised August 2, 2018)

___

*Introduction*

The Civil Rules Advisory Committee met in Philadelphia, Pennsylvania, on April 10, 2018. * * * * *

Part I of this Report submits a recommendation to publish for comment a proposal to improve the procedure for taking depositions of an organization under Rule 30(b)(6). A Subcommittee has been working on this subject for two years.

\* \* \* \* \*

### I. Action Item

### Rule 30(b)(6): Duty to Confer

The Advisory Committee on Civil Rules proposes that the preliminary draft of an amendment to Rule 30(b)(6), with accompanying Committee Note, be published for public comment. The proposed amendment and Note are presented below.

**Excerpt from the May 11, 2018 Report of the Advisory Committee on Civil Rules**
**(revised August 2, 2018)**

The preliminary draft was developed by the Advisory Committee's Rule 30(b)(6) Subcommittee, which was formed in April 2016 in response to a number of submissions proposing consideration of a variety of changes to the rule. Initially, the Subcommittee considered several changes that were introduced to the Standing Committee during its January 2017 meeting. After further consideration, that list of possible rule changes was pared back to six specific possible amendment ideas.

The Subcommittee then invited comment on these items. Over 100 comments were submitted, many of them very detailed and thoughtful. At the Standing Committee's June 2017 meeting, an interim report on the invitation for comment was made. The agenda book for the Standing Committee's January 2018 meeting included a detailed summary of those comments.

After receiving this commentary, the Subcommittee resumed discussion of ways to deal with Rule 30(b)(6) issues. Eventually it concluded that the most productive method of improving practice under the rule would be to require the parties to confer in good faith about the matters for examination. Much of the commentary it had received indicated that such conferences often provide a method for avoiding and resolving problems. Requiring the parties to confer therefore holds promise as a way to address the difficulties cited by those who urged amending the rule.

At its November 2017 meeting, the Advisory Committee discussed this proposal. That discussion suggested that the rule should make it clear that the requirement to confer in good faith is bilateral — it applies to the responding organization as well as to the noticing party — and also raised the possibility that the rule require that the parties confer about the identity of the witnesses to testify. The Subcommittee met by conference call after that meeting to address concerns raised by the Advisory Committee.

At the Standing Committee's January 2018 meeting, there was discussion of the evolving Rule 30(b)(6) proposal to require the parties to confer, including the possibility (raised during the Advisory Committee meeting) that the identity of the witnesses be added to the list of topics for discussion. There was also discussion of the possibility of providing in the rule that additional matters be mandatory topics for discussion.

After the Standing Committee's meeting, the Subcommittee again met by conference call. * * * * * The Subcommittee worried that adding topics to the mandatory list for discussion might generate disputes rather than avoid them. Another concern was that adding to the list of mandatory topics could build in delay. The eventual resolution was not to expand the list of mandatory topics beyond the number and description of the matters for examination and the identity of the designated witnesses.

The Subcommittee also considered adding a reference to Rule 30(b)(6) in the Rule 26(f) conference list of topics. There was considerable sentiment on the Subcommittee not to introduce this topic at the early point when the Rule 26(f) conference is to occur because, in most cases, it is too early for the parties to be specific about such depositions. Nonetheless, the consensus was to present the possibility of publishing a possible change to Rule 26(f) to the full Advisory Committee, in case that seemed desirable should public comment strongly favor such a change. The Subcommittee would not recommend that course, however.

**Excerpt from the May 11, 2018 Report of the Advisory Committee on Civil Rules**
**(revised August 2, 2018)**

At its April 2018 meeting, the Advisory Committee considered the Subcommittee's recommendation that a Rule 30(b)(6) preliminary draft be published for comment. The discussion considered the addition of the identity of the witness or witnesses to the list of topics for conferring and the risk that some might interpret that as requiring that the organization obtain the noticing party's approval of the organization's selection of its witness. The proposed amendment, however, carries forward the present rule text stating that the named organization must designate the persons to testify on its behalf. The Committee Note affirms that the choice of the designees is ultimately the choice of the organization. The Advisory Committee resolved to retain the identity of the witnesses as a topic for discussion.

