IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                                      Civil Action No. 1:19-CV-160
                                                           **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS UNDER ARMOUR INC. AND UNDER ARMOUR RETAIL, INC. TO PRODUCE BRIAN BOUCHER'S DEVICES FOR INSPECTION [ECF NO. 217]

Presently pending before the Court is Plaintiff's Motion to Compel Under Armour Inc. and Under Armour Retail, Inc. ("Under Armour") to Produce Brian Boucher's ("Boucher") Devices for Inspection [ECF NO. 217], filed on January 20, 2021. The Court also is in receipt of Under Armour's response in opposition, thereto, [ECF No. 225], filed on January 22, 2021.

By Order [ECF No. 220] dated January 20, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On January 25, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other pending motions referred in this matter, and took the parties' arguments under advisement. The undersigned Magistrate Judge conducted a follow-up Status Conference as to the subject motion and other referred matters on January 29, 2021.

Plaintiff wishes to inspect three electronic devices of Boucher, a party-defendant in this matter, which were issued to him during his tenure as an employee at Under Armour. Specifically, Plaintiff wishes to inspect an iPad, an iPhone, and a laptop computer. Plaintiff takes some issue with how data may have been "wiped" from one or more of these devices upon Boucher's departure from Under Armour and his return of the devices to Under Armour. Thus, Plaintiff seems to seek not just information which would be conventional to a layperson, but also forensic data to ascertain date stamps of when data may have been erased and by whom. Further, Plaintiff seeks access to any information or files in any "cloud" to which these devices are tied.

At the hearing before the undersigned on January 25, 2021, Under Armour's counsel represented that Boucher's iPhone had been imaged, such that there is some, albeit not much, responsive information to provide to Plaintiff. Specifically, Under Armour indicated that the only discoverable information is a text message received from Joey McKenna; the other texts are either between Boucher and his wife or daughter, or Boucher and legal counsel. Under Armour's counsel further stated that Under Armour would conduct a search of Boucher's laptop which is tailored to Plaintiff's requests. Finally, counsel said that Boucher never used the iPad in question.

At the hearing of January 25, 2021, the undersigned directed counsel for Plaintiff and Under Armour to marshal their respective IT experts to communicate with one another about what would be possible in terms of inspecting these devices and determining if there is information responsive to Plaintiff's requests. Further, the undersigned urged counsel at least report back to the Court as to what their IT experts ascertained, if not make their IT experts available for the Status Conference, noted above, on January 29, 2021.

At the Status Conference on January 29, 2021, neither side made their IT expert available. However, Under Armour's counsel reported that their IT expert found no forensic data on the

iPhone or the laptop to determine when data may have been deleted. As for information in any "cloud" to which Boucher's devices may have been tied or which Boucher may have been created, Boucher's counsel represented to the Court that Boucher did not use a personal cloud; Under Armour's counsel said that Under Armour did not maintain a cloud for Boucher. To this end, the undersigned **DIRECTED** Boucher's counsel to follow up with his client to ascertain whether Boucher possesses an Apple ID for access to any pertinent cloud here, and if Boucher does, to obtain his client's authorization to allow Plaintiff to access the same.

As a result, the undersigned directed that Under Armour make available to Plaintiff's IT expert the three devices in question, with Plaintiff's expert to travel to Under Armour's location in or near Baltimore, Maryland, at a time and in a location to be arranged between the parties and their counsel. Thus, to the extent which Plaintiff's motion seeks access to the electronic devices in question for forensic analysis, said motion is **GRANTED**.

Further, to the extent which Plaintiff seeks the single text message from the iPhone in question which Under Armour says is responsive to Plaintiff's requests, and Under Armour has not already provided it, Plaintiff's motion is **GRANTED**. To the extent which Plaintiff seeks additional information from the iPhone in question, aside from the permissible forensic analysis permitted above, her motion is **DENIED**. To the extent which Under Armour has information on or from Boucher's laptop, not privileged, and irrespective of a forensic inspection of it, responsive to Plaintiff's requests, Plaintiff's motion is **GRANTED**.

It is all so **ORDERED**.

Accordingly, based on the foregoing, Plaintiff's motion [ECF No. 217] is hereby **GRANTED**. It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: February 1, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE