IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                          **Civil Action No. 1:19-CV-160**
                                                        **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S NOTICE OF VIDEOGRAPHIC RULE 30(b)(6) DEPOSITION OF UNDER ARMOUR, INC. AND UNDER ARMOUR RETAIL, INC. [ECF NO. 212]

Presently pending before the Court is Defendant's Motion for Protective Order Regarding Plaintiff's Notice of Videographic Rule 30(b)(6) Deposition of Under Armour, Inc. and Under Armour Retail, Inc. ("Under Armour") [ECF NO. 212], filed on January 19, 2021. The Court also is in receipt of Plaintiff's response in opposition, thereto, [ECF No. 224], filed on January 22, 2021.

By Order [ECF No. 219] dated January 20, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On January 25, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other pending motions referred in this matter, and took the parties' arguments under advisement. The undersigned Magistrate Judge conducted a follow-up Status Conference as to the subject motion and other referred matters on January 29, 2021.

Under Armour complains that Plaintiff has propounded a notice under Fed. R. Civ. P. 30(b)(6) which is too broad and pertains to subjects too numerous for Under Armour to reasonably prepare and respond. Under Armour emphasizes that Plaintiff proposes 122 areas of inquiry, that multiple witnesses will be required to address the topics which are specified in the notice, and that the discovery deadline is looming.

Plaintiff emphasizes the following: that it took approximately one year to obtain electronic discovery from Under Armour; that follow-up discovery requests were necessary; and that only then could Plaintiff put forth a Rule 30(b)(6) notice with some sort of detail and specificity. Plaintiff also complains that Under Armour then waited approximately one month before objecting to the Rule 30(b)(6) notice, thereby letting precious time pass under the Scheduling Order to conduct discovery before discovery cutoff. Moreover, Plaintiff argues, convincingly, that although the areas of specific inquiry may be numerous, they fairly may be grouped into a smaller number of areas of inquiry. In other words, says Plaintiff, the areas of inquiry are not wholly separate and distinct, but rather are subsets of a smaller number of areas of inquiry. It is not lost on the undersigned that, given the tenor of discovery disputes in this matter, Under Armour may well have objected if Plaintiff's areas of inquiry had been broader, fewer in number, and thus subject to challenge for vagueness and lack of particularity. In fact, and as noted to counsel during the aforementioned Status Conference, Plaintiff's areas of inquiry read to the undersigned like a list of questions in preparation for a deposition, and may actually demonstrate transparency and specificity in aid of Under Armour's preparation for examination of its Rule 30(b)(6) witness(es).

While Under Armour objects to certain areas of inquiry potentially treading on the attorney-client privilege or contravening the work-product doctrine, Plaintiff in her response assures that she is not aiming to obtain such information. Moreover, Plaintiff states that she is in

search of factual information, not counsel's mental impressions or work product. To that end, the Court would expect that Under Armour would be eminently capable of making necessary objection and instruction during Rule 30(b)(6) depositions should Plaintiff's counsel stray from permissible lines of questioning in this regard.

To be sure, the undersigned is sensitive to Rule 30(b)(6) processes being subject to the limitations set forth in Rule 26 as to relevance. But Under Armour cannot avoid producing necessary Rule 30(b)(6) witness(es) altogether. It should have anticipated producing such witness testimony from the outset of this litigation, and cannot rely on the impending discovery deadline to escape the obligation. And to be clear, based upon a helpful summary/update of which Under Armour provided to the undersigned's chambers prior to the January 29, 2019 Status Conference, it seems as if the parties here are making at least some strides toward agreement as to some topics or areas of inquiry.

Accordingly, based on the foregoing, Under Armour's motion [ECF No. 212] is hereby **DENIED**. It is so **ORDERED**. Further, as indicated during the aforementioned Status Conference on January 29, 2021, Under Armour plans to challenge the undersigned's decision here. Accordingly, it is further **ORDERED** that relief granted in this Order shall be **STAYED** until **February 3, 2021** so as to provide Under Armour an opportunity to lodge objections as to the same with the presiding District Judge. Notwithstanding the foregoing, and as noted during the January 29, 2021 Status Conference, despite this stay, **the parties are DIRECTED to schedule and proceed with Rule 30(b)(6) deposition(s) under the scope ordered herein unless and until the presiding District Judge orders otherwise.**

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: February 1, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE