IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                                                             **Civil Action No. 1:19-CV-160**
                                                                        **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT UNDER ARMOUR RETAIL, INC.'S MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF EMAILS AND TEXT MESSAGES AND MOTION FOR LEAVE TO SERVE SUBPOENA ON JONATHAN PAJAK [ECF NO. 202]

Presently pending before the Court is Defendant Under Armour Retail, Inc.'s ("Under Armour") Motion to Compel Plaintiff's Production of Emails and Text Messages and Motion for Leave to Serve Subpoena on Jonathan Pajak [ECF NO. 202], filed on January 13, 2021. The Court also is in receipt of Plaintiff's response in opposition, thereto, [ECF No. 210], filed on January 19, 2021, as well as an Exhibit provided by Under Armour in support of its motion. [ECF No. 227].

By Order [ECF No. 209] dated January 19, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On January 25, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other pending motions referred in this matter, and took the parties' arguments under advisement. The undersigned Magistrate Judge conducted a follow-up Status Conference as to the subject motion and other referred matters on January 29, 2021.

Under Armour seeks two forms of relief, namely, (1) an order compelling Plaintiff to produce certain emails and text messages exchanged with her spouse, Jonathan Pajak, and (2) an order granting Under Armour permission to serve a subpoena duces tecum upon Jonathan Pajak seeking certain emails, text messages, and other digital communications between Mr. Pajak and Plaintiff, counsel, and others.

In support of its motion to compel, Under Armour argues that Plaintiff acknowledges that she traded messages with her spouse concerning her employment and that her spouse aided her with her job search after Under Armour terminated Plaintiff's employment. In other words, for Under Armour, the mere fact that Plaintiff's job was the subject of communications with her spouse makes them fair game. Under Armour also argues that Plaintiff has identified her spouse as a witness who would testify at trial, such that these communications should be produced. Under Armour also cites various of its internal policies under which it claims Plaintiff waived any expectation of privacy in such communications with her spouse. Finally, Under Armour points out that it provided search terms for the communications sought so as to narrow the material produced, and thus does not seek <u>all</u> communications between the Pajaks.

In response, Plaintiff argues that communications sought are protected by the marital confidence privilege, such that neither Plaintiff, by operation of the motion to compel, nor her spouse, by operation of the subpoena duces tecum, should be compelled to produce them. Moreover, as to the subpoena duces tecum, Plaintiff points out that it would seek communications between Mr. Pajak and a number of individuals affiliated with the Steptoe & Johnson, PLLC law firm, which are protected by the attorney-client privilege because they pertain to legal advice which Mr. Pajak sought from the firm.[1]

---

[1] It appears that the subpoena duces tecum may also seek communications from additional persons who are neither Mr. Pajak's spouse nor affiliated with Steptoe & Johnson PLLC. As to those persons, it does not

Under the Federal Rules of Evidence, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. In West Virginia, state statute sets forth the marital confidence privilege:

> Neither husband nor wife shall, without the consent of the other, be examined in any case as to any confidential communication made by one to the other while married, nor shall either be permitted, without such consent, to reveal in testimony after the marriage relation ceases any such communication made while the marriage existed.

W. Va. Code § 57-3-4. Here, the communications at issue appear to have been made during the course of the Pajaks' marriage, and were made only between the two spouses and not in the presence of others or intended to be so disclosed.

During the above-noted hearing on January 25, 2021, counsel for the parties clarified that Plaintiff communicated on two devices: (1) a smartphone which Plaintiff purchased and brought with her to the position with Under Armour, for which Under Armour paid the monthly bill during the term of Plaintiff's employment, and which Plaintiff retained upon her termination from Under Armour, and (2) a smartphone which Plaintiff obtained on her own after her termination from Under Armour, and for which she paid the monthly bill.

While Under Armour cites its policies about usage of electronic devices and lack of expectation of privacy in them, the undersigned finds the argument unavailing. After all, as Plaintiff rightly points out, Under Armour cannot point to anything about such communications which were created on Under Armour's behalf or for conducting Under Armour's business. Moreover, according to Plaintiff's counsel, Mr. Pajak's testimony at trial would center on questions of damages, not liability. The supplemental exhibit which Under Armour provided to

---

appear that Plaintiff argues about the applicability of a privilege and does not object to the subpoena duces tecum as to those persons. See ECF No. 210 at 2, n. 2. Thus, to the extent which the subpoena duces tecum would seek such communications not in dispute, the Court need not render a decision.

the Court [ECF No. 227] pertains to employees' use of electronic devices, costs related thereto, and privacy therein. However, in the undersigned's review of the same, nothing about it should operate to abrogate the marital confidence privilege. In fact, the last line of the policy provides "This policy is not intended to restrict communications or actions protected or required by state or federal law."

Regardless of the purpose of Mr. Pajak's testimony, the communications appear to have been created in reliance upon the marital relationship, with no intent or expectation that third parties would view them, and with no bearing whatsoever on Under Armour's business operations. As the Fourth Circuit has pointed out, in a decision cited by both Plaintiff and Under Armour here, email "plays a ubiquitous role in daily communications" such that the Court "caution[s] against lightly finding waiver of marital privilege by email usage." U.S. v. Hamilton, 701 F.3d 404, 408 (4th Cir. 2012). The undersigned would make the same observation as to text messages. Just because Under Armour may have devised rather broad policies as to employees' use of electronic devices, it should not, by mere declaration, be able to eviscerate something as sacrosanct as private communications between spouses in reliance on their marriage. After all, in the undersigned's review of these policies, the policies appear to be to protect Under Armour's business operations, and the communications in question here would have nothing to do with that.

Accordingly, based on the foregoing, Under Armour's motion [ECF No. 202] is hereby **DENIED**. It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: February 1, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE