IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                            **Civil Action No. 1:19-CV-160**
                                                  **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS UNDER ARMOUR INC. AND UNDER ARMOUR RETAIL, INC.
TO RESPOND TO FOURTH SET OF DISCOVERY REQUESTS [ECF NO. 213]**

Presently pending before the Court is Plaintiff's Motion to Compel Defendants Under Armour Inc. and Under Armour Retail, Inc. ("Under Armour") to Respond to Fourth Set of Discovery Requests [ECF No. 213], filed on January 20, 2021. The Court also is in receipt of Under Armour's response in opposition, thereto, [ECF No. 226], filed on January 22, 2021.

By Order [ECF No. 219] dated January 20, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On January 25, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other pending motions referred in this matter, and took the parties' arguments under advisement. Per discussions at the hearing on January 25, 2021, the Court then received an e-mail transmission from Plaintiff's counsel on January 26, 2021 providing certain information pertaining to employee performance evaluations. Moreover, as discussed during the hearing on January 25,

2021, the Court received e-mail correspondence from Under Armour's counsel dated January 27, 2021 summarizing certain information provided for the Court's *in camera* review and/or clarifying that Under Armour has no responsive information as to certain of Plaintiff's Requests for Production ("RFP"). The undersigned Magistrate Judge conducted a follow-up Status Conference as to the subject motion and other referred matters on January 29, 2021.

This motion pertains to a number of RFPs which Plaintiff propounded on Under Armour, and which the Court addresses in turn and for which the Court notes its disposition as to each.

RFP 1 – Notes Plaintiff created. After detailed inquiry, Under Armour represented to the Court that it has no responsive information to this request. During the aforementioned proceedings, the Court indicated that preservation of any data (or lack thereof) is fairly the subject of an inquiry of Under Armour's Rule 30(b)(6) witness. But, accordingly, to the extent there is no responsive information, Plaintiff's motion here is **DENIED as moot**.

RFP 3 – Investor Relations publications. After detailed inquiry, Under Armour represented to the Court that it has no responsive information to this request. During the aforementioned proceedings, Under Armour indicated that it would supplement its response here to state as much. Accordingly, to the extent there is no responsive information, Plaintiff's motion here is **DENIED as moot.**

RFP 8 – agendas, presentations, notes for Regional Calls. Under Armour represented to the Court that it has provided responsive information to Plaintiff's counsel. Accordingly, to the extent information now has been provided, Plaintiff's motion here is **DENIED as moot.**

RFP 9 – reservation of rights letter. Under Armour's counsel indicated to the Court that it would provide excerpts from such a letter containing responsive information to Plaintiff's counsel.

Accordingly, to the extent information now has been or will be provided, Plaintiff's motion here is **DENIED as moot.**

RFP 20 – Documents regarding sexual harassment complaint. Under Armour indicated that it has no responsive information to this request. Accordingly, to the extent there is no responsive information, Plaintiff's motion here is **DENIED as moot.**

RFP 23 – analytics from the "dashboard." For the reasons stated on the record during the Status Conference on January 29, 2021, Plaintiff's motion here is **GRANTED**. However, as to this information, it is **ORDERED** that in so producing the information, it shall be designated as "Highly Confidential – Attorneys' Eyes Only" per the Amended Protective Order and subject to the Amended Protective Order. [ECF No. 71].

RFP 25 – performance evaluations for Shea Louie. For the reasons stated on the record during the Status Conference on January 29, 2021, Plaintiff's motion here is **GRANTED**. However, as to this information, it is **ORDERED** that in so producing the information, it shall be designated as "Highly Confidential – Attorneys' Eyes Only" per the Amended Protective Order and subject to the Amended Protective Order. [ECF No. 71].

RFPs 29, 30, 41 – (29) "Yammer" posts, (30) e-mails between Boucher and Kristen Dolliver or Elizabeth Mergehenn, and (41) receipts for food/beverages. The undersigned finds that this information is not relevant to the claims or defenses at issue in this matter, or proportional to the needs of the case. Moreover, the information would have little to no bearing on Boucher's credibility. Accordingly, Plaintiff's motion here is **DENIED**.

RFP 31 – tools to track complaints of harassment/inappropriate workplace behavior. Based on the *in camera* review of information provided by Under Armour, the Court finds that it is not

relevant to any claim or defense here, nor is it proportional to the needs of the case. Accordingly, Plaintiff's motion here is **DENIED**.

RFPs 35, 36 – (35) phone records regarding Boucher's company phone, (36) notes created by Toner. Under Armour indicated to the Court that the company itself had no responsive information as to Request for Production No. 35. By way of follow-up, during the Status Conference of January 29, 2021, Under Armour's counsel indicated that, as to Request for Production No. 35, it had provided the name of the telephone carrier and the corresponding telephone number such that Plaintiff could subpoena phone records. The undersigned noted that, to the extent which such a subpoena would be returnable after the close of discovery in this matter, that would not be held against Plaintiff here. Accordingly, to the extent there is no responsive information and/or Under Armour has provided information such that Plaintiff can seek information herself, Plaintiff's motion as to Request for Production No. 35 is **DENIED as moot.** As for Request for Production No. 36, during the Status Conference on January 29, 2021, Under Armour indicated to the Court that it had provided responsive information to Plaintiff's counsel the preceding evening. Accordingly, to the extent information now has been provided, Plaintiff's motion here is **DENIED as moot.**

Therefore, based on the foregoing, Plaintiff's motion [ECF No. 213] is hereby **GRANTED in part and DENIED in part as indicted herein**. It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: February 2, 2021**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE