# EXHIBIT A

**From:** Larry Rector
**Sent:** Thursday, March 14, 2019 3:55 PM
**To:** 'Herber, Kristin'
**Subject:** RE: Cynthia D. Pajak

Ms. Herber,

Perhaps my information is not correct, but I understand that tomorrow is Brian Boucher's last day with Under Armour.  Can you confirm that you have advised him of the litigation hold/preservation of evidence obligations.  There are many, many text messages and photographs on his phone that will need to be preserved.  These include exchanges that he has had with subordinate female DMs.

Regards,

Larry

**From:** Herber, Kristin [mailto:kherber@underarmour.com]
**Sent:** Thursday, February 28, 2019 1:02 PM
**To:** Larry Rector
**Subject:** RE: Cynthia D. Pajak

Larry,

I certainly did not mean to come across as uncooperative.  We take the allegations in your letter seriously and, as I indicated in my initial email to you, are looking into them.  Given the length of the letter and number of allegations by your client, our review will take some time, but it is my hope we can have a response to you in the near future.

I believe you have misconstrued my position with regard to the scope of Rule 4.2, but do not believe it's necessary to engage in debate on the matter at this time.

I will be in touch soon.

Kristin

**From:** Larry Rector [mailto:Larry.Rector@Steptoe-Johnson.com]
**Sent:** Wednesday, February 27, 2019 5:35 PM
**To:** Herber, Kristin <kherber@underarmour.com>
**Subject:** RE: Cynthia D. Pajak

Ms.  Herber,

Thank you for your e-mail.  It certainly appears that we have nothing further to discuss.  Judging from your tone and lack of cooperativeness, I will assume that you are not authorized to accept service of process and I will take steps to effectuate process in the ordinary course.

I appreciate your position that you consider all of Under Armour's current managerial employees as persons who can bind Under Armour for purposes of this litigation.  Finally, with regard to certain former employees having secrecy agreements that is something that is beyond my power to police.

Regards,

Larry

---

**From:** Herber, Kristin [mailto:kherber@underarmour.com]
**Sent:** Wednesday, February 27, 2019 4:48 PM
**To:** Larry Rector
**Subject:** RE: Cynthia D. Pajak

Thank you for your email, Larry.  Under Armour is not agreeable to the entry of a tolling agreement, nor are we willing to produce the requested personnel file.

As for your inquiry about contacting teammates, without addressing whether the West Virginia Rules of Professional Responsibility or the Maryland Rules control, Under Armour considers all current managerial teammates "off limits" to you use your terminology.  With regard to former teammates, it is important to note that depending on the teammate, he or she may be bound by certain confidentiality obligations.

Best,

Kristin

---

**From:** Larry Rector [mailto:Larry.Rector@Steptoe-Johnson.com]
**Sent:** Monday, February 25, 2019 1:14 PM
**To:** Herber, Kristin <kherber@underarmour.com>
**Subject:** RE: Cynthia D. Pajak

Ms. Herber,

Thank you for the message.  Are you agreeable to the entry of a tolling agreement?  Also, I can certainly understand the internal due diligence that you must engage in, in the interim are you willing to share my client's personnel file with me?  My client made a request shortly after her termination and was advised that it is not Under Armour's practice to allow employees access to their personnel files.  Obviously, we will be entitled to the file in the discovery process and a sign of good faith would be to share the file now.  My client was provided, what were represented to be, all of the Under Armour documents that were signed by her.  We believe that the documents that were provided was not complete and I want to re-emphasize the preservation obligations that were contained in my initial letter.

Finally, can you please identify all current Under Armour managerial employees that you regard as off limits under Rule 4.2 of the West Virginia Rules of Professional Responsibility.  West Virginia's Rule 4.2 does not restrict access to former Under Armour employees, regardless of their position.  And while I do not believe that the Maryland Rule would control, based on my quick review of the Maryland Rule it appears to be interpreted the same as the West Virginia Rule.  I have already made contact with three former employees.

2

Regards,

Larry

**Larry J. Rector**
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
O: 304-933-8151 F: 304-933-8753 C: 304-669-1813

larry.rector@steptoe-johnson.com
www.steptoe-johnson.com



---

**From:** Herber, Kristin [mailto:kherber@underarmour.com]
**Sent:** Monday, February 25, 2019 12:08 PM
**To:** Larry Rector
**Subject:** Cynthia D. Pajak

Good afternoon, Mr. Rector.  We are in receipt of your letter dated February 15, 2019, are looking into your client's allegations and will respond as soon as possible.

In the meantime, if you have any questions or concerns, please feel free to contact me.  My contact information is below.

Kristin

**KRISTIN P. HERBER**
Managing Counsel - Litigation



2601 Port Covington Drive
Baltimore, Maryland 21230
Direct: 410-454-6508
Cell:   443-928-4670

  

**THE WORLD'S LARGEST FITNESS COMMUNITY.**
AVAILABLE NOW ON iOS & ANDROID

---

Steptoe & Johnson PLLC Note:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

---

Steptoe & Johnson PLLC Note:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure,

copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.