IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

     **Plaintiff,**

**v.**                                 **Civil Action No. 1:19-CV-160**
                                           **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION [ECF NO. 346] TO OVERRULE UNDER ARMOUR'S AND MR. KITCHEN'S OBJECTIONS AND TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM AND DEPOSITION OF STEVEN KITCHEN

Presently pending before the Court is Plaintiff's Motion to Overrule Under Armour's and Mr. Kitchen's Objections and to Compel Compliance with Subpoena Duces Tecum and Deposition of Steven Kitchen [ECF No. 346], filed on April 30, 2021. The Court is in receipt of Plaintiff's supplement, thereto, [ECF No. 359], filed on May 6, 2021. Also, the Court is in receipt of Under Armour's response in opposition, thereto, [ECF No. 368], filed on May 7, 2021. Finally, the Court is in receipt of Plaintiff's reply [ECF No. 382] in support of her motion, filed on May 13, 2021.

By Order [ECF No. 350] dated May 3, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On May 10, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion, and took the parties' arguments under advisement. The undersigned Magistrate Judge

conducted a follow-up hearing as to the subject motion and other referred matters on May 14, 2021.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By Order of March 8, 2021, Judge Keeley allowed Plaintiff to amend her Complaint to add claims for intentional spoliation, and has allowed for further limited discovery on those claims. [ECF No. 292].

In the pending motion, Plaintiff seeks information from Steven Kitchen ("Kitchen") and HCL Technologies ("HCL"). HCL is an IT contractor working for Under Armour. Kitchen works for HCL. Kitchen provided a sworn declaration about the laptop computer used by Defendant Brian Boucher during his term of employment at Under Armour. [ECF No. 233]. It is stated in the declaration that there were no user-created files contained on the laptop, nor is there available data to allow one to determine when programs or filed were deleted from it. Based on her own expert's subsequent forensic examination of the laptop, that of Craig Corkrean ("Corkrean"), Plaintiff disagrees with these conclusions. Plaintiff has noticed Kitchen's deposition and issued a subpoenas duces tecum, respectively, to Kitchen and HCL.

## II. ISSUES, ANALYSIS, AND DISPOSITION

Plaintiff seeks to (1) take a deposition of Kitchen, and (2) obtain documents and things as delineated in the respective subpoenas duces tecum of Kitchen and HCL.

### A. Jurisdiction of this Court as to the Subpoenas Duces Tecum

The location of items in dispute here, as sought via the subpoenas duces tecum, is in Baltimore, Maryland. That is where Kitchen is based, Under Armour is headquartered, and the laptop and presumably any other items at issue, are physically located. Under Armour takes the position that the proper jurisdiction for disposition of Plaintiff's motion is the federal District Court

there, not the Northern District of West Virginia. Specifically, Under Armour argues that Rule 45 of the Federal Rules of Civil Procedure requires that enforcement of a subpoena as to a non-party like Kitchen/HCL must be sought in the court where compliance with the subpoena would be required. Fed. R. Civ. P. 45(d)(1). The suggestion is that the Court there ultimately may see fit to transfer any such motion to the Northern District of West Virginia, under Fed. R. Civ. P. 45(f).

Plaintiff argues, though, that this is an issue governed instead by Rule 37 of the Federal Rules of Civil Procedure, and the undersigned agrees. Rule 45 pertains to the procedure as to nonparty, which HCL and Kitchen are here. However, it is a party, Under Armour, which has objected to Plaintiff's discovery requests here, and Plaintiff is seeking to compel as to that party, not a nonparty. "A motion for an order to a party must be made in the court where the action is pending." Fed. R. Civ. P. 37(a)(2). Plaintiff has done just that – filed her motion in this Court, where the action is pending. Notably, HCL and Kitchen have not themselves objected pursuant to Rule 45. And as a party, Under Armour would not be able to invoke Rule 45 and pursue relief in the Maryland Court in this context. Moreover, the objections which Under Armour made were filed in this Court. ECF Nos. 342, 359-1.

Thus, the undersigned **FINDS** that the matter is properly before this Court for resolution, and to the extent which one or more parties should be compelled to respond to the discovery requests at issue, such an order properly issues from this Court.

### B. Crime-Fraud Exception

As a threshold matter, by her motion, Plaintiff seeks to compel information which would ordinarily be protected from discovery by the attorney-client privilege and/or work product protection. Plaintiff argues that she must be permitted to obtain such testimony because of the crime-fraud exception to the attorney-client privilege and work product doctrine. According to

Plaintiff, the crime-fraud exception applies because intentional spoliation of evidence is at issue. In response, Under Armour does not object to Plaintiff's discovering <u>facts</u> from Kitchen about his knowledge of the contents of Boucher's laptop. But Under Armour does object to Plaintiff's attempt to invade the attorney-client and work product protections.

