**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**CYNTHIA D. PAJAK,**

     **Plaintiff,**

**v.**                                               **Civil Action No. 1:19-CV-160**
                                                     **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 37 [ECF NO. 358]

Presently pending before the Court is Plaintiff's Motion for Sanctions [ECF No. 358], filed on May 6, 2021. The Court also is in receipt of Defendants Under Armour, Inc.'s and Under Armour Retail, Inc.'s ("Under Armour") response in opposition, thereto, [ECF No. 381], filed on May 13, 2021.

By Order [ECF No. 361] dated May 7, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On May 14, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other pending motions referred in this matter, and took the parties' arguments under advisement. [ECF No. 385].

By way of background, Plaintiff and Under Armour have been engaged in various discovery disputes concerning electronic devices and electronic data. Several such issues have centered on a laptop computer issued by Under Armour to co-Defendant Brian Boucher

("Boucher") during his employment by Under Armour. The undersigned has presided over a number of hearings and issued a number of orders related to the multiple and continued discovery disputes which have arisen in this matter. As such, the undersigned is quite familiar with the background and procedural posture here. [See ECF No. 235].

One such dispute arose from a motion to compel filed by Plaintiff to inspect certain electronic devices. [See ECF No. 271]. At proceedings before the undersigned on January 25, 2021 and January 29, 2021, counsel for the parties addressed the logistics, progress, and results of inspections of Boucher's laptop as well as other electronic devices which Under Armour issued to him. Because of the complex and esoteric nature of the electronic devices and digital data at issue, the undersigned suggested that certain of the parties' IT professionals become involved.

In the course of these events, Under Armour provided a sworn declaration of Steven Kitchen ("Kitchen"), an employee of HCL Technologies ("HCL"). HCL provides IT services to Under Armour at a Baltimore, Maryland location. Kitchen's declaration, dated January 28, 2021, indicates that he examined Boucher's laptop. Specifically, it is stated in the declaration that the laptop did not contain files created by a user of the device nor was there data to indicate when deletions from the laptop would have been made. [ECF No. 233].

In any case, it was obvious to the undersigned that Plaintiff was not going to be satisfied with any examination of Boucher's devices other than an examination by her own expert. Accordingly, the undersigned granted Plaintiff's motion to compel [ECF No. 317] in part, and ordered that Plaintiff and her IT expert would be permitted to examine the devices at Under Armour's location in Baltimore, Maryland. [ECF No. 235.]

The written order by the undersigned did not specifically direct Under Armour to have an IT expert present at the examination. Id. Plaintiff did not object to this Order or otherwise state to

2

the Court during these hearings that it was problematic to inspect the laptop at the Baltimore, Maryland location. At the hearing on January 29, 2021, the undersigned indicated that having IT experts from both sides available for the inspection could be helpful should they need to ask questions of one another. Further, at the hearing on January 29, 2021, the undersigned stated that Plaintiff would bear the cost of making her own inspection. At this same hearing, the undersigned noted that one reason for allowing Plaintiff's inspection is that, given the nature of the electronic devices and material at issue, one IT professional's examination may yield something different from another IT professional's examination.

Plaintiff's counsel and her IT expert, Craig Corkrean ("Corkrean"), traveled to Baltimore, Maryland to conduct the inspection of Boucher's laptop. The inspection occurred on February 22, 2021.

One basis for Plaintiff's motion is that Under Armour did not have an IT expert present. However, Plaintiff does not detail how the absence of an IT expert from Under Armour hindered her IT's expert's efforts. Plaintiff does not state that counsel or the IT expert had need to communicate with an IT professional from Under Armour. Moreover, at the above-noted hearing on May 14, 2021, Under Armour's counsel indicated that he was present at the time of the inspection in a nearby room, checked in on Plaintiff's counsel and IT expert periodically to see if they needed anything, and would have made Under Armour's IT expert available if needed. At this same hearing, Plaintiff's counsel affirmed on the record that the absence of Under Armour's IT expert in no way compromised Plaintiff's examination of the laptop.

Corkrean apparently came to a different conclusion than Kitchen, finding that Boucher's laptop contained certain files and that more space on the hard drive was used than the amount stated by Kitchen. It is not clear what the files and data obtained by Corkrean contain or

3

demonstrate. Thus it is unclear what the material importance of this discrepancy is. Principally, what Plaintiff emphasizes is that there is this discrepancy, and by dint of the discrepancy, suggests nefarious intent by Under Armour and/or Kitchen to prevent inspection of the laptop.

Plaintiff seeks reasonable fees and expenses incurred in moving to compel inspection of Boucher's laptop, and in actually conducting the inspection.

Certainly, a party may propound discovery requests to inspect items, as Plaintiff did here vis-à-vis the laptop. Fed. R. Civ. P. 34(a). And party may move for an order compelling responses to such discovery requests. Fed. R. Civ. P. 37(a). Further, under Rule 37, sanctions may be ordered as a result of certain failure to make disclosure or cooperate in discovery. See Fed. R. Civ. P. 37(b)(2)(A), 37(d)(1)(A)(ii). This rule also allows for sanctions in the form of payment of reasonable expenses incurred by the movant, including attorney's fees. Fed. R. Civ. P. 37(b)(2)(C), 37(d)(3). Nothing about the rules here compels an imposition of sanctions; it is discretionary.

Here, the undersigned **FINDS** that nothing merits an award as Plaintiff seeks. Under Armour's opposition to Plaintiff's motion to compel [ECF No. 217] in the first place was done in good faith and with valid (although not winning) argument and citation to legal authority. Under Armour was timely in objecting to and ultimately filing a response in opposition to Plaintiff's motion to compel. Further, after not prevailing as to the motion to compel, Under Armour materially complied with the undersigned's directives given at the hearing on January 29, 2021 and in the resulting written order. [ECF No. 235].

More to the point, Under Armour gave Plaintiff's counsel and Corkrean unfettered access to the laptop at issue. There is no allegation that, once the inspection was underway, Under Armor impeded it, limited the timeframe for it, or otherwise did anything to delay or hinder Plaintiff. In short, there is nothing in the record here to indicate that Plaintiff was prevented from inspecting

the laptop as the Court contemplated and ordered. In fact, it appears that the process allowed Plaintiff to discover further information desirable to her.

Similarly, the absence of Kitchen or another IT professional from Under Armour during the inspection is irrelevant. The undersigned spoke about it at the hearing on January 29, 2021 in the context of facilitating effective examination of the laptop, not as an ironclad requirement. And Under Armour's counsel represented that they stood ready to make an IT expert available during the inspection, and otherwise periodically communicated with Plaintiff's counsel and Corkrean during the inspection to make sure they had what they needed. Plaintiff has not disputed opposing counsel's representation, and the undersigned has no reason to doubt Under Armour's counsel. Plaintiff achieved exactly what she desired here – conducting her own examination of the laptop and collecting information as a result. As such, she has nothing to complain about regarding the absence of Under Armour's IT staff or any other aspect of the examination. Moreover, she has nothing to complain about concerning gaining access to the laptop in the first place or otherwise arraigning for its inspection.

Plaintiff complains that Corkrean's examination yielded more and/or different information than Kitchen's examination. This is of no moment in this context. There is nothing before the Court at this time to show that Under Armour and/or HCL/Kitchen acted to intentionally deceive the Court (or stymie inspection of the laptop) in generating Kitchen's declaration. There is nothing before the Court at this time to show that Corkrean discovered something which Under Armour otherwise should have discovered, or that whatever Corkrean discovered is material to claims and defenses at issue here. As noted herein, the undersigned contemplated that IT professionals may find differing information, which is exactly what happened here.

Accordingly, based on the foregoing, Plaintiff's motion [ECF No. 358] is hereby **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record,

as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United

States District Court for the Northern District of West Virginia.

**DATED: May 20, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE