IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

CYNTHIA D. PAJAK,

    Plaintiff,

v.                                              Civil Action No. 1:19-CV-160
                                              (JUDGE KEELEY)

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFF'S MOTION [ECF NO. 369] TO
COMPEL UNDER ARMOUR DEFENDANTS TO RESPOND TO HER
DISCOVERY REQUESTS RELATED TO HER SPOLIATION CLAIMS**

Presently pending before the Court is Plaintiff's Motion to Compel Defendants Under Armour, Inc. and Under Armour Retail, Inc. to Respond to Her Discovery Requests Related to Her Spoliation Claims [ECF No. 369], filed on May 7, 2021. Also, the Court is in receipt of Under Armour's response in opposition, thereto, [ECF No. 383], filed on May 13, 2021.

By Order [ECF No. 370] dated May 10, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On May 14, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other referred matters, and took the parties' arguments under advisement.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

By Order of March 8, 2021, Judge Keeley allowed Plaintiff to amend her Complaint to add claims for intentional spoliation, and has allowed for further limited discovery on those claims.

1

[ECF No. 292]. In the pending motion, Plaintiff seeks an array of information. Plaintiff takes issue with Under Armour withholding information which it claims is protected by the attorney-client privilege and/or the work product doctrine. According to Plaintiff, Under Armour must provide a privilege log so Plaintiff can properly evaluate whether the information sought is properly withheld. Moreover, according to Plaintiff, the crime-fraud exception applies here to compel production of information otherwise protected by the attorney-client privilege or the work product doctrine.

## II. ISSUES, ANALYSIS, AND DISPOSITION

The undersigned addresses the overarching issues – namely, whether a privilege log must be produced, and whether the crime-fraud exception applies – before delving into the particular discovery requests.

### A. Privilege Log

Plaintiff argues that Under Armour's objections here, based on its assertion of privilege, necessitate the production of a privilege log. Under Armour states that it should not be required to produce a privilege log for post-litigation communications.

This Court's local rules provide that, in making an objection to a discovery request on the basis of privilege, including on the basis of attorney work product, certain information must be provided in the objection. This information includes what type of document is at issue and its subject matter, as well as other identifying information. L.R. Civ. P. 26.04(a)(2)(i)(B)(1).

In the instant case, it is true that the communications at issue may well have arisen after initiation of this litigation. However, it is also true that the aspect of the litigation at issue to which the communications pertain – that of the later-added claims for intentional spoliation – also arose after the litigation first was brought. It only stands to reason, then, that information and materials

pertaining to those claims which Under Armour claims are privileged would have become germane only once those spoliation claims are lodged. The presentation of the issues after the initiation of litigation is not dispositive in this particular context. After all, only once litigation was underway did Plaintiff develop the theories leading to the spoliation claims, and did the Court allow Plaintiff to bring the claims and propound discovery as to the same.

Thus, based on the foregoing, Plaintiff's motion here is **GRANTED in part** insofar as Under Armour must produce privilege logs. Under Armour shall produce these privilege logs **no later than May 28, 2021**.

### B. Crime-Fraud Exception

Plaintiff seeks to compel information which would ordinarily be protected from discovery by the attorney-client privilege and/or the work product doctrine. Plaintiff argues that she must be permitted to obtain such testimony because of the crime-fraud exception to the attorney-client privilege and work product doctrine. According to Plaintiff, the crime-fraud exception applies because intentional spoliation of evidence is at issue. In a recent order [ECF No. 401] in this matter, the undersigned concluded that the crime-fraud exception did not apply in a similar context, and **FINDS** the same here.

The crime-fraud exception comes into play when a client provides information to an attorney or communicates with an attorney so as to further some crime or fraud. In such an instance, the attorney-client privilege and work product doctrine may not shield such information or communications from discovery by an adverse party. In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004, 401 F.3d 247, 251 (4th Cir. 2005). "The party asserting the crime-fraud exception . . . must make a prima facie showing that the privileged communications fall within the exception." Id. More specifically:

3

> [W]e have held that the party invoking the crime-fraud exception must make a prima facie showing that (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud. Prong one of this test is satisfied by a prima facie showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed. Prong two may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity.

Id. (citations omitted).

The undersigned **FINDS** that the crime-fraud exception does not apply here. As noted in the undersigned's corresponding order [ECF No. 401], by alleging spoliation alone, without more, Plaintiff has not demonstrated that a violation was ongoing or about to be committed, nor has she shown a close relationship between any attorney-client contact and the spoliation activity alleged. These privileges are rarely allowed to be pierced, for good reason. As counsel well knows, these privileges undergird our adversarial civil justice system to aid in vigorous presentation of claims and defenses, with the aim of achieving the most just result. To apply the crime-fraud exception here, without presentation of more, is a bridge too far. Plaintiffs must have more specificity.

Nonetheless, Plaintiff can and shall be permitted to seek non-privileged and non-work product information as set forth below. But to the extent which Plaintiff's motion seeks to invoke the crime-fraud exception to obtain otherwise privileged information, her motion is hereby **DENIED in part**.

### C. Particular Discovery Requests

The undersigned reiterates the Court's ruling, above, that Plaintiff may not seek information protected by the attorney-client privilege or the work product doctrine. However, in that context, the undersigned takes the particular discovery requests in dispute in turn.

*Request for Admission No. 3, that co-Defendant Brian Boucher ("Boucher") was acting within his employment when he sent text messages to "KG" on mobile phone issued by Under Armour*. At the hearing before the undersigned on May 15, 2021, Under Armour's counsel indicated that it had responded fully. Plaintiff's counsel specified that they were seeking an admission as to two specific text messages. Under Armour's counsel responded that they now understood more particularly what Plaintiff was seeking, and would respond more fully upon further exchange with Plaintiff's counsel by e-mail. The undersigned directed counsel to copy his law clerk on the e-mail exchange, which counsel subsequently did. It appearing that Under Armour has supplemented its response here, Plaintiff's motion here is **DENIED as moot**.

*Request for Admission No. 9, that those responsible at Under Armour for preserving the laptop which Plaintiff utilized while employed at Under Armour were acting within the scope of their employment*. In its response to Plaintiff's motion, Under Armour indicated that Under Armour has not responded to the discovery request because Plaintiff did not specify acts or omissions attributable to some person. At the hearing before the undersigned on May 15, 2021, the undersigned directed Under Armour to supplement its response here now that the laptop computer in question recently had been located. As with the dispute summarized immediately above, counsel copied the undersigned's law clerk on a follow-up email exchange. It appearing that Under Armour has supplemented its response here, Plaintiff's motion here is **DENIED as moot**.

*Request for Production No. 1, for communications with Boucher regarding his evidence preservation obligations*. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

5

*Request for Production No.2, for communications with Under Armour's IT department and other departments as to obligation to retain Plaintiff's laptop*. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

*Request for Production No. 3, for documents showing Under Armour's efforts to gather, preserve, or archive Plaintiff's laptop*. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

**Relatedly, based on the representations of Under Armour's counsel before the undersigned at the hearing on May 14, 2021, Under Armour shall make this device available to Plaintiff for inspection. To the extent which counsel for the parties have not already arranged for forensic inspection of this device by Plaintiff's counsel and her IT expert, Under Armour shall make the device available for such inspection at its Baltimore, Maryland location forthwith, and in any event, within the timeframe for discovery set forth in Judge Keeley's Order of March 8, 2021. [ECF No. 292].**

*Request for Production No. 4, for Boucher's communications concerning the location of his iPhone and his responses to Under Armour's requests for access to his electronic devices and media storage*. To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

*Request for Production Nos. 6, 7, 8, 9, pertaining to "Relativity Fest" and corporate e-discovery practices*. At the hearing before the undersigned on May 14, 2021, Under Armour's counsel indicated that they have provided all responsive non-privileged material in this regard.

Thus, with that representation that all responsive non-privileged material has been provided, Plaintiff's motion here is **DENIED in part.**

*Request for Production Nos. 15, 16, pertaining to Under Armour's efforts to preserve any evidence/data located on Boucher's electronic devices and Pajak's laptop.* To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

*Request for Production No. 17, as to documents regarding efforts to preserve information about "M.D.'s" complaints against "A.A.," "P.C.," "J.M." and other Under Armour employees.* To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

*Request for Production No. 18, as to Under Armour's efforts to locate documents and things responsive to any discovery requests in this case.* This request is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff's motion here is **DENIED in part**.

*Request for Production No. 19, as to documents pertaining to Under Armour's knowledge of destruction, spoliation, non-retention of anything responsive to discovery served in this case.* To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

*Request for Production Nos. 22, 23, as to the litigation hold notice regarding Plaintiff's electronic devices.* To the extent which Plaintiff seeks information not protected by the attorney-client privilege or work product doctrine, Plaintiff's motion here is **GRANTED in part.**

## III. CONCLUSION

Based on the foregoing, and as set forth more particularly herein, Plaintiff's motion is hereby **GRANTED in part** and **DENIED in part**. It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: May 21, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE