IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                                          **Civil Action No. 1:19-CV-160**
                                                                     **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING MOTIONS [ECF NOS. 376, 379] TO STRIKE "ATTORNEYS' EYES ONLY" DESIGNATION FROM PLAINTIFF'S FORENSIC EXPERT REPORT

Presently pending before the Court are two motions: (1) Motion to Strike Attorneys' Eyes Only Designation from Plaintiff's Forensic Report [ECF No. 376] filed by Defendant's Under Armour, Inc. and Under Armour Retail, Inc. ("Under Armour") on May 12, 2021, and (2) Defendant Brian Boucher's ("Boucher") joinder [ECF No. 379] in Under Armour's motion, also filed on May 12, 2021. Also, the Court is in receipt of Plaintiff's response in opposition, thereto, [ECF No. 391], filed on May 19, 2021.

By Order [ECF No. 380] dated May 12, 2021, Senior United States District Judge Irene M. Keeley referred the motions to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On May 25, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other referred matters, and took the parties' arguments under advisement.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

By Order of March 8, 2021, Judge Keeley allowed Plaintiff to amend her Complaint to add claims for intentional spoliation, and has allowed for further limited discovery on those claims. [ECF No. 292]. In the course of developing her spoliation claims, Plaintiff retained an IT expert, Mr. Craig Corkrean ("Corkrean"). On February 22, 2021, Corkrean conducted a forensic examination of the laptop computer which Under Armour had issued to Boucher for use during the term of Boucher's employment with Under Armour. Corkrean generated a written report, which has been filed under seal. [ECF No. 356-2]. To generalize, Corkrean concluded that certain files were on the laptop and that he could ascertain when certain files were deleted.

Prior to Corkrean's examination, Under Armour provided a sworn declaration of Steven Kitchen ("Kitchen"), an employee of HCL Technologies ("HCL"). HCL provides IT services to Under Armour at a Baltimore, Maryland location. Kitchen's declaration, dated January 28, 2021, indicates that he examined Boucher's laptop. Specifically, it is stated in the declaration that the laptop did not contain files created by a user of the device nor was there data to indicate when deletions from the laptop would have been made. [ECF No. 233].

Thus, Kitchen's and Corkrean's conclusions differ. Also, the two appear to diverge as to the amount of storage space utilized on the device.[1] In any event, Plaintiff aims to depose both Boucher and Kitchen as part of the limited discovery permitted as to her spoliation claims. However, Plaintiff has designated Corkrean's report for "Attorneys' Eyes Only."

---

[1] Under Armour subsequently conducted another review of Boucher's laptop by a forensic examiner, P. Blazer Catzen, which Under Armour says was a more in-depth review than that conducted by Kitchen, and which yielded more information.

## II. ANALYSIS AND DISPOSITION

The "Attorneys' Eyes Only" designation to keep materials under a heightened degree of confidentiality is set forth under the agreed Amended Protective Order entered on March 9, 2020. [ECF No. 71]. Such materials may be disclosed only to legal counsel in this case but not to others. Counsels' clients may not necessarily view materials so designated. However, only certain materials may be so designated – namely, Plaintiff's medical information, and certain information produced from third-party personnel files. Notably, Corkrean's report falls into neither category.

With Plaintiff planning to take Kitchen's and Boucher's respective depositions, both Under Armour and Boucher filed their motions which are the subject of this Order. Under Armour and Boucher both correctly emphasize that the "Attorneys' Eyes Only" designation in the agreed Amended Protective Order is quite limited in the types of materials and information to which it is applicable. Quite simply, they are correct that Corkrean's report is not at all, by a commonsense reading of the Amended Protective Order, the sort of material contemplated for this designation. In fact, at the hearing before the undersigned on May 25, 2021, Plaintiff's counsel conceded as much.

Plaintiff argues that she does not wish to withhold Corkrean's report indefinitely – only until after she has deposed Boucher and Kitchen. And she argues the Court nonetheless has discretion to order that Corkrean's report not be disclosed to these deponents before their deposition, per the authority the Court has under Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff believes that affording these deponents the opportunity to review Corkrean's report before their depositions will allow the deponents to better explain away any prior statements or information they provided which differ from Corkrean's conclusions.

The undersigned is not persuaded, however. First, as to Boucher, his counsel has been transparent with the Court and other counsel that he already shared the report with Boucher, and Boucher has reviewed it. Boucher's counsel did so when Plaintiff's counsel initially disclosed Corkrean's report to Boucher's counsel but did not request that it be kept confidential from Boucher. Plaintiff's counsel later recalled Corkrean's report; Boucher's counsel states that he deleted the report as requested and instructed his client to do the same. However, the bell here already has been rung, so to speak.[2]

Secondly, and more importantly, Boucher's counsel makes persuasive arguments about fundamental fairness, the need for counsel to prepare his client, and Boucher's right to meet the serious claims of spoliation which Plaintiff lodges here. Boucher is a <u>party</u> with potential liability here and has a right to meet these serious claims of intentional spoliation. After all, there is nothing under Fed. R. Civ. P. 26(c) <u>mandating</u> that Corkrean's report be concealed from Kitchen and Boucher prior to their depositions. "A district court has wide latitude in controlling discovery and ... its rulings will not be overturned absent a showing of clear abuse of discretion." <u>Rowland v. Am. Gen. Fin., Inc.</u>, 340 F.3d 187, 195 (4th Cir. 2003) (citations and quotations omitted). Moreover, Plaintiff has designated Cockrean as a testifying expert. As such, the other parties may discover the factual basis for his opinions. Fed. R. Civ. P. 26(a)(2), (b)(4). A pivotal part of such discovery of that factual basis is for counsel to consult with and prepare the very persons whose statements Corkrean's report is intended to contravene.

To this end, Corkrean's report is a factual summary, on which Plaintiff apparently plans to rely heavily, given the emphasis she has placed on it. As such, the deponents (and particularly

---

[2] Under Armour's and Boucher's arguments have focused more on how the outcome here affects Boucher, a party-defendant, but the undersigned notes a similar effect as to Kitchen, a non-party. Thus, the undersigned issues this order bearing Kitchen in mind, too.

Boucher, as a party-defendant) have a fundamental right to know and understand the facts alleged. In fact, while Plaintiff worries that the deponents will undercut Corkrean's report if they review it in advance, it is just as plausible that their advance review of it will yield more productive depositions. More advance information may well lead to more robust exchanges. Plaintiff's attorneys are plenty skilled and experienced enough to confront and examine as to inconsistencies alleged, and to obtain materially important information, without blindsiding the deponents.

### III. CONCLUSION

Based on the foregoing, and as set forth more particularly herein, Under Armour's and Boucher's respective motions [ECF Nos. 376, 379] are hereby **GRANTED**. It is so **ORDERED** and counsel may immediately share Corkrean's report with Boucher and Kitchen, respectively.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: May 26, 2021**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE