IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                                   Civil Action No. 1:19-CV-160
                                                         (JUDGE KEELEY)

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING UNDER ARMOUR'S MOTION TO ENFORCE PROTECTIVE ORDER [ECF NO. 397]

Presently pending before the Court is Defendants Under Armour, Inc. and Under Armour Retail, Inc.'s ("Under Armour") Motion to Enforce Protective Order [ECF No. 397], filed on May 20, 2021. The Court also is in receipt of Plaintiff's response in opposition, thereto [ECF No. 408], filed on May 24, 2021.

By Order [ECF No. 398] dated May 20, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

On May 25, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other pending motions referred in this matter, and took the parties' arguments under advisement. [ECF No. 410]. During this hearing, the undersigned directed Under Armour's

1

counsel to provide the materials in question to the Court for an in camera review. Under Armour's counsel provided the materials that same day, and the undersigned has reviewed them.[1]

## I. PROCEDURAL BACKGROUND AND POSTURE

By way of background, Plaintiff and Under Armour have been engaged in various discovery disputes concerning electronic devices and electronic data. Some of these disputes pertain to Plaintiff's later-arising claims as to intentional spoliation of evidence. To this end, several such issues have centered on electronic devices issued to both Plaintiff and Defendant Brian Boucher ("Boucher") by Under Armour during their respective terms of employment at Under Armour. As to the instant motion, Under Armour issued an iPhone to Boucher, which Boucher returned at the end of his employment by Under Armour.

On March 8, 2021, Judge Keeley entered an Order [ECF No. 292] allowing for additional limited discovery on the spoliation claims for a period of 90 days. In the course of such additional discovery here, and related to the spoliation claims, Under Armour produced to Plaintiff a forensic image of Boucher's iPhone. Under Armour requested of Plaintiff that, in the event of disclosure of privileged material or communications between Boucher and his wife and/or daughter, Plaintiff isolate those from materials otherwise discoverable from the iPhone. It appears that Under Armour was relying on the agreed Protective Order [ECF No. 35] in making this request. Plaintiff agreed.

Under Armour produced the forensic image of Boucher's iPhone to Plaintiff on the evening of Friday, April 30, 2021. Included within this material was a spreadsheet of text messages obtained from Boucher's iPhone. Within those text messages were certain messages of the type which the parties previously discussed keeping confidential, namely, text messages among Boucher and his family and between Boucher and Under Armour's in-house legal counsel. The

---

[1] These materials are filed in this matter on the Court's CM/ECF system for access by Court staff only. [ECF No. 414].

communications between Boucher and Under Armour's in-house counsel occurred while Under Armour employed Boucher. The next morning, May 1, 2021, a Saturday, Under Armour's counsel realized the inadvertent disclosure and contacted Plaintiff's counsel, requesting that Plaintiff's counsel delete those materials. Under Armour provided an amended privilege log to account for the materials inadvertently disclosed. Having not received confirmation of deletion, Under Armour's counsel followed up on May 5, 2021 with Plaintiff's counsel. It appears there was further limited exchanged between counsel but never any confirmation by Plaintiff's counsel that Plaintiff's counsel destroyed the materials.

Plaintiff challenges the sufficiency of the privilege log provided by Under Armour's counsel. Consequently, Plaintiff argues, Under Armour has waived any claim of privilege. Plaintiff requests, alternatively, that the Court conduct an in camera review of the disputed materials to ascertain whether they are privileged and thus exempt from disclosure to Plaintiff.

## II. ANALYSIS

This issue does not require belabored review and analysis. The privilege log which Under Armour provided to Plaintiff's counsel here should have been sufficient, ending the inquiry and obviating the need for the Court's involvement. In fact, in the course of virtually all other such civil litigation in this Court, direct communication from one counsel to the other as occurred here, when Under Armour contacted Plaintiff, would have resolved the issue.[2]

Nothing about Under Armour's privilege log leads to the conclusion that Under Armour has waived any privilege with respect to the materials in question. Nothing about Local Rule 26.04(a) or Fed. R. Civ. P. 26(b)(5)(A) directs such a harsh result in this context. In any case, the undersigned conducted an in camera review of the materials at issue. They are of the sort of

---

[2] Not for nothing, Boucher's counsel responded almost immediately to Under Armour's counsel that he would delete the materials at issue. Would that discovery issues in this matter be so easily resolved.

privileged and confidential materials contemplated as protected under the Protective Order. [ECF No. 35]. Thus, the materials need not be disclosed to Plaintiff, and Plaintiff's counsel must confirm that they have deleted and destroyed the materials at issue.

### III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, Under Armour's motion [ECF No. 397] is hereby **GRANTED**. It is so **ORDERED**. It is further **ORDERED** that Plaintiff's counsel shall <u>immediately</u> delete and destroy the materials in question, and confirm deletion and destruction of the same in writing by e-mail communication to Plaintiff's counsel, copying the undersigned's law clerk at nathan_fetty@wvnd.uscourts.gov.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: May 27, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

4