IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                             **CIVIL ACTION NO. 1:19CV160**
                                                                 **(Judge Keeley)**

**UNDER ARMOUR, INC.;**
**UNDER ARMOUR RETAIL, INC.; and**
**BRIAN BOUCHER;**

    **Defendants.**

**MEMORANDUM ORDER AND OPINION VACATING**
**IN PART THE COURT'S PRIOR ORDER [DKT. NO. 290]**

**I.**

On December 4, 2020, the Court heard argument on the motion of the defendants, Under Armour, Inc. and Under Armour Retail, Inc. (collectively, "Under Armour"), to certify the following legal questions to the West Virginia Supreme Court of Appeals:

    Question One: Whether an "employer" as defined in West Virginia Code § 5-11-3(d) means one who employs twelve or more persons working within the state for twenty or more calendar weeks in the calendar year the discrimination allegedly took place or in the preceding calendar year?

    Question Two: Whether a corporate employer is a "person" as defined in West Virginia Code § 5-11-3(a), regardless of whether it is also an "employer" as defined in § 5-11-3(d)?

(Dkt. No. 290). In a Memorandum Opinion and Order on March 5, 2021, the Court granted the pending motion.

Case 1:19-cv-00160-IMK-MJA   Document 438   Filed 06/11/21   Page 2 of 5   PageID #: 4821

PAJAK V. UNDER ARMOUR                                              1:19CV160
**MEMORANDUM ORDER AND OPINION VACATING
IN PART THE COURT'S PRIOR ORDER [DKT. NO. 290]**

**II.**

Since agreeing to certify these questions, the Court has further considered controlling precedent from the West Virginia Supreme Court of Appeals and now concludes that its prior decision to certify Question One was in error. Accordingly, for the reasons that follow, it **VACATES** that part of its prior Memorandum Opinion and Order certifying Question One (Dkt. No. 290).

**III.**

"A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits." Volvo Const. Equip. N. Am. v. CLM Equip. Co., Inc., 386 F.3d 581, 599-600 (4th Cir. 2004) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938)). In West Virginia, "[w]hen a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 1, W. Va. Radiologic Technology Bd. v. Darby, 427 S.E.2d 486 (W. Va. 1993).

West Virginia has enacted the Uniform Certification of Questions of Law Act, ("UCQLA"), W. Va. Code § 51-1A-1, et seq., which provides:

> The Supreme Court of Appeals of West Virginia may answer a question of law certified to it by any court of the United States . . . if the answer may be determinative of an issue in a pending case in the certifying court

and if there is no controlling appellate decision, constitutional provision or statute of this state.

W. Va. Code § 51-1A-3.

### IV.

Previously, the Court determined that Question One was appropriate for certification because West Virginia law was unclear as to whether Under Armour employees living in West Virginia but working in another state satisfied the numerosity requirement of the West Virginia Human Rights Act ("WVHRA"). Upon further consideration, however, the Court concludes that controlling precedent from the West Virginia Supreme Court of Appeals resolves this issue.

Under the WVHRA, "the term 'employer' means . . . any person employing twelve or more persons within the state for twenty or more calendar weeks in the calendar year in which the act of discrimination allegedly took place or the preceding calendar year." W. Va. Code § 5-11-3(d). In Williamson v. Greene, 490 S.E.2d 23, 28 (W. Va. 1997), the Supreme Court of Appeals held that this statutory definition is "clear and unambiguous and should not be interpreted but instead, should be applied as written." Id. at 28 ("[Section] 5-11-3(d) clearly and unambiguously provides that an 'employer,' for purposes of the West Virginia Human Rights Act, means 'any person employing twelve or more persons within the

state[.]'"); see also Kalany v. Campbell, 640 S.E.2d 113, 116 (W. Va. 2006) (noting with approval the circuit court's determination that the defendant "did not meet the definition of an 'employer' under the Act because he employed less than twelve employees.").

Per Williamson, the Court is not permitted to interpret or construe the WVHRA's definition of an "employer," but instead, must apply the statute as written. The term "employ" means "to make use of" or "to commission and entrust with performance of certain acts or functions." EMPLOY, Black's Law Dictionary (11th ed. 2019). The plain language of the WVHRA thus mandates that an "employer" have at least twelve employees who perform their assigned tasks and responsibilities within the State of West Virginia. In other words, to qualify as an "employer" under the WVHRA an entity must have at least twelve employees actually working in the State.

Undoubtedly, employees working at a brick and mortar location in West Virginia or performing their job responsibilities from a remote workplace located in West Virginia satisfy this requirement. But here, discovery has established that, in the relevant 2017 and 2018 calendar years, although more than twelve Under Armour employees lived in West Virginia, fewer than twelve worked in the State. And, as Williamson and Kalany teach, West

Virginia citizenship alone is insufficient to satisfy the WVHRA's numerosity requirement.

During 2017 and 2018, no Under Armour employee worked from a brick and mortar location in West Virginia, and only two employees worked remotely from a location in West Virginia. One of these was the Plaintiff. All other Under Armour employees living in West Virginia commuted to a workplace in another state. Therefore, as fewer than twelve Under Armour employees performed their job responsibilities within the State of West Virginia in 2017 and 2018, Under Armour does not meet the numerosity requirement of § 5-11-3(d) and is not an "employer" under the WVHRA.

**V.**

In conclusion, the Court **VACATES** its prior decision to certify Question One because Under Armour is not an employer pursuant to § 5-11-3(d) of the WVHRA. Its decision to certify Question Two remains unchanged.

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Memorandum Opinion to counsel of record.

DATED: June 11, 2021.

> /s/ Irene M. Keeley
> IRENE M. KEELEY
> UNITED STATES DISTRICT JUDGE