IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYNTHIA D. PAJAK,**

        **Plaintiff,**

v.                                CIVIL ACTION NO. 1:19CV160
                                               (Judge Keeley)

**UNDER ARMOUR, INC.;**
**UNDER ARMOUR RETAIL, INC.; and**
**BRIAN BOUCHER;**

        **Defendants.**

**MEMORANDUM ORDER AND OPINION DENYING BRIAN
BOUCHER'S MOTION TO CERTIFY QUESTION TO THE WEST
VIRGINIA SUPREME COURT OF APPEALS [DKT. NO. 297]**

**I.**

On March 5, 2021, the Court granted the motion of the defendants, Under Armour, Inc., and Under Armour Retail, Inc. (collectively, "Under Armour"), to certify a legal question to the Supreme Court of Appeals of West Virginia (Dkt. Nos. 130; 290) and it proposed the following questions for certification:

1. Whether an "employer" as defined in West Virginia Code § 5-11-3(d) means one who employs twelve or more persons working within the state for twenty or more calendar weeks in the calendar year the discrimination allegedly took place or in the preceding calendar year?

2. Whether a corporate employer is a "person" as defined in West Virginia Code § 5-11-3(a), regardless of whether it is also an "employer" as defined in § 5-11-3(d)?

(Dkt. No. 290 at 16).

**MEMORANDUM ORDER AND OPINION DENYING BRIAN BOUCHER'S MOTION TO CERTIFY QUESTION TO THE WEST VIRGINIA SUPREME COURT OF APPEALS [DKT. NO. 297]**

On March 15, 2021, the parties provided their respective comments and proposed reformulations of these questions (Dkt. Nos. 297, 298, 299). In addition, the defendant, Brian Boucher ("Boucher"), moved the Court to certify a third legal question:

> Whether a cause of action under the West Virginia Human Rights Act may properly be maintained against a "person" as defined in West Virginia Code Section 5-11-3(a) based upon an alleged violation of [West Virginia] Code Section 5-11-9(7) when the employer of both the complaining employee and employee's supervisor is not a covered "employer" under the Act as defined in West Virginia Code Section 5-11-3(d)?

(Dkt. No. 297 at 1). For the reasons that follow, the Court **DENIES** Boucher's motion to certify this question to the Supreme Court of Appeals (Dkt. No. 297).

## II.

Certification of Boucher's proposed question is inappropriate under the Uniform Certification of Questions of Law Act, ("UCQLA"), W. Va. Code § 51-1A-1, et seq., because controlling precedent from the Supreme Court of Appeals resolves this issue.

## III.

In 2012, Under Armour hired the plaintiff, Cynthia Pajak ("Pajak"), as its "Regional Director - East and Canada" (Dkt. No. 291 at 4). Her direct supervisor was Boucher, Under Armour's "Head of Stores - NA and Global Retail Operations." Id. Count II of Pajak's amended complaint states a claim for Violations of the

**MEMORANDUM ORDER AND OPINION DENYING BRIAN
BOUCHER'S MOTION TO CERTIFY QUESTION TO THE WEST
VIRGINIA SUPREME COURT OF APPEALS [DKT. NO. 297]**

West Virginia Human Rights Act against Under Armour and Boucher. Id. at 17.

In its Memorandum Opinion and Order dated June 11, 2021, the Court concluded that, because Under Armour did not employ twelve employees within the State of West Virginia, it is not an "employer" under the WVHRA (Dkt. No. 438). Boucher contends that "if his employer cannot be held responsible under the WVHRA per the numerosity requirement of the [WVHRA], then [neither can he] as his only contact with [Pajak] was through his employment with Under Armour" (Dkt. No. 297 at 2).

"A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits." Volvo Const. Equip. N. Am. v. CLM Equip. Co., Inc., 386 F.3d 581, 599-600 (4th Cir. 2004) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79 (1938)). In West Virginia, "[w]hen a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 1, W. Va. Radiologic Technology Bd. v. Darby, 427 S.E.2d 486 (W. Va. 1993).

Under the WVHRA, a "person" is "one or more individuals, partnerships, associations, organizations, corporations, labor organizations, cooperatives, legal representatives, trustees,

Case 1:19-cv-00160-IMK-MJA   Document 439   Filed 06/11/21   Page 4 of 6 PageID #: 4828

PAJAK V. UNDER ARMOUR                                              1:19CV160
**MEMORANDUM ORDER AND OPINION DENYING BRIAN
BOUCHER'S MOTION TO CERTIFY QUESTION TO THE WEST
VIRGINIA SUPREME COURT OF APPEALS [DKT. NO. 297]**

trustees in bankruptcy, receivers and other organized groups of persons." Id. § 5-11-3(a). The Supreme Court of Appeals "[has] liberally construed [the WVHRA] to accomplish its objectives and purposes." Conrad v. ARA Szabo, 480 S.E.2d 801, 815 (1996) (citing W. Va. Code § 5-11-15). Accordingly, it has held that the WVHRA imposes liability on a variety of defendants, including other persons and employees. See e.g., Syl. Pt. 4, Holstein v. Norandex, Inc., 461 S.E.2d 473, 476 (W. Va. 1995) ("A cause of action may be maintained by a plaintiff . . . against another employee under the [WVHRA].") Sly. Pt. 9, Hanlon v. Chambers, 464 S.E.2d 741 (W. Va. 1995) ("A supervisory employee can state a claim for relief against an employer on the basis of a hostile work environment created by one or more subordinate employees . . . ."); Michael v. Appalachian Heating, LLC, 701 S.E.2d 116, 117–18 (2010) ("An insurance company is included within the meaning of the term "person" as used in W. Va. Code § 5-11-9(7).").

As an individual, Boucher is a "person" to whom the WVHRA applies. This is so regardless of the fact that he only interacted with Pajak as an Under Armour employee and the WVHRA may not apply to Under Armour. See Holstein, 461 S.E.2d at 476 (holding that the plaintiff's former manager was a "person" who aided and abetted their employer's unlawful act of discrimination). Despite Boucher's contention otherwise, the WVHRA does not require the

Case 1:19-cv-00160-IMK-MJA Document 439 Filed 06/11/21 Page 5 of 6 PageID #: 4829

PAJAK V. UNDER ARMOUR                                          1:19CV160

**MEMORANDUM ORDER AND OPINION DENYING BRIAN
BOUCHER'S MOTION TO CERTIFY QUESTION TO THE WEST
VIRGINIA SUPREME COURT OF APPEALS [DKT. NO. 297]**

plaintiff's employer to be found liable prior to a plaintiff's assertion of supervisory liability. As such, it would be inappropriate for the Court to read such a requirement into the WVHRA. See Banker v. Banker, 474 S.E.2d 265, 476-477 (W. Va. 1996) ("It is not for [courts] arbitrarily to read into [a statute] that which it does not say.").

In support of his motion to certify, Boucher points out that, in Williamson v. Greene, 490 S.E.2d 23 (W. Va. 1997), a circuit court certified the following question to the Supreme Court of Appeals:

> III. Question: Can an employee maintain an action directly against her supervisor for sexual discrimination/harassment under the West Virginia Human Rights Act for actions of a "statutory employer" even though the employer of both the accused supervisor and complaining employee lacks a sufficient number of employees to be subject to the West Virginia Human Rights Act?

Id. at 26. The Williamson court, however, declined to answer this question because the plaintiff never addressed it in her brief. Id. at n.12.

Even so, the question presented in this case substantially differs from that in Williamson. There, the plaintiff sought to hold her former supervisor liable for her former employer's discriminatory conduct. Here, Pajak argues that Boucher is liable for his own discriminatory acts. Specifically, Pajak alleges that

Case 1:19-cv-00160-IMK-MJA Document 439 Filed 06/11/21 Page 6 of 6 PageID #: 4830

PAJAK V. UNDER ARMOUR                                                   1:19CV160

**MEMORANDUM ORDER AND OPINION DENYING BRIAN
BOUCHER'S MOTION TO CERTIFY QUESTION TO THE WEST
VIRGINIA SUPREME COURT OF APPEALS [DKT. NO. 297]**

Boucher placed her on a pretextual performance improvement plan prior to terminating her in retaliation for reporting problematic workplace conduct that constituted a hostile work environment.

Therefore, the plain language of the WVHRA and the controlling precedent from the Supreme Court of Appeals establish that Boucher is a person as defined in § 5-11-3(a) who may be liable to Pajak under the WVHRA for his own unlawful discriminatory conduct regardless of whether the WVHRA also applies to Under Armour.

### IV.

For the reasons discussed, the Court **DENIES** Boucher's motion to certify.

It is so **ORDERED**.

The Clerk **SHALL** transmit copies of this Memorandum Opinion to counsel of record.

DATED: June 11, 2021.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
