IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

      **Plaintiff,**

**v.**                                    **Civil Action No. 1:19-CV-160**
                                                   **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART UNDER ARMOUR'S MOTION
[ECF NO. 430] FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S
SECOND AMENDED NOTICE OF VIDEOGRAPHIC RULE 30(B)(6) DEPOSITION**

Presently pending before the Court is Under Armour, Inc. and Under Armour Retail, Inc.'s

("Under Armour") Motion for Protective Order Regarding Plaintiff's Second Amended Notice of

Videographic Rule 30(b)(6) Deposition [ECF No. 430], filed on June 7, 2021. Also, the Court is

in receipt of Plaintiff's response in opposition, thereto [ECF No. 448], filed on June 21, 2021.

Finally, the Court is in receipt of Under Armour's reply [ECF No. 460] in support of its motion,

filed on June 28, 2021.

By Order [ECF No. 472] dated July 20, 2021, Senior United States District Judge Irene M.

Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to

appropriate disposition.[1]

---

[1] In a related matter, Civil Action No. 1:21-MC-25, a discovery dispute involving these parties was
transferred to this District. Ultimately, the matter was referred to the undersigned. In the Memorandum
Opinion and Order entered therein on July 12, 2021 [ECF No. 21, n. 5 in Civil Action No. 1:21-MC-25],
the undersigned indicated that the instant dispute regarding Under Armour's Rule 30(b)(6) was not one he

On July 21, 2021, the undersigned Magistrate Judge conducted a hearing on the subject motion and other referred matters, and took the parties' arguments under advisement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By Order of March 8, 2021, Judge Keeley allowed Plaintiff to amend her Complaint to add claims for intentional spoliation, and has allowed for further limited discovery on those claims. [ECF No. 292]. Thus, Plaintiff has given notice of a deposition of Under Armour's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff has given notice as to broader areas of inquiry of such a Rule 30(b)(6) witness. But Plaintiff also takes particular issue with Under Armour's timing and manner of production, in discovery, of electronic devices which were in use by Under Armour employees, including those who are parties to this litigation. Thus, Plaintiff's notice also relates to electronic devices. The undersigned has been referred several discovery disputes centered upon these electronic devices and is familiar with the background of those disputes. And more broadly, having heard a number of other discovery disputes in this matter, the undersigned is familiar with the context for Plaintiff's broader areas of inquiry.

In the pending motion, Under Armour objects to 15 topic areas set forth in Plaintiff's Second Amended Notice of Videographic Rule 30(b)(6) Deposition[2].

## II. ISSUES, ANALYSIS, AND DISPOSITION

Before evaluating the particular areas of inquiry for the deposition which are in dispute, the undersigned first addresses a threshold issue concerning a dispute about the timeliness of Under Armour's motion and the parties' related "meet and confer" attempts.

---

was addressing in that Order. Of course, the matter since has been referred to the undersigned and now is the subject of the instant Order.

[2] This notice is included as Exhibit B to Under Armour's motion. [ECF No. 430-2].

## A. Timeliness of Motion and "Meet and Confer" Attempts

Plaintiff argues that Under Armour's motion is untimely and that Under Armour's attempts to meet and confer were inadequate, such that the motion should be denied before even reaching its merits. Given the sustained acrimony evident in the recurring discovery disputes in this matter, the undersigned is not surprised to see this kind of argument, nor does the undersigned intend to give it much attention.

In providing notice of a deposition of an organization, "[b]efore or promptly after the notice . . . is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6). Similarly, in seeking a protective order from such a notice of deposition (or other discovery request), the movant must certify, as part of a motion for protective order, "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Also, before such a motion for protective order is filed, counsel are required to "make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent." LR Civ. P. 26.04(b).

Plaintiff complains that Under Armour did not respond to her efforts to meet and confer about the matters she proposed for Rule 30(b)(6) deposition of Under Armour. Plaintiff also complains that Under Armour did not adequately attempt to confer prior to filing its motion for protective order here. Further, Plaintiff complains that Under Armour waited too long to raise the issues in its motion, as Plaintiff first shared her proposed areas of inquiry for the deposition on April 7, 2021, while Under Armour did not file its motion until June 7, 2021.

In response, on the meet and confer issue, Under Armour complains that it attempted to meet and confer with Plaintiff's counsel, but that Plaintiff's counsel was not available prior to the

deadline to complete discovery. And as to timeliness of Under Armour's motion, the parties apparently had settled on a deposition date of June 30, 2021. Thus, according to Under Armour, its motion was filed timely, some weeks in advance of the deposition date. Under Armour asserts that it made good faith efforts, and that in any case, counsel eventually did connect with one another, albeit late, on June 14, 2021 to discuss Under Armour's concerns.

The summary above demonstrates that counsel are talking (indeed, arguing) past one another. As such, the undersigned cannot assign blame for the issue entirely to one side or the other. Accordingly, the undersigned declines to find that the motion is so untimely or that Under Armour's meet and confer attempts were so insufficient that the motion should be denied for one or both of those reasons before reaching the merits.

### B. Particular Areas of Inquiry in Dispute

The undersigned takes, in turn, the 15 particular topic areas which are in dispute related to a Rule 30(b)(6) deposition.

### *1. Topic 9*

Plaintiff Rule 30(b)(6) testimony "with regard to all evidence responsive to Ms. Pajak's discovery requests in this case that no longer exists and the reason or reasons that the evidence no longer exists." Under Armour objects because of the breadth of the inquiry. Under Armour indicates that it would produce a representative to speak to particular evidence identified in Plaintiff's amended complaint, such as MyGamePlan and HR Analytics. Under Armour further objects if Plaintiff seeks Rule 30(b)(6) testimony about text messages which co-Defendant Brian Boucher ("Boucher") deleted, as Boucher himself is the party to whom Plaintiff should direct such inquiry.

At the hearing before the undersigned on July 21, 2021, the undersigned indicated to Plaintiff that the area of inquiry as stated indeed was much too broad. The undersigned thus instructed Plaintiff to provide to the Court and Under Armour, by July 22, 2021, a list of particular items about which Plaintiff wishes to inquire of a Rule 30(b)(6) witness. The undersigned further instructed Under Armour to provide a response to Plaintiff's list by July 26, 2021, copying Plaintiff. The undersigned is in receipt of these submissions.

Plaintiff provided a list of 13 items which she alleges to have been spoliated, about which she requests to inquire of a Rule 30(b)(6) witness. Under Armour objected to nearly all of these items. The undersigned takes each of the 13 items in turn (a. through m., below).

a.  Brian Boucher's missing laptop(s) issued prior to November 2018.

As to Boucher's missing laptop(s) issued prior to November 2018, Under Armour is correct that spoliation of this item is not at issue. Under Armour has represented in discovery that the item was stolen abroad in November 2018. Plaintiff does not allege that the item was spoliated. Thus, the item does not relate to her spoliation claims. Moreover, the laptop which Under Armour subsequently issued to Boucher and which he possessed until the time of separation of employment from Under Armour, has been made available to Plaintiff. That later-issued laptop has been the subject of exhaustive discovery efforts and resulting disputes. Plaintiff has acquired what she needs and what is reasonably available in this regard. Accordingly, Under Armour's motion here is **GRANTED in part**.

b.  Brian Boucher's laptop issued November 2018 and files deleted therefrom.

As to Boucher's laptop issued to him in November 2018 and files deleted from it, Plaintiff may inquire of a Rule 30(b)(6) witness. Although this laptop has been the subject of forensic and physical inspection, and files apparently deleted from it are recoverable, this is reasonably related

to Plaintiff's spoliation claims. Based on her forensic review, Plaintiff believes files of

consequence were deleted from this laptop. Whether that amounts to intentional spoliation and

whether the deleted files were material or probative is, of course, for determination in a later stage

of this case. But Plaintiff should be able to explore that question with a witness of the entity (Under

Armour) that issued the laptop, took possession of it upon Boucher's separation from employment,

and otherwise housed it. Accordingly, Under Armour's motion here is **DENIED in part**.

    c.   <u>Brian Boucher's missing iPad</u>.

    As to Boucher's iPad, inquiry here also is reasonably related to Plaintiff's spoliation claims.

While Under Armour objects because it says there is reason to believe that Boucher never used the

iPad issued to him, it nonetheless is a digital device issued from one Defendant to another. Plus,

Under Armour exercised at least some form of custody or control over it. Accordingly, Under

Armour's motion here is **DENIED in part.**

    d.   <u>Brian Boucher's missing cell phone and contents deleted therefrom, including, but not limited to, text messages and photographs</u>.

    As to Boucher's cell phone and deleted contents, inquiry here also is reasonably related to

Plaintiff's spoliation claims. While Plaintiff previously deposed a Rule 30(b)(6) witness about the

cell phone, that was before Plaintiff was permitted to bring her spoliation claims. Thus, Plaintiff

should be permitted to inquire in light of the new allegations. It is a is a digital device used by one

Defendant in the course of employment by another Defendant. Accordingly, Under Armour's

motion here is **DENIED in part.**

    e.   <u>K.G.'s texts and photographs exchanged with Brian Boucher and shared with Jim Toner and/or Megan McClain</u>.

    As to K.G.'s texts and photographs, it appears that these materials were preserved and

produced. Thus, it is unclear what bearing they have on any allegation as to spoliation or how it is

appropriate to inquire about them under the permitted, yet limited, discovery as to spoliation. Accordingly, Under Armour's motion here is **GRANTED in part**.

    f.   Tara Stewart's cell phone and contents deleted therefrom.

      As to Tara Stewart's cell phone and contents deleted from it, Under Armour indicates that it is agreeable to producing a Rule 30(b)(6) witness about Under Armour's efforts to locate this cell phone. Under Armour is not agreeable to producing a witness regarding possible deletions from the phone. Although Under Armour apparently had some custody or control of the cell phone, it rightly states that, without locating the phone, it cannot produce a witness concerning the phone's contents or deletion thereof. Accordingly, Under Armour's motion here is **GRANTED in part** to the extent Plaintiff seeks to inquire beyond Under Armour's efforts to locate this cell phone.

    g.   Contents deleted from Melisa Miller's ("Miller") cell phone.

      As to Miller's cell phone, Miller was Under Armour's Vice President of Human Resources. She had some role in discussions about Plaintiff's job performance. Miller since has resigned from Under Armour. Under Armour states that it does not possess Miller's phone, as Miller did not turn over the phone to Under Armour upon her resignation. Moreover, according to Under Armour, in her deposition, Miller stated that she had no text messages responsive to a subpoena by Plaintiff. The undersigned agrees that Under Armour should not have to produce a Rule 30(b)(6) witness here. This is a cell phone of a non-party, which Under Armour does not possess. Accordingly, Under Armour's motion here is **GRANTED in part**.

    h.   M.D.'s statements and complaints (those made regarding Joey McKenna as well as those made with regard to the Under Armour Human Resources Business Partner).

      As to M.D.'s statement and complaints, M.D. was the manager of an Under Armour retail store in Clarksburg, Maryland who allegedly witnessed unprofessional behavior by other employees. M.D.'s complaints eventually were conveyed to higher-level management, including

7

Plaintiff. Apparently, Plaintiff already has deposed M.D. in the course of earlier discovery in this matter. But more to the point, it is unclear what relation the incidents at issue here have to do with spoliation. It may be that Plaintiff's protest here arises from Under Armour's inability to produce investigative files related to these incidents, per Plaintiff's earlier discovery requests. But it is unclear how this could be connected, or be relevant, to the spoliation claims at issue. Accordingly, Under Armour's motion here is **GRANTED in part**.

    i.  <u>ESI relating to HR and HR Analytics, including but not limited to MyGamePlan, Halftime Huddle reports, and Dashboards for Ms. Pajak and other individuals who were her peers</u>.

Under Armour is agreeable to producing a Rule 30(b)(6) witness as to some, but not all, of this information. Specifically, Under Armour states it is willing to produce a Rule 30(b)(6) witness as to HR Analytics, but not one as to <u>ESI</u> relating to HR and HR Analytics. Under Armour states it is willing to produce such a witness as to Plaintiff's MyGamePlan profile, including Halftime Huddle reports contained therein, but not one as to <u>ESI</u> regarding MyGamePlan. And Under Armour objects to producing a witness to testify about ESI as to Plaintiff's peers because that is not the type of information which Plaintiff alleges to have been spoliated.

The undersigned agrees with Under Armour here. Just because Plaintiff has alleged spoliation and successfully amended her complaint to lodge those claims does not mean that she should be able to scour for spoliation by revisiting any prior aspects in this matter she chooses. Accordingly, Under Armour's motion here is **GRANTED in part** to the extent Plaintiff seeks to inquire beyond the areas about which Under Armour is agreeable to producing a Rule 30(b)(6) witness.

j.   ESI relating to the performance of Ms. Pajak's territory as well as the territories of her peers.

Under Armour objects to producing a Rule 30(b)(6) witness here. As Under Armour points out, Plaintiff already has obtained discovery about comparative sales metrics in relation to her peers. In fact, the undersigned presided over at least one discovery dispute concerning such information. [ECF No. 199]. Plaintiff has obtained a great deal of information here. And Plaintiff does not allege, so far as the undersigned is aware, that there is any issue with spoliation as to such information or items related thereto. Accordingly, Under Armour's motion here is **GRANTED in part**.

k.   ESI relating to Ms. Pajak's job performance, including One Note and other programs.

Under Armour objects to producing a Rule 30(b)(6) witness here. It is unclear how or whether Plaintiff alleges spoliation with respect to this information. Rather, this appears to be an effort to re-open an area of discovery about which Under Armour disclosed all substantive information in its possession. Accordingly, Under Armour's motion here is **GRANTED in part**.

l.   WEBex chats.

As with the ESI pertaining to Plaintiff's job performance, immediately above, Under Armour objects to producing a Rule 30(b)(6) witness here. And, similarly, it is unclear how or whether Plaintiff alleges spoliation with respect to such chats, especially considering this platform was not in use during the time of her employment at Under Armour. Accordingly, Under Armour's motion here is **GRANTED in part**.

m.   Cisco Jabber chats.

As with the Webex chats summarized immediately above, Under Armour objects to producing a Rule 30(b)(6) witness here. And, similarly, it is unclear how or whether Plaintiff alleges spoliation with respect to such chats, or how any such chats contain or would lead to

evidence related to the claims and defenses here. Accordingly, Under Armour's motion here is **GRANTED in part**.

*2. Topic 10*

Plaintiff seeks Rule 30(b)(6) testimony regarding Under Armour's compliance with state and federal law governing records retention, including human resources records and Sarbanes Oxley records. At the hearing before the undersigned on July 21, 2021, Under Armour indicated that it does not have a policy for retention of human resources records. However, Under Armour also indicated that if Plaintiff wishes to inquire about Under Armour's protocols and processes otherwise for handling human resources records, then Under Armour could make such a witness available.

Further, Under Armour objected outright to producing a witness as to Sarbanes Oxley compliance, as retention of financial information is not at issue in this case. And Under Armour objected to providing a witness for compliance with state and federal law writ large, but noted that if Plaintiff would specify which laws are in question, then it would endeavor to make a Rule 30(b)(6) witness available.

The undersigned concluded on the record at the aforementioned hearing that the topic as set forth here is too broad. The undersigned **DIRECTED** that Plaintiff may inquire of a Rule 30(b)(6) witness only as to (a) Under Armour's procedures and protocols, to the extent they exist, for retention of human resources records and (b) Under Armour's compliance with state and federal law as to employment issues and for litigation holds/notices related thereto.

Accordingly, Under Armour's motion here is **GRANTED in part** to the extent Plaintiff seeks to inquire beyond the areas about which Under Armour is directed to produce a Rule 30(b)(6) witness as set forth here.

*3. Topic 11*

Plaintiff here seeks Rule 30(b)(6) testimony regarding Under Armour's "obligations and requirements for record retention as a publicly traded company." As with Topic 10, immediately above, the undersigned indicated during the hearing on July 21, 2021 that this is too broad of an area of inquiry. To the extent, if any, which Under Armour's status as a publicly traded company requires retention of human resources records, then Under Armour must produce a Rule 30(b)(6) witness to testify as to the same. Otherwise, Plaintiff's requested area of inquiry is too broad.

Accordingly, Under Armour's motion here is **GRANTED in part** to the extent Plaintiff seeks to inquire beyond the areas about which Under Armour is directed to produce a Rule 30(b)(6) witness as set forth here.

*4. Topic 12*

Plaintiff seeks Rule 30(b)(6) testimony regarding all actions taken by Steven Kitchen ("Kitchen") in making his sworn statement [ECF No. 233] provided earlier in this litigation concerning his review of a laptop Boucher used while employed at Under Armour. Kitchen is an IT professional on-site at Under Armour's headquarters and who works for a third-party vendor, HCL Technologies, providing IT services. Kitchen has been involved in searching for, locating, and examining one or more electronic devices which Plaintiff has sought in connection with her spoliation claims, including Boucher's laptop.

Plaintiff deposed Kitchen on June 9, 2021. In fact, the undersigned actually was present, by videoconference, for much of Kitchen's deposition, having been called upon by the parties to resolve a series of disputes arising in the course of that deposition. It is unclear, then, what still is in dispute here. To the extent which Plaintiff seeks a representative under Rule 30(b)(6) to testify as to the logistics of how Kitchen was directed to prepare the declaration in question, then that is

11

permissible. However, Plaintiff is cautioned, as has been the case in other orders on this topic, that

she may not inquire as to privileged attorney-client communications as to Kitchen.

Accordingly, Under Armour's motion here is **GRANTED in part** to the extent Plaintiff

seeks to inquire beyond the areas which are permissible as set forth here.

*5. Topic 13*

Plaintiff seeks Rule 30(b)(6) testimony regarding the declaration of Ms. Dana Olson

("Olson"). Olson works for third-party e-discovery vendor JND eDiscovery ("JND"). Olson and

JND provide litigation support to Under Armour and its outside counsel in this matter. Olson

previously provided a sworn statement in this matter [ECF No. 230] regarding efforts to image

text messages from Boucher's iPhone used in the course of his employment by Under Armour.

As with Topic 12, above, to the extent which Plaintiff seeks a representative under Rule

30(b)(6) to testify as to the logistics of how Olson was directed to prepare the declaration in

question, then that is permissible. However, Plaintiff is cautioned, as has been the case in at least

one other order on this topic[3], that she may not inquire as to privileged attorney-client

communications as to Olson.

Accordingly, Under Armour's motion here is **GRANTED in part** to the extent Plaintiff

seeks to inquire beyond the areas about which Under Armour is directed to produce a Rule 30(b)(6)

witness as set forth here.

---

[3] Plaintiff's efforts to obtain other discovery directly from JND and Olson were the subject of a prior Memorandum Opinion and Order issued by the undersigned in a companion matter noted above, Case No. 1:21-MC-27. [ECF No. 38 in Case No. 1:21-MC-27].

*6. Topics 14, 15, 16, and 20*

As for Topic 14, Plaintiff seeks Rule 30(b)(6) testimony regarding the factual basis for a statement made by Under Armour counsel Justin Harrison during a hearing before the undersigned on January 29, 2021 concerning efforts to examine the contents of Boucher's laptop.

As for Topic 15, Plaintiff seeks Rule 30(b)(6) testimony regarding the factual basis for a statement made by Under Armour counsel Grace Hurney during a hearing on January 29, 2021 before the undersigned. It is unclear exactly to which statement Plaintiff is referring but it appears to have some bearing on a litigation hold for Boucher's laptop for an unrelated lawsuit.

As for Topic 16, Plaintiff seeks Rule 30(b)(6) testimony regarding the litigation hold her counsel asserted as to Plaintiff's laptop which Under Armour had issued to her during the term of her employment, and the factual basis for a statement related to the same by Under Armour counsel Grace Hurney during a hearing in this matter on January 29, 2021 before the undersigned.

As for Topic 20, Plaintiff seeks testimony regarding the factual basis for a statement made by Under Armour counsel Justin Harrison during hearing on March 4, 2021 before Judge Keeley regarding whether Under Armour knew, on March 15, 2019, that there were missing text messages of Boucher's.

Under Armour's arguments here are that (a) as to Plaintiff's laptop, it since has been located and Plaintiff has had an opportunity to examine it, such that these areas of inquiry are stale, and (b) as for Boucher's text messages, evidence thus far is that deletions of texts were done by Boucher alone, without direction from or involvement of Under Armour, such that Under Armour cannot produce a Rule 30(b)(6) witness on this topic.

More to the point, however, and what is evident to the undersigned, is that these areas of inquiry are designed to impugn opposing counsel. There is nothing in the undersigned's review of

the record, or in numerous interactions in discovery hearings in this matter, to suggest that these counsel of Under Armour's have been anything other than forthright. From the undersigned's experience in this matter, Under Armour's counsel have conveyed to the Court the best information available to them (and available to their client representatives) about the evolving nature of discovery here. The undersigned refuses to permit these lines of inquiry.

Accordingly, Under Armour's motion here is **GRANTED in part.**

### 10. Topic 22

As for Topic 22, Plaintiff seeks Rule 30(b)(6) testimony as to why Under Armour failed to inspect the phone issued to Boucher before returning it to him. On this topic, Under Armour is willing to produce such a witness to testify as to why the phone was not inspected, but objects to the characterization of it being a "failure" to do so when Under Armour at the time had no duty to inspect the phone.

The undersigned understands and notes Under Armour's objection to the characterization. Nonetheless, Plaintiff will be permitted to make inquiry here. Accordingly, Under Armour's objection here is **DENIED in part**.

### 11. Topics 27 and 28

As to Topic 27, Plaintiff seeks Rule 30(b)(6) testimony as to Under Armour not retaining investigative files regarding complaints by M.D. As to Topic 28, Plaintiff seeks Rule 30(b)(6) testimony about destruction of any written statements M.D. made and of documents related to M.D.'s complaints. These topics are similar to issues addressed as to M.D. in Section (B)(1)(h), above. As previously noted, it is unclear what relation the incidents at issue here have to do with the spoliation alleged in Plaintiff's amended complaint. Instead, it appears to be an effort to re-

litigate discovery from another context. Accordingly, Under Armour's motion here is **GRANTED in part**.

### 13. Topics 41 and 42

As to Topic 41, Plaintiff seeks Rule 30(b)(6) testimony concerning Under Armour's investigation to determine what statement Nicole "Nikki" Finck ("Finck") made during a panel discussion at "Relativity Fest" in 2019, and Under Armour's findings and conclusions therefrom. Finck is a paralegal who works for Under Armour's in-house legal department. She has performed work on this litigation and otherwise. In the course of her work, she utilizes a platform called "Relativity" to manage documents for e-discovery. "Relativity Fest" is a conference devoted to e-discovery issues, and Finck was part of a panel discussion during the 2019 conference. Plaintiff has alleged that Finck made statements during the panel discussion about employees deleting texts and Under Armour having trouble with prior e-discovery management platforms.

As noted above, the undersigned addressed a similar discovery dispute in a related matter, Civil Action No. 1:21-MC-25 [ECF No. 21]. There, Under Armour sought to quash a subpoena of Finck, as impermissibly attempting to obtain attorney-client communications and attorney work product. In the instant motion, Under Armour likewise claims that this area of inquiry treads on the attorney-client privilege and work product protections.

In the related matter, the undersigned ordered that the Plaintiff may depose Finck, but only as to non-privileged matters, and only as to statements she made during the aforementioned panel discussion regarding employee text message retention. However, Plaintiff's desired line of inquiry here is of a different stripe. That is, Plaintiff wishes to inquire as to Under Armour's subsequent investigation of Finck's statements at this conference. Under Armour rightly objects to this being an impermissible attempt to pierce attorney-client privilege and the protections of the work product

doctrine. Consistent with the undersigned's conclusion in the companion matter addressing Finck's presentation, Under Armour may not inquire of a Rule 30(b)(6) witness as to such an investigation. Accordingly, Under Armour's motion here as to Topic 41 is **GRANTED in part.**

As to Topic 42, relatedly, Plaintiff seeks Rule 30(b)(6) testimony about Finck's authority to make the remarks she did at this conference. Under Armour objects because Plaintiff does not identify the specific remarks in question. However, based on past litigation of this issue, Under Armour is well-aware of which remarks Plaintiff alleges Finck made. Under Armour also objects to "authority" being vague, but this is a commonsense determination in such context. Plaintiff may inquire of a Rule 30(b)(6) witness here. Nonetheless, to reiterate, Plaintiff may not inquire of information that is privileged and confidential. Accordingly, Under Armour's motion here as to Topic 42 is **DENIED in part**

### 15. Topic 45

As to Topic 45, Plaintiff seeks Rule 30(b)(6) testimony regarding Under Armour's Litigation Response Plan. Under Armour objects because Plaintiff does not define "Litigation Response Plan." This is a topic about which the parties and their counsel should be able to easily come to a common understanding without the Court's involvement. Plaintiff is **DIRECTED** to, forthwith, provide to Under Armour a reasonable and commonsense explanation about this area of inquiry so as to allow Under Armour to locate and designate an appropriate representative to provide deposition testimony as to the same. Under Armour is **DIRECTED** to then make such a witness available for Rule 30(b)(6) deposition. Should the parties be unable to quickly arrive at a common understanding and agreement here, the undersigned invites counsel for the parties to contact chambers staff to arrange for further hearing on the same. Accordingly, Under Armour's motion here is **DENIED in part**, with the parties to develop a common understanding, with or

without the Court's assistance, as to the scope and subject of this topic for this portion of the Rule 30(b)(6) deposition.

### III. CONCLUSION

Based on the foregoing, and as set forth more particularly herein, Under Armour's motion is hereby **GRANTED in part** and **DENIED in part**. It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: July 30, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE