IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                             **Civil Action No. 1:19-CV-160**
                                                **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART UNDER ARMOUR'S MOTION TO COMPEL
PLAINTIFF'S RESPONSES TO UNDER ARMOUR'S FIRST SET OF
COMBINED DISCOVERY REGARDING HER SPOLIATION CLAIMS**

Presently pending before the Court is Defendant Under Armour, Inc.'s ("Under Armour") Motion to Compel Plaintiff's Responses to Under Armour's First Set of Combined Discovery Regarding Her Spoliation Claims [ECF No. 431], filed on June 7, 2021. Also, the Court is in receipt of Plaintiff's response in opposition, thereto [ECF No. 449], filed on June 21, 2021. Finally, the Court is in receipt of Under Armour's reply [ECF No. 458] in support of its motion, filed on June 28, 2021.

By Order [ECF No. 473] dated July 20, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

The undersigned Magistrate Judge scheduled a hearing for July 21, 2021 on the subject motion and other referred matters. The hearing was continued to July 27, 2021, whereupon the undersigned heard the parties' arguments and took them under advisement.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

By Order of March 8, 2021, Judge Keeley allowed Plaintiff to amend her Complaint to add claims for intentional spoliation, and has allowed for further limited discovery on those claims. [ECF No. 292]. By its motion, Under Amour seeks, generally speaking, a number of responses from Plaintiff as to how she supports her claims for intentional spoliation and which items of evidence support the necessary elements of such claims. And in response, also generally speaking, Plaintiff argues that she continues to develop discovery in this matter, such that Under Armour's requests here are premature.

## II. SPECIFIC DISCOVERY REQUESTS

The particular discovery requests at issue are as follows. They are grouped together as appropriate where similar information is sought in more than one discovery request.

Interrogatory No. 1 – Under Armour asks Plaintiff to identify all evidence, which Plaintiff believes has been willfully destroyed, which is vital to her claims for intentional spoliation. Under Armour also asks for an explanation of how the evidence which Plaintiff identifies is vital to her claims in this regard, and about how Plaintiff IS unable to prevail on these claims absent the evidence. Under Armour also requests the identity of the party(ies) Plaintiff believes willfully destroyed such evidence.

Interrogatory Nos. 2, 3 – Under Armour seeks (i) evidence that Under Armour intentionally engaged in intentional spoliation here, and (ii) evidence that co-Defendant Brian Boucher ("Boucher") engaged in intentional spoliation here.

Interrogatory No. 4, Request for Production No. 3 – Under Armour seeks information/documentation about Nicole "Nikki" Finck's ("Finck") presentation at Relativity Fest, especially the identity of all individuals who Plaintiff believes heard Finck's statements. Finck is

2

a paralegal who works for Under Armour's in-house legal department. She has performed work on this litigation and otherwise. In the course of her work, she utilizes a platform called "Relativity" to manage documents for e-discovery. "Relativity Fest" is a conference devoted to e-discovery issues, and Finck was part of a panel discussion during the 2019 conference. Plaintiff has alleged that Finck made statements during the panel discussion about Under Armour employees deleting texts and Under Armour having trouble with prior e-discovery management platforms.[1]

Interrogatory No. 9 – Under Armour seeks further specificity about claims that Boucher was inappropriately texting others, including specifics of who received inappropriate text messages and descriptions of these texts. Under Armour also asks when Plaintiff became aware of the texts, the timeframe of the transmission of these texts, and the identity of individuals who may have knowledge of the information which Plaintiff provides in response here.

Request for Production No. 5 – Under Amour seeks text messages from others besides Boucher which relate to texts Boucher deleted from his iPhone.

Request for Production No. 8 – Under Armour seeks all exhibits, recordings, statements, and tangible things relating to Plaintiff's intentional spoliation claims. In response, Plaintiff states that she has produced responsive information. Nonetheless, Under Armour points to the large

---

[1] The undersigned addressed a similar discovery dispute in a related matter, Civil Action No. 1:21-MC-25 [ECF No. 21]. There, Under Armour sought to quash a subpoena of Finck, as impermissibly attempting to obtain attorney-client communications and attorney work product. In the instant motion, Under Armour likewise claims that this area of inquiry treads on the attorney-client privilege and work product protections. The undersigned also addressed Finck's presentation in a related context in the instant matter, by not allowing Plaintiff to inquire of a Rule 30(b)(6) designee about Under Armour's subsequent investigation about Finck's alleged statements. [ECF No. 486]. In short, the undersigned in other orders has permitted inquiry about Finck's presentation at Relativity Fest but only so far as such inquiry does not seek attorney-client communications or attorney work product.

volume of information Plaintiff has produced, and thus requests that Plaintiff provide specificity from the information and materials provided.

### III. ANALYSIS AND CONCLUSION

As a preliminary matter, Plaintiff complains that Under Armour's "meet and confer" obligations were inadequate such that the motion should be denied outright before reaching the merits. However, as the undersigned has noted in related contexts as to these parties [ECF No. 486], the "meet and confer" attempts here were as much about counsel finding more areas of disagreement as they were about working through the substance of the issues in dispute. The undersigned gives Plaintiff's argument here no further attention other than to dismiss it.

Looking to the substantive issues, and as the undersigned stated on the record during proceedings on July 27, 2021, the information Under Armour seeks here generally is permissible. While Plaintiff still is engaged in discovery, she understandably is reluctant to state that a discovery response in a particular context is the last word on a given issue. Nonetheless, Plaintiff has an obligation to respond to Under Armour's discovery requests timely with responsive information which is available to her at the time. Fed. R. Civ. P. 33(b)(2), 34(b)(2). And of course, Plaintiff has an obligation to supplement her responses as she develops or acquires further information. Fed. R. Civ. P. 26(e).

Accordingly, Plaintiff must provide full responses to these discovery requests, with the understanding that she may develop further information and will be required to supplement her responses here upon receipt of additional information and materials she intends to use at trial in support of her claims for intentional spoliation. Further, Plaintiff's responses here must indicate specifically how the timing and circumstances of any events or actions, observed or taken by anyone, are indicative of intentional spoliation.

The exception here to Plaintiff's requirement to respond to these discovery requests is attorney-client communications and attorney work product. At the hearing on July 27, 2021, Plaintiff objected to providing such information. The undersigned noted the objection and agreed that Plaintiff need not produce such information. Moreover, it does not appear that Under Armour seeks such information, so it is a non-issue at this time.

As to one particular set of discovery requests related to Finck and who may have heard her alleged statements at the panel discussion, Interrogatory No. 4 and Request for Production No. 3, Plaintiff noted during the hearing on July 27, 2021 that she had provided to Under Armour a list of attendees at the panel discussion. But as the undersigned stated on the record, this is insufficient. Plaintiff has indicated that there were approximately 30 attendees at this panel discussion. The implication here is that Plaintiff wishes to hold open the potential of calling as witnesses any or several such attendees. Yet, Plaintiff would not specify which of them she intends to call. Nonetheless, it appears that the only attendee whose recollection Plaintiff has thus far relied on specifically is an attorney with the firm representing Plaintiff.[2] It does not appear that, to date, Plaintiff has identified any other attendee who heard Finck make the statements which Plaintiff claims Finck made.

Understandably, Under Armour wishes for Plaintiff to identify, specifically, anyone else on the list of attendees who claims to have heard Finck make statements which Plaintiff may use to support her claims for intentional spoliation. Indeed, Plaintiff has an obligation to disclose the names of those on the list whose recollections of and/or testimony about the panel discussion she will elicit here. It is not enough for Plaintiff to merely hand over a list of 30 names and leave Under Armour to guess who, if any, from the list she will rely upon. Plaintiff must specify who on that

---

[2] In the above-noted related matter, the undersigned already addressed the unusual posture this presents. Civil Action No. 1:21-MC-25 [ECF No. 21].

list, if anyone, she will use to support her intentional spoliation claims. And Plaintiff must provide that information now, and must continue to supplement if she develops further information in this regard.

Finally, during the hearing on July 27, 2021, the undersigned discussed with all counsel the timeframe for supplementing discovery responses as to the discovery requests at issue here. The undersigned understands that Judge Keeley plans to take up various discovery matters at a proceeding on August 10, 2021, and of course may take up discovery issues otherwise. Accordingly, unless Judge Keeley orders otherwise, it is hereby **ORDERED** that Plaintiff must complete all supplementation of her discovery responses here within two weeks of whatever date Judge Keeley provides for the close of discovery as to these issues.

Accordingly, to the extent which Plaintiff has not responded to the discovery requests at issue here consistent with this Order, but nevertheless possesses responsive information, it is hereby **ORDERED** that Plaintiff must so respond to them and/or supplement her prior responses within one (1) week of the date of this Order. It is further **ORDERED** that Plaintiff, should Plaintiff develop or discover responsive information thereafter, she must supplement such discovery responses in accordance with this Order and the Federal Rules of Civil Procedure.

Based on the foregoing, and as set forth more particularly herein, Under Armour's motion is hereby **GRANTED in part** and **DENIED in part**.

It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: August 2, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE