IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                        **Civil Action No. 1:19-CV-160**
                                               **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING UNDER ARMOUR'S MOTION TO COMPEL RESPONSES TO UNDER ARMOUR'S THIRD SET OF COMBINED DISCOVERY REQUESTS TO PLAINTIFF REGARDING HER SPOLIATION CLAIMS**

      Presently pending before the Court is Defendant Under Armour, Inc.'s ("Under Armour") Motion to Compel Responses to Under Armour's Inc.'s Third Set of Combined Discovery Requests to Plaintiff Regarding Her Spoliation Claims [ECF No. 432], filed on June 7, 2021. Also, the Court is in receipt of Plaintiff's response in opposition, thereto [ECF No. 450], filed on June 21, 2021. Finally, the Court is in receipt of Under Armour's reply [ECF No. 459] in support of its motion, filed on June 28, 2021.

      By Order [ECF No. 473] dated July 20, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

      The undersigned Magistrate Judge scheduled a hearing for July 21, 2021 on the subject motion and other referred matters. The hearing was continued to July 27, 2021, whereupon the undersigned heard the parties' arguments and took them under advisement.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

By Order of March 8, 2021, Judge Keeley allowed Plaintiff to amend her Complaint to add claims for intentional spoliation, and has allowed for further limited discovery on those claims. [ECF No. 292]. During the term of her employment by Under Armour, Plaintiff was issued a laptop computer by Under Armour, and utilized it in the course of her work there. Plaintiff returned this laptop to Under Armour after her termination from employment there. Also, Plaintiff utilized an iPhone in the course of her employment by Under Armour.[1]

By its motion, Under Amour seeks:

- A response as to the date(s) on which Plaintiff returned any computer equipment to Under Armour;
- The location of any files Plaintiff removed from the laptop which Under Armour issued to her;
- To inspect all digital files Plaintiff copied or removed from this laptop;
- To make forensic inspection of a digital image of this laptop (if Plaintiff made or caused to be made such a digital image of the device)
- To make forensic inspection of the iPhone Plaintiff used in the course of her employment at Under Armour; and
- Copies of all documents showing Plaintiff returned electronic devices to Under Armour.

## III. ANALYSIS AND CONCLUSION

As a preliminary matter, Plaintiff complains that Under Armour's "meet and confer" obligations were inadequate such that the motion should be denied outright before reaching the merits. However, as the undersigned has noted in related contexts as to these parties [ECF No. 486], the "meet and confer" attempts here were as much about counsel finding more areas of

---

[1] The undersigned previously was referred a discovery dispute in which smartphones utilized by Plaintiff were at issue. [ECF No. 237]. In the course of that dispute, the Court learned that Plaintiff communicated on two smartphones in the course of events pertaining to this case: (a) a smartphone used during the term of her employment at Under Armour which Plaintiff purchased and brought with her to the position, for which Under Armour paid the monthly bill during the term of Plaintiff's employment, and which Plaintiff retained upon her termination from Under Armour, and (b) a smartphone which Plaintiff obtained on her own after her termination from Under Armour, and for which she paid the monthly bill. It appears from Under Armour's motion that it is interested in the former, i.e. the smartphone which Plaintiff used during the term of her employment.

disagreement as they were about working through the substance of the issues in dispute. The undersigned gives Plaintiff's argument here no further attention other than to dismiss it.

As for the substance of the issues in dispute, Plaintiff argues that these areas of discovery are off-limits because the order allowing for additional limited discovery of her spoliation claims does not permit Under Armour to seek such discovery from Plaintiff. In other words, Plaintiff would have the Court allow discovery of information which would help to prove her claims but not allow discovery of information from herself which may be exculpatory. But that is an unusually limited view of the purpose and scope of discovery. After all:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim <u>or defense</u> and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

In any event, Under Armour states that its own review of Plaintiff's laptop indicates that Plaintiff herself may have manipulated or deleted digital material on the laptop before returning it to Under Armour at the end of her employment there. Under Armour says that its expert's review of the device shows that files were transferred from the device to a thumb drive. Thus, according to Under Armour, it should be permitted to see what information Plaintiff may have retained which could have bearing on her claims for intentional spoliation. After all, Under Armour argues, if Plaintiff retained information from this device which she alleges was spoliated after she returned the laptop to Under Armour, then her claims for intentional spoliation may have less merit.

Notably, on the record during proceedings on July 27, 2021, Plaintiff's counsel represented to the Court that Plaintiff herself did not make a digital copy of the laptop before returning it to

Under Amour, nor did she delete anything from this device that is pertinent to this case. Plaintiff's counsel also represented to the Court that Plaintiff knew of no third-party who made a digital copy of this laptop or otherwise preserved its contents.

The undersigned agrees with Under Armour here. If Plaintiff preserved something from this laptop which later inspection of the device shows to be missing, then Plaintiff must produce this information. And otherwise, if Plaintiff has retained non-privileged information from her laptop as sought by Under Armour, then she must produce it. To this end, at the hearing on July 27, 2021, the undersigned **ORDERED** Plaintiff to supplement her discovery responses by July 30, 2021 to (a) indicate that she has no further responsive information here, or (b) indicate that non-privileged, responsive information exists and to provide the same. Plaintiff indeed supplemented here, and in so doing copied the undersigned's chambers and indicated that she (a) does not recall transferring files from the laptop to a thumb drive, (b) does not recall utilizing a thumb drive, and (c) continues to search for such a thumb drive and will advise the Court and opposing counsel if she locates such an item.

Similarly, to the extent which Under Armour seeks non-privileged responsive information from the iPhone which Plaintiff utilized during the course of her employment with Under Armour, then she should produce it. It is so **ORDERED**.

Based on the foregoing, and as set forth more particularly herein, Under Armour's motion is hereby **GRANTED** to the extent which Plaintiff may have responsive, non-privileged information from the laptop and iPhone in question which she has not yet produced to Under Armour.

It is all so **ORDERED**.[2]

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: August 2, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

---

[2] During the hearing on July 27, 2021, Under Armour indicated that Plaintiff's supplemental information as to Under Armour's Request for Production Nos. 4 and 5 were satisfactory. Thus, the undersigned here does not address issues presented thereby.