IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                                                                          Civil Action No. 1:19-CV-160
                                                                                          (JUDGE KEELEY)

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER, AFTER REMAND,
RESULTING FROM FURTHER REVIEW OF UNDER ARMOUR'S
PRIVILEGE LOG AND DOCUMENTS SUMMARIZED THEREIN, AND
FINDING THAT UNDER ARMOUR NEED NOT DISCLOSE ITEMS LISTED</u>**

**I. PROCEDURAL BACKGROUND**

On August 10, 2021, Senior United States District Judge Irene M. Keeley conducted a hearing to address a number of pending issues herein. One item which Judge Keeley addressed is Plaintiff's objections [ECF No. 425] to a Memorandum Opinion and Order [ECF No. 403] issued by the undersigned Magistrate Judge on May 21, 2021. The undersigned's Memorandum Opinion and Order of May 21, 2021 addressed issues raised in Plaintiff's motion to compel [ECF No. 369] Under Armour to respond to certain discovery requests related to Plaintiff's claims of intentional spoliation. One such contention in Plaintiff's motion [ECF No. 369] was that Under Armour had not produced a privilege log with respect to a number of communications and documents which Under Armour had withheld on the basis of privilege.

In the undersigned's prior Memorandum Opinion and Order [ECF No. 403], Under Armour was ordered to produce such a privilege log by May 28, 2021. It appears that Under Armour

1

produced such a privilege log as directed. However, in the proceeding before Judge Keeley on August 10, 2021, Plaintiff noted that there had been no further Court review of the privilege log. Thus, Judge Keeley in her resulting Order [ECF No. 492] remanded this issue and directed that the undersigned further review it.

Then, by Order dated August 13, 2021, the undersigned ordered Under Armour to produce the privilege log in question [ECF No. 496]. Under Armour produced the privilege log that same day. Under Armour actually provided the original privilege log created pursuant to the above-noted Order of May 21, 2021 (and produced by Under Armour on May 28, 2021) as well as the Third Amended Privilege Log, which was provided to the Court on July 28, 2021.[1] The Third Amended Privilege Log contains the information from the original privilege log, but also includes updated information concerning later-generated communications.

Thereafter, the undersigned entered an Order [ECF No. 499] on August 16, 2021 directing Under Armour to provide to the Court the communications listed on the Third Amended Privilege Log for an in camera review. Under Armour timely provided these materials to the Court.[2] By this same Order, the Court permitted Plaintiff to lodge specific objections to the privilege log. Plaintiff filed her objections on August 23, 2021, which include both narrative argument [ECF No. 502] and a version of the Third Amended Privilege Log to which Plaintiff added annotations with objections to particular entries. [ECF No. 502-1]. Under Armour filed its response to Plaintiff's objections on September 7, 2021. [ECF No. 514].[3]

---

[1] These versions of the privilege log are filed in this matter on the Court's CM/ECF system for access by Court staff only. [See ECF No. 522 and attachments thereto]. These materials are not confidential, and have been provided to Plaintiff, but nonetheless are restricted on the CM/ECF system out of an abundance of caution.

[2] These materials are filed in this matter on the Court's CM/ECF system for access by Court staff only. [See ECF No. 525 and attachments thereto].

2

## II. REVIEW AND ANALYSIS

### A. Discovery Process and Assertion of Privilege

Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any <u>nonprivileged</u> matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). As the undersigned as summarized in the context of other discovery issues in this matter, in civil actions such as this one where the Court's jurisdiction is based upon the parties' diversity of citizenship, the federal common law governs the applicability of the work product doctrine, while state law governs the applicability of the attorney-client privilege. <u>Nicholas v. Bituminous Cas. Corp.</u>, 235 F.R.D. 325, 329 n. 2 (N.D.W.V. 2006).

As for the attorney-client privilege, the Supreme Court of the United States has explained:

> The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

<u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389 (1981) (citation omitted). Moreover, under West Virginia caselaw:

> In order to assert an attorney-client privilege, three main elements must be present: (1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from that attorney in his capacity as a legal adviser; (3) the communication between the attorney and client must be identified to be confidential.

<u>State ex rel. U.S. Fid. & Guar. Co. v. Canady</u>, 194 W. Va. 431, 442, 460 S.E.2d 677, 688 (1995) (quoting Syl. Pt. 2, <u>State v. Burton</u>, 163 W. Va. 40, 254 S.E.2 129 (1979)).

Of course, the work product doctrine is long established. "[W]hile the protection of opinion work product is not absolute, only extraordinary circumstances requiring disclosure permit piercing the work product doctrine. We acknowledge that the opinion work product rule should be jealously guarded . . ." In re Doe, 662 F.2d 1073, 1079 (4th Cir. 1981). Our Fourth Circuit has explained that there are two kinds of work product: (1) that which is "absolutely" immune, being "the pure work product of an attorney insofar as it involves mental impressions, conclusions, opinions, or legal theories ... concerning the litigation" and which "is immune to the same extent as an attorney-client communication" and (2) that which is "qualifiedly immune, being "[a]ll other documents and tangible things prepared in anticipation of litigation or for trial may be discovered, but only on a showing of 'substantial need.'" Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992) (quotations and citations omitted). "[O]ur adversary system depends on the effective assistance of lawyers, fostered by the privacy of communications between lawyer and client and the privacy in development of legal theories, opinions, and strategies for the client." Id. at 983.

Certainly, the undersigned recognizes that, at least as to the attorney-client privilege, and arguably as to the work-product protection, the burden is on the party asserting the privilege or protection to demonstrate applicability of the same. In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 338-339 (4th Cir. 2005).

It is contemplated under both the Federal Rules of Civil Procedure and this Court's Local Rules that certain privileged material may be withheld from production to an opponent. However, in so doing, the party withholding the information typically must provide a "privilege log." To this end:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). Additionally, the Court's Local Rules provide, in pertinent part, that:

> The following information shall be provided in an objection [when asserting a claim of privilege], unless divulgence of such information would cause disclosure of the allegedly privileged information:
> (1) For documents:
>     (a) the type of document (e.g., letter or memorandum);
>     (b) the general subject matter of the document;
>     (c) the date of the document; and
>     (d) such other information as is sufficient to identify the document for purposes of a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, any other recipients shown in the document and, where not readily apparent, the relationship of the author, addressees and recipients to each other[.]

LR Civ. P. 26.04(a)(2)(B).

### B. Timeliness of Plaintiff's Objections to Privilege Log

Not until the above-noted hearing on August 10, 2021 before Judge Keeley did Plaintiff first object to the privilege log at issue here. Plaintiff did so verbally. Under Armour argues that most of Plaintiff's objections are untimely. Under Armour points out that the Court's Local Rules require motions to compel and other motions in aid of discovery to be made within 30 days of the due date of a discovery response or disclosure. LR Civ. P. 37.02(b). Here, Under Armour argues that Plaintiff's objections should be viewed as a motion to compel or motion in aid of discovery. Thus, Under Armour argues that Plaintiff's objections here are timely only as to the small number of new documents included in the Third Amended Privilege Log, which is the only version of the privilege log produced within 30 days of Plaintiff making argument on August 10, 2021. As such, Under Armour objects to Plaintiff's challenges as untimely as to the bulk of the privilege log,

5

because prior versions of the privilege log all were produced more than 30 days prior to August 10, 2021 when Plaintiff lodged objections.

The undersigned declines to adopt Under Armour's argument here. The matter has been remanded to review the substance of the entirety of the privilege log and documents summarized therein. Accordingly, the undersigned reviews all documents memorialized in the Third Amended Privilege Log, not just the smaller number of documents as Under Armour urges.

### C. Review of Privilege Log for Sufficiency, and Review of Plaintiff's Other Objections

Plaintiff's objections to the privilege log appear to be of two different stripes – Plaintiff objects either to the sufficiency of certain privilege log entries themselves, or to the assertion of privilege at all as to the other entries.[4]

#### 1. Sufficiency of Certain Privilege Log Entries

As to the first issue, the sufficiency of privilege log entries, Plaintiff lodges the same objection as to several entries: "Insufficient description to enable other parties to assess claims of attorney-client privilege and/or work product protection. *See* Fed. R. Civ. P. 26(b)(5)(A); Local R. Civ. P. 26.04(a)(2)." Plaintiff does not argue that privilege is asserted improperly so much as she argues that she cannot for herself determine if a document is privileged in the first place. However, the undersigned concludes that the entries adhere to both the letter and the spirit of the above-cited requirements for privilege logs in Fed. R. Civ. P. 26(b)(5)(A) and LR Civ. P. 26.04(a)(2)(B). Certainly, the entries identify the types of documents and their subject matter(s), as well as the authors, recipients, dates, and custodians of the documents. Also, Under Armour specifies the basis

---

[4] In recent orders, the undersigned has evaluated Plaintiff's claims that the crime-fraud exception should allow her to obtain materials otherwise protected by the attorney-client privilege and/or work product doctrine. In the instant review, such argument is not before the undersigned. Rather, irrespective of crime-fraud, Plaintiff objects to the sufficiency of a given entry on the privilege log, or argues that the information simply is not protected by the attorney-client privilege or the work product doctrine in the first place.

for withholding the documents in each entry (attorney-client, work product, or both), how the document noted in each entry relates to the litigation, and each document's Bates number. It is unclear what more Plaintiff would have Under Armour reveal in the privilege log without actually disclosing the contents of the protected material.

Plaintiff's objections are broad and do not reflect discrete, specific concerns. But what is more, the undersigned has conducted an in camera examination of these materials. They are communications between and among those in Under Armour's in-house legal department and/or Under Armour's outside counsel. And they are communications which occurred during the time this matter has been pending, many of which arose only <u>after</u> Plaintiff brought her claims for intentional spoliation, which cuts against any suggestion that the communications were not in aid of litigation. Based on this in camera review, it is clear that the documents are privileged and confidential and should be protected as such.

*2. Whether Privilege is Properly Asserted for Remaining Log Entries*

As to the second issue, for nearly all of the remaining privilege log entries, Plaintiff argues that the entries simply should not be deemed privileged and confidential.[5] Plaintiff lodges two principal objections here: (1) "What an individual was told regarding preservation obligations is discoverable, not attorney-client privileged or work product. *See* ECF No. 493 at 52," and (2) "Efforts to gather, preserve, or archive discovery does not invade the attorney-client privilege or work product. *See* ECF No. 493 at 53-54." Plaintiff's citations to the ECF system are to a transcript

---

[5] It its response [ECF No. 514], Under Armour states that after the hearing on August 10, 2021 before Judge Keeley, Under Armour produced supplemental discovery to Plaintiff which it earlier had withheld and which was communications between its in-house legal department and co-Defendant Brian Boucher about Boucher's obligations to preserve evidence on electronic devices. The undersigned's Order here, then, does not address Plaintiff's arguments as to those entries on the privilege log, those entries being UAPrivileged00003, UAPrivileged 000227, and UAPrivileged 00229-231.

of the proceeding on August 10, 2021 before Judge Keeley at points in the proceeding where, Plaintiff says, the Court directed the relief Plaintiff seeks.

Upon closer review of the prior proceedings and the record otherwise herein, the undersigned is not convinced that the scope of discovery which Judge Keeley intended to be permitted here is so sweeping as Plaintiff urges. Based on the undersigned's in camera review of these materials, it is evident that the communications Plaintiff seeks are not solely about Under Armour's efforts to locate and preserve evidence. While some of the communications may have elements of that, more fundamentally, they are communications in anticipation of litigation and/or trial, and/or records of counsel's impressions of aspects of the pending case. The documents withheld reflect an array of communications between and among in-house and outside counsel and staff. The communications concern, for example, whether discoverable information is available and if it is, how it could be obtained, as well as the status of efforts to answer discovery requests. And they concern opinions about what may be discoverable in the first place. In other words, the documents are not simply mechanistic back-and-forth communications about efforts to retain or locate information, but rather are imbued with legal counsel's thoughts, reflections, advice, directives, and updates. They are, in short, the very sorts of materials the privileges are intended to protect from disclosure to an adversary.

### III. CONCLUSION

Based on the foregoing, therefore, the undersigned **FINDS** that the information memorialized in the Third Amended Privileged log is properly shielded from disclosure, and that Under Armour need not be compelled to produce documents summarized therein.

It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: September 15, 2021**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE