### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG

**CYNTHIA D. PAJAK,**

> **Plaintiff,**

**v.**                                         **Civil Action No. 1:19-CV-160**
                                               **(JUDGE KEELEY)**

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

> **Defendants.**

### MEMORANDUM OPINION AND ORDER DENYING UNDER ARMOUR'S MOTION FOR PROTECTIVE ORDER [ECF NO. 535] REGARDING DEPOSITION OF JND E-DISCOVERY EMPLOYEE DANA OLSON

Presently pending before the Court is Defendants Under Armour, Inc. and Under Armour Retail, Inc.'s ("Under Armour") Motion for Protective Order Regarding Deposition of JND e-Discovery Employee Dana Olson [ECF No. 535], filed on September 21, 2021. By Order [ECF No. 536] dated September 22, 2021, Senior United States District Judge Irene M. Keeley referred the motion to the undersigned Magistrate Judge for hearing and order as to appropriate disposition.

Mindful of the approaching discovery deadline of October 29, 2021 regarding Plaintiff's claims for intentional spoliation set forth in Judge Keeley's Order of August 11, 2021 [ECF No. 492], and in an attempt to clarify and/or narrow the issues, the undersigned scheduled the matter for a Status Conference on September 23, 2021.

At the Status Conference of September 23, 2021, it was evident to the undersigned that counsel were fully prepared to argue the issues raised in Under Armour's motion such that further briefing of the issue was not necessary. Counsel for the parties indeed did fully address the issues, and the undersigned took their arguments under advisement.

By way of brief background, Plaintiff has alleged intentional spoliation of evidence, including spoliation as to certain electronic devices that Defendant Brian Boucher ("Boucher") possessed and/or utilized during his employment at Under Armour. Plaintiff has sought discovery as to those devices. Dana Olson ("Olson") is an employee of an entity, JND e-Discovery ("JND"). JND is an e-discovery vendor for Under Armour. As such, Olson and JND have been involved in responding to Plaintiff's discovery requests as to Boucher's electronic devices. To this end, in the course of a prior discovery dispute, Olson provided a declaration regarding her and JND's efforts to retrieve, process, and produce certain digital material in this matter. [See ECF No. 535-4]. Plaintiff wishes to depose Olson concerning this declaration as well as her and JND's to gather and preserve the electronic devices and data contained on them.

Under Armour objects to any such deposition as (1) an inappropriate effort to obtain information protected by the attorney-client privilege, (2) seeking information that is not relevant, (3) seeking information inappropriately because Under Armour has not disclosed Olson as a testifying expert under Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure. Plaintiff argues that such a deposition should be permissible because Olson processed devices and information germane to the spoliation claims. Plaintiff also argues that because the Court previously ruled that Plaintiff may obtain certain documentation related to Olson's work in this regard, then Plaintiff by extension should be permitted to inquire of Olson herself.

Based on review of Under Armour's motion and consideration of the arguments of counsel for the parties at the proceeding before the undersigned, the undersigned **FINDS** that Plaintiff should be permitted to take the deposition of Olson for the limited purposes of inquiring about Olson's written declaration and Olson's efforts to gather and preserve electronic devices at issue in this matter and data contained thereon. Such deposition may not be used for the purpose of

inquiring about or obtaining information protected by the attorney-client privilege and/or work product doctrine. To that end, Plaintiff's questioning must be within the parameters set forth by Judge Keeley in recent rulings on the issue of permissible inquiry in this regard. [See ECF No. 529]. Therefore, Under Armour's motion [ECF No. 535] is **DENIED**. It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: September 24, 2021**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE