IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| CYNTHIA D. PAJAK,<br><br>**Plaintiff,**<br>v.<br><br>UNDER ARMOUR, INC.,<br>UNDER ARMOUR RETAIL, INC.,<br>AND BRIAN BOUCHER,<br><br>**Defendants.** | Civil Action No. 1:19-CV-160<br>(JUDGE KEELEY) |

**MEMORANDUM OPINION AND ORDER**
**DENYING UNDER ARMOUR'S MOTION FOR JUDICIAL**
**SUPERVISION OF RULE 30(b)(6) DEPOSITION [ECF NO. 552]**

This matter is before the undersigned pursuant to a referral Order [ECF No. 554] entered by Honorable Senior United States District Judge Irene M. Keeley on October 14, 2021. By this referral Order, Judge Keeley referred Under Armour's Motion for Judicial Supervision of Rule 30(b)(6) Deposition [ECF No. 552] to the undersigned for review and disposition.

As a result of resolution of recent discovery disputes, the Under Armour Defendants were to make available to Plaintiff certain witnesses pursuant to Fed. R. Civ. P. 30(b)(6). The testimony of these witnesses concerned Plaintiff's later-added claims for intentional spoliation of evidence. By its motion, Under Armour complains about the conduct of Plaintiff's counsel, Mr. Larry Rector, during the deposition of one Rule 30(b)(6) witness, Mike Maryanski. Under Armour states in its motion that it has postponed further deposition of Rule 30(b)(6) witnesses pending resolution of the instant motion. With its motion, Under Armour seeks an order providing for judicial supervision of the remainder of the Rule 30(b)(6) deposition, or alternatively, appointment of a special master pursuant to Fed. R. Civ. P. 53(a)(1)(C).

1

By prior Order [ECF No. 492], Judge Keeley provided an extension for limited discovery on the issue of intentional spoliation, with a deadline of October 29, 2021 to complete outstanding written discovery and depositions. Given the timeline at issue, it is unrealistic to appoint a special master who can meaningfully review and become familiar with the matter, and supervise the deposition. Also, under this timeline, the undersigned cannot devote a meaningful amount of time to such supervision, given the Court's other obligations reflected on its busy docket. Therefore, based on the foregoing, the pending motion is **DENIED**. It is so **ORDERED**.

In any event, the undersigned again reminds Plaintiff's counsel of recent rulings by both Judge Keeley and the undersigned regarding the parameters of permissible inquiry of Under Armour's witnesses, especially concerning attorney-client information and attorney work product. [See ECF Nos. 529, 539].

Notwithstanding the foregoing, counsel for Under Armour may communicate to chambers staff, career law clerk Nathan J. Fetty, by e-mail to nathan_fetty@wvnd.uscourts.gov, the date and time of the Rule 30(b)(6) deposition, copying other counsel of record. To the extent which issues arise during the Rule 30(b)(6) deposition, for which Under Armour may seek guidance or rulings from the undersigned, the undersigned will attempt to be available. However, Under Armour is cautioned that the undersigned's schedule does not permit for prolonged involvement, if such involvement is even possible at the time.

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: October 19, 2021.

/s/ Michael John Aloi<br>
MICHAEL JOHN ALOI<br>
UNITED STATES MAGISTRATE JUDGE