**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

CYNTHIA D. PAJAK,

               **Plaintiff,**

v.

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

             **Defendants.**

**Civil Action No. 1:19-CV-160**
**(JUDGE KEELEY)**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION [ECF NO. 559] TO PRECLUDE INTRODUCTION OF TESTIMONY OR OTHER EVIDENCE AS A CONSEQUENCE OF UNDER ARMOUR'S NONCOMPLIANCE WITH THIS COURT'S ORDER

This matter is before the undersigned pursuant to a referral Order [ECF No. 569] entered by Honorable Senior United States District Judge Irene M. Keeley on November 15, 2021. By this referral Order, Judge Keeley referred Plaintiff's Motion [ECF No. 559] to Preclude Introduction of Testimony or Other Evidence as a Consequence of Under Armour's Noncompliance with this Court's Order, filed on October 29, 2021, to the undersigned Magistrate Judge for review and disposition. The Court also is in receipt of Defendant Under Armour's response [ECF No. 566] thereto, filed on November 12, 2021, as well as Plaintiff's reply [ECF No. 587] in support of her motion, filed on November 19, 2021. The undersigned conducted a hearing on the motion on December 16, 2021. [ECF No. 614].

## I. FACTUAL AND PROCEDURAL BACKGROUND

The issues here arise from Plaintiff's efforts to conduct discovery related to her claims alleging intentional spoliation of evidence. In brief, Plaintiff amended her complaint to allege Defendants' intentional spoliation of evidence. [ECF No. 291]. The spoliation claims focus on

1

Defendants' efforts to gather, preserve, and analyze certain digital information and electronic devices; Plaintiff argues that the digital information and contents of the devices may have bearing on Plaintiff's underlying claims in this matter. The discovery (and corresponding disputes) about the spoliation claims have been wide-ranging, and the District Judge has referred a number of them to the undersigned for hearing and disposition. One such dispute concerned a vendor, JND eDiscovery ("JND") and one of its employees, Ms. Dana Olson ("Olson"). JND was a vendor for Under Armour, aiding Under Armour and its outside counsel in responding to electronic discovery requests in this matter.

In the course of discovery concerning Plaintiff's spoliation claims, Olson provided a sworn, written Declaration dated January 28, 2021. [ECF No. 535-4]. Olson's Declaration speaks to efforts to retrieve data from an iPhone provided by Under Armour to co-Defendant Brian Boucher ("Boucher"). Olson's Declaration explains the process which JND used to attempt to retrieve data about deleted messages from Boucher's iPhone and whether certain types of data were ascertainable.

Plaintiff, unsatisfied with the information and conclusions in the Declaration, sought to depose Olson about the Declaration itself as well as about JND's efforts to gather and preserve electronic devices and the data contained on them. By Memorandum Opinion and Order dated September 24, 2021 [ECF No. 539], the undersigned denied Under Armour's motion [ECF No. 535] for a protective order to halt Plaintiff's efforts to depose Olson. In this Memorandum Opinion and Order, the undersigned allowed the deposition of Olson to proceed for the limited purpose of inquiring about the Declaration. In the Order, the undersigned cautioned that Plaintiff may not inquire about attorney-client privileged information or information protected by the work product doctrine. The undersigned emphasized that Plaintiff's inquiry must be within the parameters set

by the presiding District Judge in her prior orders [see ECF Nos. 529, 539] about permissible inquiry when attorney-client/work product information may be at issue. On October 8, 2021, Under Armour lodged its objections [ECF No. 549] to the undersigned's Order. Then, on October 19, 2021, Under Armour filed an emergency motion to stay the undersigned's ruling [ECF No. 555]. However, by Order dated October 20, 2021 [ECF No. 557], Judge Keeley overruled Under Armour's objections to the undersigned's Order and denied Under Armour's motion as moot.

Plaintiff took Olson's deposition on October 22, 2021. At the deposition, Plaintiff's counsel sought a sweeping amount of information, while Under Armour's counsel lodged objections to greatly restrict Olson's testimony. Rather than reformulate questions or engage in other areas of inquiry, Plaintiff's counsel ended the deposition.

## II. ANALYSIS AND DECISION

At the hearing of December 16, 2021 before the undersigned, Plaintiff's counsel requested that the Court simply exclude the introduction of evidence about JND's efforts to gather and preserve electronic data and devices. Also, Plaintiff would have the Court exclude information about JND's methodology as to the same. In support of this remedy, Plaintiff argued that Under Armour's counsel impermissibly objected to questions lodged during Olson's deposition, such that the scope of inquiry was too narrow. Plaintiff's counsel could not give an adequate explanation about why they ended Olson's deposition without attempting to explore other areas of inquiry that were not so contentious.

For Under Armour's part, its counsel argued at the hearing that Under Armour properly sought to narrow the scope of inquiry of Olson. Under Armour takes exception to questioning of Olson about electronic devices other than any specifically at issue here. Under Armour also objects to questioning of Olson about JND's work for Under Armour in other matters.

3

As noted during proceedings on December 16, 2021, it is evident to the undersigned that during Olson's deposition, Plaintiff's counsel initiated the deposition in an unnecessarily acrimonious and confrontational manner. Thus, it was not clear that Plaintiff's counsel sought information so much as had other objectives in mind. However, also evident to the undersigned is that Under Armour's counsel read this Court's prior rulings too narrowly, and impermissibly limited the scope of inquiry of Olson.

As explained at the hearing on December 16, 2021, the Court will permit Plaintiff to resume the deposition of Olson for the limited purpose of garnering information about JND's efforts in this matter as detailed in Olson's Declaration. [ECF No. 535-4]. Plaintiff will not be permitted to inquire of Olson regarding information that is attorney-client privileged or is protected work product. The undersigned will preside over the deposition, and counsel for the parties will coordinate with the undersigned's chambers to find a mutually-agreeable date for the deposition to be conducted by videoconference.

In rendering this decision, the undersigned notes that Judge Keeley's Order of August 11, 2021 [ECF No. 492] provided for a deadline of October 29, 2021 for completion of limited discovery on Plaintiff's spoliation claims. The undersigned understands that Judge Keeley, as the presiding District Judge, will permit additional limited discovery in the form of a brief continuation of Olson's deposition as set forth herein.

### III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, Plaintiff's motion [ECF No. 559] is hereby **GRANTED in part** and **DENIED in part**. Specifically, to the extent which Plaintiff seeks to preclude introduction of testimony or other evidence about JND's and Olson's efforts to preserve or analyze electronic devices in this matter, Plaintiff's motion is **DENIED**. However, to the extent

which Plaintiff requests relief as the Court deems just and proper, her motion is **GRANTED** and the deposition of Olson may continue as detailed herein.

To this end, counsel for all parties are **ORDERED** to meet and confer <u>forthwith</u> about potential dates and times which are feasible for counsel and the parties (and Olson herself) to conduct the continued deposition of Olson, and agree on at least three such dates and times. More than one such time may be on the same date, as the deposition should not consume the entirety of a day. Counsel for Plaintiff then is **ORDERED** to communicate <u>all</u> possible such dates and times to chambers staff, career law clerk Nathan J. Fetty, by e-mail to <u>nathan_fetty@wvnd.uscourts.gov</u>, copying other counsel of record. Mr. Fetty then will (1) confirm with counsel which date(s) the undersigned may be available to preside over the deposition and advise as to when the deposition will occur, or (2) request that counsel provide additional dates of availability, if the dates provided are in conflict with the undersigned's docket.

Finally, as noted during the December 16, 2021 hearing, the Court **HOLDS IN ABEYANCE** Plaintiff's request that her attorney's fees incurred for the resumed deposition of Olson be assessed to Under Armour. As the undersigned cautioned Plaintiff's counsel, whether any party will be assessed another's attorney's fees depends on counsel's conduct during the deposition, and it may be that the parties bear their own attorney's fees.

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: December 21, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE