IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **CYNTHIA D. PAJAK,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNDER ARMOUR, INC.,**<br>**UNDER ARMOUR RETAIL, INC.,**<br>**AND BRIAN BOUCHER,**<br><br>**Defendants.** | Civil Action No. 1:19-CV-160<br>(JUDGE KEELEY) |

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION [ECF NO. 561] AND *SUPPLEMENTAL* MOTION [ECF NO. 576] TO PRECLUDE INTRODUCTION OF TESTIMONY OR OTHER EVIDENCE AS A CONSEQUENCE OF UNDER ARMOUR'S NONCOMPLIANCE WITH THIS COURT'S ORDER AND RULE 30(b)(6) AND/OR MOTION TO COMPEL DRAFTS AND HANDWRITTEN NOTES

This matter is before the undersigned pursuant to a referral Order [ECF No. 569] entered by Honorable Senior United States District Judge Irene M. Keeley on November 15, 2021. By this referral Order, Judge Keeley referred Plaintiff's Motion [ECF No. 561] to Preclude Introduction of Testimony or Other Evidence as a Consequence of Under Armour's Noncompliance with this Court's Order and Rule 30(b)(6) and/or Motion to Compel Drafts and Handwritten Notes, filed on October 29, 2021, to the undersigned Magistrate Judge for review and disposition. The Court also is in receipt of Defendant Under Armour's response [ECF No. 568] thereto.[1] Also pending before

---

[1] Although the Court is not in receipt of a reply per se from Plaintiff in support of her original motion, the Court is in receipt of Plaintiff's reply [ECF No. 191] in support of her supplemental motion, addressed otherwise herein.

1

the Court is Plaintiff's supplemental motion[2] [ECF No. 576][3], as well as Under Armour's response [ECF No. 599][4] thereto, and Plaintiff's reply [ECF No. 591][5] in support of her supplemental motion.

The undersigned conducted a hearing on the motions on December 16, 2021. [ECF No. 614].

## I. FACTUAL AND PROCEDURAL BACKGROUND

The issues here arise from Plaintiff's efforts to conduct discovery related to her claims alleging intentional spoliation of evidence. In brief, Plaintiff amended her complaint to allege Defendants' intentional spoliation of evidence. [ECF No. 291]. The spoliation claims focus on Defendants' efforts to gather, preserve, and analyze certain digital information and electronic devices; Plaintiff argues that the digital information and contents of the devices may have bearing on Plaintiff's underlying claims in this matter. Judge Keeley entered an Order dated August 11, 2021 [ECF No. 492] allowing for additional, limited discovery concerning Plaintiff's spoliation claims. The discovery (and corresponding disputes) about the spoliation claims have been wide-ranging. The District Judge has referred a number of the disputes to the undersigned for hearing and disposition, and so the undersigned is familiar with the ongoing discovery issues herein.

At issue here is the deposition of Under Armour representative Nancy Tucker ("Tucker"), who appeared on October 27, 2021 pursuant to Plaintiff's notice of deposition under Fed. R. Civ.

---

[2] It appears that the purpose of Plaintiff filing her supplemental motion was her later receipt of the transcript of the deposition the witness produced by Under Armour under Fed. R. Civ. P. 30(b)(6). However, it does not appear that the substance of Plaintiff's or Under Armour's arguments materially changed in light of receipt of the transcript.
[3] This document, ECF No. 576, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 563-2 as an attachment to a motion to seal.
[4] This document, ECF No. 599, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 597-2 as an attachment to a motion to seal.
[5] This document, ECF No. 591, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 589-2 as an attachment to a motion to seal.

P. 30(b)(6). Tucker ultimately appeared after this Court's entry of a Memorandum Opinion and Order [ECF No. 556] of October 19, 2021 denying Under Armour's motion [ECF No. 552] requesting judicial supervision of Tucker's deposition or appointment of a special master.

Plaintiff's notice of Rule 30(b)(6) deposition delineated 46 areas of inquiry. [See ECF No. 576-1]. Under Armour produced Tucker to testify as to the following 27 numbered Topics: 1, 8-11, 17-19, 21-23, 27-33, 35, 37, 39-40, and 42-46. [See ECF No. 576-2].[6] Those Topics cover a broad range of information – for example, how Under Armour handled Plaintiff's litigation hold in this matter, Under Armour's retention and maintenance of human resources records, Under Armour's efforts to preserve information from co-Defendant Brian Boucher's iPhone, the basis for statements Under Armour's counsel made in the course of earlier discovery disputes, and documents Under Armour provided in response to certain of Plaintiff's previous discovery requests.

Plaintiff complains that Tucker was unprepared for her deposition. Plaintiff claims that Tucker prepared not through independent review and investigation but with the heavy involvement of legal counsel. Plaintiff states that Tucker relied substantially on a written outline which legal counsel partly drafted. Additionally, Plaintiff complains that Under Armour's counsel lodged numerous objections during the deposition, improperly narrowing the scope of the deposition. As a remedy, Plaintiff requests that the Court preclude the introduction of testimony or other evidence as to the Topics from the Rule 30(b)(6) notice of deposition assigned to Tucker. Relatedly, Plaintiff

---

[6] Under Armour produced two other corporate representatives to testify as to certain Topics: Mike Maryanski ("Maryanski") and Austin Clemens ("Clemens"). Plaintiff has filed a similar motion as to Maryanski [ECF No. 577], which is the subject of a corresponding Order to be entered by the undersigned concurrently herewith. It does not appear that Plaintiff has lodged a motion regarding the deposition of Clemens.

also states that Tucker made her own handwritten notes to prepare for the deposition, and Plaintiff wants a copy of those notes.

In response, Under Armour argues that Tucker's testimony was informed and responsive. Under Armour delineates the areas of inquiry and how Tucker specifically addressed each. Under Armour stresses that Tucker testified for several hours, suggesting that Plaintiff was not frustrated in gleaning information from her. Further, Under Armour suggests that issues with the deposition arose from Plaintiff's counsel's unnecessarily combative and misleading conduct. As such, Under Armour states, its objections were appropriately lodged to keep Plaintiff's questioning within the bounds of the Rule 30(b)(6) notice of deposition.

## II. APPLICABLE LAW

Under the Federal Rules of Civil Procedure, a party may conduct a deposition of an entity such as the Under Armour entity(ies) here:

> ***Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. . .The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). For certain deposition misconduct, the Rules provide: "The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Rules further provide that a deponent's failure to answer a question may give rise to a valid motion to compel filed by the opposing party. Fed. R. Civ. P. 37(a)(3)(B).

Additionally, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

From a commonsense reading of the Rules, a deponent produced under Fed. R. Civ P. 30(b)(6) need not have personal knowledge of the facts to which they are testifying. Also, such a witness need not necessarily be capable of answering each and every question asked; nonetheless, the witness must be capable of testifying with a reasonable degree of specificity. A Rule 30(b)(6) witness must be prepared for the deposition and cannot merely parrot information provided to them, yet such a witness often should be expected to undergo some amount of advance preparation with legal counsel and/or others.

### III. ANALYSIS

At bottom, these issues reflect the ongoing acrimonious nature of this litigation more than they reflect efforts to engage in meritorious discovery. Plaintiff's and Under Armour's counsel seem to have lost focus on the goal of achieving the just and efficient resolution of the factual and legal issues that underpin Plaintiff's causes of action.

Plaintiff requests that Defendants be precluded from introducing evidence on the matters to which Tucker testified in her deposition. The undersigned declines to order such relief. It is, frankly, confounding as to why Plaintiff would go to the time, expense, and effort of conducting Tucker's deposition, and then ask to nix any evidence about the matters to which Tucker testified.

Based upon the undersigned's detailed review of the briefing in this matter, including the extensive exhibits provided (which include transcripts of deposition testimony), Plaintiff gleaned a great deal of information as a result of Tucker's testimony. Perhaps Plaintiff is unhappy with certain information revealed during Tucker's testimony, or perhaps she did not get the expected answers from Tucker. Regardless, the process leading to Tucker's deposition, and the deposition

5

itself, are not fraught with issues of the sort necessitating a drastic remedy such as precluding information altogether about the matters for which Tucker was the Rule 30(b)(6) deponent.

By their nature, these issues are particular to the cases in which they arise. In view of that, and in view of the requirements of Rule 30(b)(6) and the Rules otherwise, there is nothing improper about Under Armour involving legal counsel in Tucker's preparation, nor about Tucker relying on an outline and notes. It is not surprising that a Rule 30(b)(6) witness may not be able, in the moment, to address every conceivable question asked of them. That Tucker could not field every single question lodged is not reason for a wholesale preclusion of evidence. What is more, Tucker provided multiple hours of substantive testimony. And that testimony covered a range of topics – for example, Plaintiff's litigation hold issued to Under Armour, efforts or actions to preserve information from Boucher's iPhone at the time of his separation of employment from Under Armour, the status of Under Armour employee Nikki Finck and remarks she gave at an industry conference, and documents Under Armour had provided pursuant to prior written discovery requests. And, apparently, Tucker had a 90-page packet of information in preparation for her deposition, and Plaintiff was provided that information before the deposition.

In sum, while the deposition may not have yielded information to Plaintiff's liking, Plaintiff may not have the information she desired, there is no doubt that she had sufficient opportunity to inquire of Tucker, and that Tucker was as prepared as could be reasonably expected given the scope of Plaintiff's inquiry. And not for nothing, but Tucker is only one Rule 30(b)(6) witness made available to Plaintiff, and is only one of a large number of avenues of discovery otherwise successfully pursued by Plaintiff in this matter. Plaintiff wishes to leave no stone unturned, as is her prerogative, and in view of the undersigned, she has achieved that goal with respect to Tucker.

Accordingly, to the extent which Plaintiff requests to preclude testimony or other evidence about matters for which Tucker was designated to give Rule 30(b)(6) testimony, the motion will be denied.

Plaintiff makes a corresponding request for an order that Under Armour provide all notes on which Tucker relied in giving her deposition testimony. At the December 16, 2021 hearing before the undersigned, Under Armour's counsel stated that it had given over all such notes which it considers to be unprotected by the attorney-client privilege. The undersigned discussed with Under Armour's counsel what a realistic timeline would be to provide the remainder of the notes to chambers for an in camera review, and counsel stated that they could achieve that by January 7, 2021.

The undersigned cautions all counsel that it no way does this Order aim to bind the Court or the parties as to what evidence is appropriate to offer at later stages of this litigation, what evidence may or may not be excluded, and what argument may be made thereby. Those matters clearly are for presentation, first, to the presiding District Judge, at the appropriate time.

## IV. CONCLUSION AND ORDER

Accordingly, based on the foregoing, Plaintiff's motions [ECF Nos. 561, 576] are hereby **GRANTED in part** and **DENIED in part**. Specifically, to the extent which Plaintiff seeks to preclude introduction of testimony or other evidence about the matters which were the subject of Tucker's Rule 30(b)(6) deposition, Plaintiff's motions are **DENIED**. However, to the extent which Plaintiff requests relief as the Court deems just and proper, her motion is **GRANTED** insofar as the undersigned will conduct an in camera review of the notes on which Tucker relied for her deposition testimony, which Under Armour claims are privileged. To that end, it is **ORDERED** that Under Armour's counsel will provide said notes for in camera review no later than **January**

**7, 2022** to the undersigned's career law clerk Nathan J. Fetty, by e-mail to nathan_fetty@wvnd.uscourts.gov. At the conclusion of said review, the undersigned will issue further written Order about whether the notes may be withheld or must be disclosed.

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: December 23, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE