# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### CLARKSBURG

| | |
|---|---|
| **CYNTHIA D. PAJAK,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 1:19-CV-160** |
| | **(JUDGE KEELEY)** |
| **UNDER ARMOUR, INC.,** | |
| **UNDER ARMOUR RETAIL, INC.,** | |
| **AND BRIAN BOUCHER,** | |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION [ECF NO. 577] TO OVERRULE OR STRIKE OBJECTIONS MADE AT RULE 30(b)(6) DEPOSITION DUE TO DEFENDANT'S DISREGARD OF THIS COURT'S SEPTEMBER 17, 2021 ORDER [ECF NO. 529] AND MOTION TO COMPEL HANDWRITTEN NOTES OF RULE 30(b)(6) DESIGNEE**

This matter is before the undersigned pursuant to a referral Order [ECF No. 569] entered by Honorable Senior United States District Judge Irene M. Keeley on November 15, 2021. By this referral Order, Judge Keeley referred Plaintiff's Motion [ECF No. 577][1] to Overrule or Strike Objections Made at Rule 30(b)(6) Deposition Due to Defendant's Disregard of this Court's September 17, 2021 Order [ECF No. 529] and Motion to Compel Handwritten Notes of Rule 30(b)(6) Designee, filed on November 15, 2021, to the undersigned Magistrate Judge for review and disposition. The Court also is in receipt of Defendant Under Armour's response [ECF No. 575][2] thereto, and Plaintiff's reply [ECF No. 586][3] in support of her motion. The undersigned conducted a hearing on the motions on December 16, 2021. [ECF No. 614].

---

[1] This document, ECF No. 577, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 562-2 as an attachment to a motion to seal.
[2] This document, ECF No. 575, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 567-2 as an attachment to a motion to seal
[3] This document, ECF No. 586, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 583-2 as an attachment to a motion to seal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The issues here arise from Plaintiff's efforts to conduct discovery related to her claims alleging intentional spoliation of evidence. In brief, Plaintiff amended her complaint to allege Defendants' intentional spoliation of evidence. [ECF No. 291]. The spoliation claims focus on Defendants' efforts to gather, preserve, and analyze certain digital information and electronic devices; Plaintiff argues that the digital information and contents of the devices may have bearing on Plaintiff's underlying claims in this matter. Judge Keeley entered an Order dated August 11, 2021 [ECF No. 492] allowing for additional, limited discovery concerning Plaintiff's spoliation claims. The discovery (and corresponding disputes) about the spoliation claims have been wide-ranging. The District Judge has referred a number of the disputes to the undersigned for hearing and disposition, and so the undersigned is familiar with the ongoing discovery issues herein.

In her motion, Plaintiff specifically notes an Order by Judge Keeley [ECF No. 529] entered on September 17, 2021. This Order of Judge Keeley's addressed a number of objections Plaintiff raised concerning prior orders of the undersigned; those prior orders took up certain discovery issues on the spoliation claims. Judge Keeley's Order of September 17, 2021 informed the scope of Plaintiff's subsequent depositions taken pursuant to Rule 30(b)(6).

At issue here is the deposition of Under Armour representative Mike Maryanski ("Maryanski"), who appeared on October 12, 2021 pursuant to Plaintiff's notice of deposition under Fed. R. Civ. P. 30(b)(6). Plaintiff's notice of Rule 30(b)(6) deposition delineated 46 areas of inquiry. [See ECF No. 576-1]. Under Armour produced Maryanski to testify as to the following 13 numbered Topics: 2-7, 9, 10, 12, 13, 24, 34, and 38. [See ECF No. 576-2].[4] Those Topics cover

---

[4] Under Armour produced two other corporate representatives to testify as to certain Topics: Nancy Tucker ("Tucker") and Austin Clemens ("Clemens"). Plaintiff has filed a similar motion as to Tucker [ECF Nos. 561, 576], which is the subject of a corresponding Order to be entered by the undersigned concurrently herewith. It does not appear that Plaintiff has lodged a motion regarding the deposition of Clemens.

a broad range of information – for example, Under Armour's measures to preserve company-issued electronic devices (iPhone, iPad, and laptop) used by co-Defendant Brian Boucher, Under Armour's measures to preserve Plaintiff's company-issued laptop, Under Armour's overall efforts to preserve evidence, Under Armour's records retention obligations, and the basis for statements Under Armour's counsel made in the course of earlier discovery disputes.

Plaintiff complains, principally, that the objections made by Under Armour's counsel during Maryanski's deposition inappropriately guided Maryanski's answers. Plaintiff reads Judge Keeley's Order of September 17, 2021 as allowing a particularly wide-ranging inquiry of Rule 30(b)(6) deponents. To this end, Plaintiff complains that Under Armour's counsel lodged numerous objections during the deposition, improperly narrowing the scope of the deposition and "coaching" Maryanski by making "speaking" objections. Adjacent to that complaint, Plaintiff argues that Maryanski was unprepared for his deposition. Plaintiff takes issue with Maryanski's preparation coming primarily through legal counsel rather than his own independent review and investigation of the matters to which he testified. Plaintiff states that Maryanski relied substantially on a written outline provided by legal counsel. As a remedy, Plaintiff requests that the Court strike the objections lodged by Under Armour's counsel during Maryanski's Rule 30(b)(6) deposition. Relatedly, Plaintiff also states that Maryanski made his own handwritten notes to prepare for the deposition, and Plaintiff wants a copy of those notes.

In response, Under Armour delineates the areas of inquiry during the deposition and how Maryanski specifically addressed each. Under Armour stresses that Maryanski testified for several hours, suggesting that Plaintiff was able to glean responsive information. Further, Under Armour suggests that issues with the deposition arose from Plaintiff's counsel's browbeating of the witness and misleading lines of questioning. As such, Under Armour states, its objections were

3

appropriately lodged to keep Plaintiff's questioning within the bounds of the Rule 30(b)(6) notice of deposition and on-topic for the matters about which Maryanski was to testify. Under Armour also argues that its objections were necessary to protected privileged and confidential information from disclosure.

## II. APPLICABLE LAW

Under the Federal Rules of Civil Procedure, a party may conduct a deposition of an entity such as the Under Armour entity(ies) here:

> ***Notice or Subpoena Directed to an Organization.*** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. . .The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6). For certain deposition misconduct, the Rules provide: "The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). The Rules further provide that a deponent's failure to answer a question may give rise to a valid motion to compel filed by the opposing party. Fed. R. Civ. P. 37(a)(3)(B). Additionally, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

From a commonsense reading of the Rules, a deponent produced under Fed. R. Civ P. 30(b)(6) need not have personal knowledge of the facts to which they are testifying. Also, such a witness need not necessarily be capable of answering each and every question asked; nonetheless, the witness must be capable of testifying with a reasonable degree of specificity. A Rule 30(b)(6)

witness must be prepared for the deposition and cannot merely parrot information provided to them, yet such a witness often should be expected to undergo some amount of advance preparation with legal counsel and/or others.

### III. ANALYSIS

The undersigned makes observations similar to those in the corresponding Order entered this same date as to Tucker's deposition under Rule 30(b)(6). The persistent disputes arising from discovery in this matter reflect a breakdown between counsel for Plaintiff and Under Armour as much as they reflect earnest attempts to engage in necessary discovery. Plaintiff's and Under Armour's counsel seem to have lost focus on the goal of achieving the just and efficient resolution of the factual and legal issues that give rise to Plaintiff's claims herein.

Plaintiff requests that Under Armour's objections lodged during Maryanski's deposition on October 12, 2021 be stricken. The undersigned declines to read Judge Keeley's Order of September 17, 2021 as broadly as Plaintiff urges, and thus declines to order such relief. There is no good reason to grant a request for such an extraordinary remedy. The undersigned has made a detailed review of the briefing in this matter, including the extensive exhibits provided (which include a transcript of Maryanski's deposition testimony). Plaintiff obtained a great deal of information as a result of Maryanski's testimony. And the testimony given is not necessarily all favorable to Under Armour. Under Armour's objections during the deposition did not frustrate Plaintiff's efforts. Perhaps Plaintiff is unhappy with certain information revealed during Maryanski's testimony, or perhaps she did not get the answers from Maryanski that she thought she should. Regardless, that is not a reason to strike Under Armour's objections.

By their nature, these disputes are particular to the cases in which they arise. In view of that, and in view of the requirements of Rule 30(b)(6) and the Rules otherwise, there is nothing

improper about the objections which Under Armour made during the deposition. Relatedly, there is nothing necessarily improper about involving legal counsel in Maryanski's preparation for the deposition, nor about Maryanski relying on an outline and notes. In fact, it appears that Plaintiff has Maryanski's outline. [See ECF No. 577-3]. What is more, Maryanski provided multiple hours of substantive testimony. And that testimony covered a range of topics – for example, preservation (or alleged lack thereof) of Boucher's iPhone issued to him by Under Armour, Under Armour's handling of a number of other electronic devices issued to employees, the digital imaging of Boucher's iPhone, and employee retention of mobile phones after their employment with Under Armour, among other topics. Moreover, based on a review of the transcript of Maryanski's deposition, it appears that Maryanski answered the vast bulk of the questions even after Under Armour's objections. And, apparently, Maryanski had a 92-page packet of information in preparation for the deposition, and it appears that Plaintiff was provided that information prior to the deposition.

In sum, Plaintiff may not have the information she desired, but there is no doubt that she had sufficient opportunity to inquire of Maryanski, and that she obtained hours' worth of testimony in spite of Under Armour's frequent objections. Accordingly, to the extent which Plaintiff requests to strike the objections made during Maryanski's Rule 30(b)(6) deposition, the motion will be denied.

Plaintiff makes a corresponding request for an order that Under Armour provide all notes on which Maryanski relied in giving deposition testimony. Per Under Armour's response [ECF No. 575], it is not clear whether such notes even exist. Thus, the undersigned addresses their potential production for in camera review, below.

The undersigned cautions all counsel that it no way does this Order aim to bind the Court or the parties as to what evidence or argument is appropriate to offer at later stages of this litigation, what evidence may or may not be excluded, and what argument may be made thereby. Those matters clearly are for presentation, first, to the presiding District Judge, at the appropriate later stages of this action.

## IV. CONCLUSION AND ORDER

Accordingly, based on the foregoing, Plaintiff's motion [ECF No. 577] is hereby **GRANTED in part** and **DENIED in part**. Specifically, to the extent which Plaintiff seeks to strike Under Armour's objections made during Maryanski's Rule 30(b)(6) deposition, Plaintiff's motion is **DENIED**. However, to the extent which Plaintiff requests relief as the Court deems just and proper, her motion is **GRANTED** insofar as the undersigned will conduct an in camera review of any notes on which Maryanski relied for his deposition testimony, to the extent which they exist. To that end, it is **ORDERED** that Under Armour's counsel will provide such notes, if they exist, for in camera review no later than **January 7, 2022** to the undersigned's career law clerk Nathan J. Fetty, by e-mail to nathan_fetty@wvnd.uscourts.gov. If notes are located, then at the conclusion of the review, the undersigned will issue further written Order about whether the notes may be withheld or must be disclosed. However, to the extent which such notes do not exist, it is **ORDERED** that Under Armour's counsel will affirm the same by e-mail to Mr. Fetty, copying other counsel of record, no later than **January 7, 2022**.

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: December 23, 2021.

/s/ Michael John Aloi<br>
MICHAEL JOHN ALOI<br>
UNITED STATES MAGISTRATE JUDGE