A different concern voiced at the Advisory Committee's meeting was that the draft, as then written, might be interpreted to suggest that a single conference would satisfy the requirement to confer, which could prove particularly problematical with the addition of the identity of the witnesses as a required topic. Instead, it is likely that the process of conferring will be iterative. To reflect that reality, the rule text was amended to add the phrase "and continuing as necessary" to the rule. This addition recognizes that often a single interaction will not suffice to satisfy the obligation to confer in good faith. With that change, the Advisory Committee voted to recommend publication of the preliminary draft rule presented below for public comment.

Regarding the possibility of publishing a draft amendment to Rule 26(f), there was no support on the Advisory Committee for doing so, and accordingly that idea is not part of this recommendation to the Standing Committee.

After the Advisory Committee's meeting, a revised Committee Note reflecting the addition the Advisory Committee made to the rule was circulated to the Advisory Committee, which voted on it by email. With refinements to that Note, the Advisory Committee brings forward the following preliminary draft with the proposal that it be published for public comment.

\* \* \* \* \*

**Rule 30.  Depositions by Oral Examination**

\* \* \* \* \*

**(b)**     **Notice of the Deposition; Other Formal Requirements.**

\* \* \* \* \*

**(6)**     *Notice or Subpoena Directed to an Organization.*  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must ~~then~~ designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. <u>Before or promptly after the notice or subpoena is served, and continuing as necessary, the serving party and the</u>

- 33 -

<u>organization must confer in good faith about the number and description of the matters for examination and the identity of each person the organization will designate to testify.</u> A subpoena must advise a nonparty organization of its duty to make this designation <u>and to confer with the serving party</u>. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

\* \* \* \* \*

**Draft Committee Note**

Rule 30(b)(6) is amended to respond to problems that have emerged in some cases. Particular concerns have included overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses. This amendment directs the serving party and the named organization to confer before or promptly after the notice or subpoena is served, and to continue conferring as necessary, regarding the number and description of matters for examination and the identity of persons who will testify. At the same time, it may be productive to discuss other matters, such as having the serving party identify in advance of the deposition the documents it intends to use during the deposition, thereby facilitating deposition preparation. The amendment also requires that a subpoena notify a nonparty organization of its duty to confer and to designate one or more witnesses to testify. It facilitates collaborative efforts to achieve the proportionality goals of the 2015 amendments to Rules 1 and 26(b)(1).

Candid exchanges about discovery goals and organizational information structure may reduce the difficulty of identifying the right person to testify and the materials needed to prepare that person. Discussion of the number and description of topics may avoid unnecessary burdens. Although the named organization ultimately has the right to select its designees, discussion about the identity of persons to be designated to testify may avoid later disputes. It may be productive also to discuss "process" issues, such as the timing and location of the deposition.

The amended rule directs that the parties confer either before or promptly after the notice or subpoena is served. If they begin to confer before service, the discussion may be more productive if the serving party provides a draft of the proposed list of matters for examination, which may then be refined as the parties confer. The rule recognizes that the process of conferring will often be iterative, and that a single conference may not suffice. For example, the organization may be in a position to discuss the identity of the person or persons to testify only after the matters for examination have been delineated. The obligation is to confer in good faith, consistent with Rule 1, and the amendment does not require the parties to reach agreement. The duty to confer continues if needed to fulfill the requirement of good faith. But the conference process must be completed a reasonable time before the deposition is scheduled to occur.

When the need for a Rule 30(b)(6) deposition is known early in the case, the Rule 26(f) conference may provide an occasion for beginning discussion of these topics. In appropriate cases, it may also be helpful to include reference to Rule 30(b)(6) depositions in the discovery plan submitted to the court under Rule 26(f)(3) and in the matters considered at a pretrial conference under Rule 16.

\* \* \* \* \*

**PROPOSED AMENDMENTS TO THE
FEDERAL RULES OF CIVIL PROCEDURE**[1]

1  **Rule 30.  Depositions by Oral Examination**

2  \* \* \* \* \*

3  **(b)  Notice of the Deposition; Other Formal
4  Requirements.**

5  \* \* \* \* \*

6  **(6)** *Notice or Subpoena Directed to an*
7  *Organization.*  In its notice or subpoena, a party
8  may name as the deponent a public or private
9  corporation, a partnership, an association, a
10  governmental agency, or other entity and must
11  describe with reasonable particularity the matters
12  for examination.  The named organization must
13  ~~then~~ designate one or more officers, directors, or
14  managing agents, or designate other persons who

---

[1] New material is underlined in red; matter to be omitted is lined through.

| | 2 | FEDERAL RULES OF CIVIL PROCEDURE |
|---|---|---|

15  consent to testify on its behalf; and it may set out

16  the matters on which each person designated will

17  testify.  Before or promptly after the notice or

18  subpoena is served, and continuing as necessary,

19  the serving party and the organization must

20  confer in good faith about the number and

21  description of the matters for examination and

22  the identity of each person the organization will

23  designate to testify.  A subpoena must advise a

24  nonparty organization of its duty to make this

25  designation and to confer with the serving party.

26  The persons designated must testify about

27  information known or reasonably available to the

28  organization.  This paragraph (6) does not

29  preclude a deposition by any other procedure

30  allowed by these rules.

31                           * * * * *

FEDERAL RULES OF CIVIL PROCEDURE            3

## Committee Note

Rule 30(b)(6) is amended to respond to problems that have emerged in some cases. Particular concerns have included overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses. This amendment directs the serving party and the named organization to confer before or promptly after the notice or subpoena is served, and to continue conferring as necessary, regarding the number and description of matters for examination and the identity of persons who will testify. At the same time, it may be productive to discuss other matters, such as having the serving party identify in advance of the deposition the documents it intends to use during the deposition, thereby facilitating deposition preparation. The amendment also requires that a subpoena notify a nonparty organization of its duty to confer and to designate one or more witnesses to testify. It facilitates collaborative efforts to achieve the proportionality goals of the 2015 amendments to Rules 1 and 26(b)(1).

Candid exchanges about discovery goals and organizational information structure may reduce the difficulty of identifying the right person to testify and the materials needed to prepare that person. Discussion of the number and description of topics may avoid unnecessary burdens. Although the named organization ultimately has the right to select its designees, discussion about the identity of persons to be designated to testify may avoid later disputes. It may be productive also to discuss "process" issues, such as the timing and location of the deposition.

4       FEDERAL RULES OF CIVIL PROCEDURE

The amended rule directs that the parties confer either before or promptly after the notice or subpoena is served. If they begin to confer before service, the discussion may be more productive if the serving party provides a draft of the proposed list of matters for examination, which may then be refined as the parties confer. The rule recognizes that the process of conferring will often be iterative, and that a single conference may not suffice. For example, the organization may be in a position to discuss the identity of the person or persons to testify only after the matters for examination have been delineated. The obligation is to confer in good faith, consistent with Rule 1, and the amendment does not require the parties to reach agreement. The duty to confer continues if needed to fulfill the requirement of good faith. But the conference process must be completed a reasonable time before the deposition is scheduled to occur.

When the need for a Rule 30(b)(6) deposition is known early in the case, the Rule 26(f) conference may provide an occasion for beginning discussion of these topics. In appropriate cases, it may also be helpful to include reference to Rule 30(b)(6) depositions in the discovery plan submitted to the court under Rule 26(f)(3) and in the matters considered at a pretrial conference under Rule 16.