As the Fourth Circuit has explained, "[b]oth the attorney-client and work product privileges may be lost . . . when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud." <u>In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004</u>, 401 F.3d 247, 251 (4th Cir. 2005). "The party asserting the crime-fraud exception . . . must make a prima facie showing that the privileged communications fall within the exception." <u>Id</u>. More specifically:

> [W]e have held that the party invoking the crime-fraud exception must make a prima facie showing that (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud. Prong one of this test is satisfied by a prima facie showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed. Prong two may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity.

<u>Id</u>. (citations omitted).

The undersigned **FINDS** that the crime-fraud exception does not apply here. There simply is not sufficient demonstration by Plaintiff that a violation was ongoing or about to be committed, let alone a demonstration of a close relationship between any attorney-client contact and the spoliation activity alleged. Courts are reluctant, for good reason, to find that the crime-fraud exception applies, given the sanctity of the privileges at issue. Plaintiff's allegations or suspicions do not carry the day in this analysis; there must be more specificity.

Here, of course, Plaintiff relies on Kitchen's declaration to argue that there must have been some scheme by Under Armour to conceal information. Plaintiff has produced her own expert

report to indicate that someone else besides Kitchen (namely, Corkrean) apparently recovered more information from Boucher's laptop than Kitchen did. But based on a detailed review of the record, the undersigned cannot conclude, without more, that something nefarious was at play such that the crime-fraud exception could apply. It is not clear that Kitchen acted with ill-intent or was deliberate in picking and choosing (or inappropriately ignoring or overlooking) data on the laptop. For all the Court knows, given the scarcity of evidence Plaintiff provided, Kitchen was mistaken in his review, or perhaps there was miscommunication about the scope and depth of what he was asked to do in his review. Perhaps the information which Corkrean turned up is immaterial. Without more, it is not apparent that Plaintiff has identified any data or information from the laptop which are material to the claims and defenses (as to spoliation or otherwise) at issue in this case.

More to the point, given the acrimony in this litigation, it has been obvious that Plaintiff was not going to be satisfied with any examination of Boucher's laptop except that of her own expert's. That is a principal reason why the undersigned previously ordered that Plaintiff be permitted to examine the laptop. Now that she has made such examination, she can proceed with this litigation in due course. But any such extraordinary request for relief, such as piercing the attorney-client privilege or work product protection by dint of the crime-fraud exception, at least in this context, is a bridge too far.

Plaintiff can and shall be permitted to seek non-privileged and non-work product information in this context. But to the extent which Plaintiff's motion seeks to invoke the crime-fraud exception to obtain such information, her motion is hereby **DENIED in part**.

### C. Deposition of Kitchen

During hearings on this motion before the undersigned, and in its briefing of the same, Under Armour has indicated its willingness to make Kitchen available for deposition about <u>factual</u>

information concerning Boucher's laptop. Under Armour objects to deposing Kitchen to obtain information that is protected by the attorney-client privilege or the work-product doctrine.

As noted above, the undersigned concludes that Plaintiff may not seek such protected information. However, to the extent which Plaintiff seeks to depose Kitchen as to matters not protected by the attorney-client privilege or the work product doctrine, Plaintiff's motion is hereby **GRANTED in part**. Under Armour and Kitchen's/HCL's counsel are **DIRECTED** to make Kitchen available for such deposition forthwith. To the extent which Under Armour's and/or Kitchen's/HCL's counsel believe that Plaintiff's counsel is overstepping during such deposition, those counsel are capable of asserting appropriate objection.

### D. Subpoenas Duces Tecum

Plaintiff's motion also pertains to a number of items delineated in the respective subpoenas duces tecum of Kitchen and HCL, which the Court addresses in turn and for which the Court notes its disposition as to each. For all practical purposes, the two respective subpoenas duces tecum are nearly identical and the undersigned characterizes and addresses them jointly here.

The undersigned reiterates the Court's ruling, above, that Plaintiff may not seek information protected by the attorney-client privilege or the work product doctrine. However, Plaintiff may seek factual information as more particularly set forth below.

1. *All communications with any other person regarding work performed forming the basis of Kitchen's declaration as to Boucher's laptop*. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part**. Further, Plaintiff may inquire as to the same during Kitchen's deposition.
2. *All documents supporting the claim in the declaration that the facts in the declaration are true*. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**
3. *Copy of invoice to Under Armour for HCL's/Kitchen's work in examining Boucher's laptop*. At the hearing before the undersigned on May 14, 2021, counsel for Under Armour indicated that it was doubtful that such a document exists, but that Under Armour will produce it to the extent it exists. In light of Under Armour's representations, Plaintiff's

motion here is **DENIED as moot** on this issue. Moreover, Plaintiff may inquire as to the same during Kitchen's deposition.

4. *Copy of work product prepared for reviewing the laptop or other device*. At the hearing before the undersigned on May 14, 2021, counsel for Plaintiff clarified that they were seeing work product in the forms of notes and logs created by Kitchen himself, not legal counsel. With that clarification, Under Armour's counsel indicated that they did not object to producing such information. Thus, Plaintiff's motion here is **DENIED as moot** on this issue.

5. *Copy of Kitchen's resume*. At the hearing before the undersigned on May 14, 2021, counsel for HCL and Kitchen appeared, and indicated that this item already has been produced. Thus, Plaintiff's motion here is **DENIED as moot.**

6. *Any documents related to or concerning Plaintiff's and Boucher's devices issued by Under Armour*. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.** Moreover, Plaintiff may inquire as to the same during Kitchen's deposition.

7. *Documents related to or concerning work forming basis of Kitchen's declaration at issue here*. At the hearing before the undersigned on May 14, 2021, counsel for HCL and Kitchen stated that anything responsive here are e-mail communications provided earlier to the Court for an in camera review. As set forth below, the undersigned **FINDS** that these materials are protected by the attorney-client privilege and thus are not required to be disclosed. Plaintiff's motion here is **DENIED in part**.

8. *All communications with anyone associated with JND eDiscovery related to Boucher's electronic devices*. At the hearing before the undersigned on May 14, 2021, Under Armour's counsel explained that JND eDiscovery is a vendor retained to assist Under Armour and its counsel here with litigation discovery management. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.** Moreover, Plaintiff may inquire as to the same during Kitchen's deposition.

9. *All communications with anyone associated with JND eDiscovery related to Plaintiff's electronic devices*. For the reasons set forth immediately above as to Boucher's electronic devices, Plaintiff's motion here is **GRANTED in part** to the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine. Moreover, Plaintiff may inquire as to the same during Kitchen's deposition.

10. *Any Cellbrite Physical Analyzer reports related to Boucher's devices*. At the hearing before the undersigned on May 14, 2021, Under Armour's counsel explained that this request pertains to a report which details the content of an iPhone which Boucher used. Plaintiff's counsel stated the issue is that the copy provided by Under Armour is illegible but that counsel for the parties could resolve the issue on their own. Based on these representations, Plaintiff's motion here is **DENIED in part**.

11. *Any reports or work product by Planet Data Solutions or JND eDiscovery related to Boucher's and Plaintiff's devices*. At the hearing before the undersigned on May 14, 2021, Under Armour's counsel explained that Planet Data Solutions was retained by JND eDiscovery to aid in the exam of the iPhone which Boucher used, and that Planet Data Solutions created the Cellbrite report. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here

is **GRANTED in part.**  Moreover, Plaintiff may inquire as to the same during Kitchen's deposition.

### E. Remaining Issues – Privilege Logs and Emails Produced In Camera

Plaintiff argues that Under Armour waived the attorney-client privilege and the work product protection because Under Armour did not provide a privilege log. While Fed. R. Civ. P 26(b)(5)(A), and this Court's Local Rules, contemplate providing a privilege log in certain circumstances, the undersigned is aware of nothing, in these rules or otherwise, which provides that Under Armour would have unequivocally waived these privileges in this context. Thus, the undersigned declines to find that there was such waiver here. To the extent Plaintiff seeks an order granting her motion on the basis of waiver for lack of privilege logs, her motion is hereby **DENIED**.

On another note, at the hearing before the undersigned on May 10, 2021, the undersigned directed that counsel for HCL and Kitchen produce certain e-mail communications for in camera review to determine whether they should be shielded from disclosure because they are attorney-client privileged. Counsel for HCL and Kitchen provided these e-mails to chambers staff that same day. Based on the undersigned's in camera review of the e-mails, the undersigned **FINDS** that these communication indeed are attorney-client communications which, accordingly, are not required to be disclosed. The communications were in the course of litigation and involve communications from, to, or among legal counsel and/or staff for legal counsel. They have all the indicia of communications involving legal counsel.[1]

Moreover, of note, nothing about the substance of the communications suggests that the crime-fraud exception to the attorney-client privilege or work product doctrine should apply. The

---

[1] These materials are filed in this matter on the Court's CM/ECF system for access by Court staff only. [ECF No. 399].

issue is addressed more fully above, so the undersigned does not revisit it at length here – except to set forth that a review of these communications only underscores the conclusion that Plaintiff should not be permitted to invoke the crime-fraud exception here. To the extent which these communications may be construed as the sort of information sought by Plaintiff's motion, the motion is **DENIED in part**.

### III. CONCLUSION

Based on the foregoing, and as set forth more particularly herein, Plaintiff's motion is hereby **GRANTED in part** and **DENIED in part**. It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: May 20, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE