IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **CYNTHIA D. PAJAK,** | |
| **Plaintiff,** | |
| v. | Civil Action No. 1:19-CV-160 (JUDGE KEELEY) |
| **UNDER ARMOUR, INC.,** **UNDER ARMOUR RETAIL, INC.,** **AND BRIAN BOUCHER,** | |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION [ECF NO. 604] TO STRIKE ERRATA SHEETS OR, IN THE ALTERNATIVE, DISREGARD ERRATA SHEETS ON SUMMARY JUDGMENT AND HOLD THAT ORIGINAL TESTIMONY MAY BE FULLY CONSIDERED BY TRIER OF FACT**

This matter is before the undersigned pursuant to a referral Order [ECF No. 607] entered by Honorable Senior United States District Judge Irene M. Keeley on December 10, 2021. By this referral Order, Judge Keeley referred Plaintiff's Motion [ECF No. 604] to Strike Errata Sheets, Or, in the Alternative, Disregard Errata Sheets on Summary Judgment and Hold That Original Testimony May be Fully Considered by Trier of Fact, filed on December 8, 2021, to the undersigned Magistrate Judge for review and disposition. The Court also is in receipt of Plaintiff's memorandum in support [ECF No. 609][1] of her motion. The Court also is in receipt of Defendant Under Armour's response [ECF No. 613][2] thereto, filed on December 15, 2021. On December 16, 2021, the undersigned conducted a hearing on a number of other motions referred by the presiding District Judge, and in conjunction therewith, held a Status Conference [ECF No. 614] concerning Plaintiff's motion. At the Status Conference, the undersigned heard argument by counsel for both

---

[1] This document, ECF No. 609, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 605-2 as an attachment to a motion to seal.
[2] This document, ECF No. 613, is sealed on the Court's CM/ECF system and previously was docketed at ECF No. 611-2 as an attachment to a motion to seal

Plaintiff and Under Armour, and determined that no further hearing or argument was necessary. However, at the Status Conference, Under Armour's counsel requested permission to provide further written information to chambers, which Under Armour did the following day, December 17, 2021.[3] At the Status Conference, Plaintiff requested the opportunity to file a reply to Under Armour's response, and to do so within seven days of Under Armour providing further written information to chambers. The undersigned granted Plaintiff's request, and Plaintiff filed her reply [ECF No. 622] on December 27, 2021. Accordingly, the undersigned issues the instant Memorandum Opinion and Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The issues here arise from Plaintiff's efforts to conduct discovery related to her claims alleging intentional spoliation of evidence. In brief, Plaintiff amended her complaint to allege Defendants' intentional spoliation of evidence. [ECF No. 291]. The spoliation claims focus on Defendants' efforts to gather, preserve, and analyze certain digital information and electronic devices; Plaintiff argues that the digital information and contents of the devices may have bearing on Plaintiff's underlying claims in this matter. Judge Keeley entered an Order dated August 11, 2021 [ECF No. 492] allowing for additional, limited discovery concerning Plaintiff's spoliation claims. The discovery (and corresponding disputes) about the spoliation claims have been wide-

---

[3] This information consists of three documents. The first two documents are transcripts of the depositions at issue, that being of Under Armour representatives Mike Maryanski and Nancy Tucker. Under Armour offers them to contextualize the changes on the errata sheets in question. The deposition transcript includes counsel's additions at the places in the transcripts where Under Armour makes changes on the errata sheets and the reasons for those changes. They are docketed under seal on the Court's CM/ECF system. [ECF Nos. 627 and 627-1]. The third document is one of the errata sheets (that of Under Armour representative Mike Maryanski) with Under Armour's corrected references to certain page numbers. At the hearing on December 16, 2021, Under Armour's counsel noted that the original errata sheet contained a few errors in reference to page numbers of the deposition transcript. Under Armour's counsel corrected those page numbers on the record, and then provided the corrected errata sheet itself. It is docketed under seal on the Court's CM/ECF system. [ECF No. 627-2].

ranging. The District Judge has referred a number of the disputes to the undersigned for hearing and disposition, and so the undersigned is familiar with the numerous discovery issues which have arisen herein.[4]

---

[4] Prior to the Plaintiff lodging her intentional spoliation claims, the undersigned presided over several discovery disputes in this matter, not summarized here, as to Plaintiff's underlying claims. Further, upon the Plaintiff lodging her intentional spoliation claims, the undersigned has presided over the following matters concerning intentional spoliation, in addition to the one which is the subject of the instant Memorandum Opinion and Order: (1) Plaintiff's Motion to Overrule Under Armour's and Mr. Kitchen's Objections and to Compel Compliance with Subpoena Duces Tecum and Deposition of Steven Kitchen [ECF No. 346], with hearings on May 10 and 14, 2021, and the undersigned later presiding over the deposition of Mr. Kitchen for several hours, (2) Plaintiff's Motion for Sanctions Under Rule 37 [ECF No. 358], with a hearing on May 14, 2021, (3) Plaintiff's Motion to Compel Defendants Under Armour, Inc. and Under Armour Retail, Inc. to Respond to Her Discovery Requests Related to Her Spoliation Claims [ECF No. 369], with a hearing on May 14, 2021, and further review upon remand [see ECF Nos. 492, 496, 499, 527] (4) Under Armour's Motion to Strike Attorneys' Eyes Only Designation from Plaintiff's Forensic Report [ECF No. 376], and co-Defendant Brian Boucher's joinder [ECF No. 379] in the same, with a hearing on May 25, 2021, (5) Under Armour's Motion for Leave to Review Electronic Files Maintained on a Laptop Computer That Belongs to Under Armour, Inc. [ECF No. 393], with a hearing on May 25, 2021, (6) Under Armour's Motion to Enforce Protective Order [ECF No. 397], with a hearing on May 25, 2021, (7) Plaintiff's Motion to Compel Full and Complete Responses to Her Discovery Requests Regarding Her Spoliation Claims [ECF No. 466], with a hearing on July 21, 2021, (8) Under Armour's Motion for Protective Order Regarding Plaintiff's Second Amended Notice of Videographic Rule 30(b)(6) Deposition [ECF No. 430], with a hearing on July 21, 2021, (9) Under Armour's Motion to Compel Plaintiff's Responses to Under Armour's First Set of Combined Discovery Regarding Her Spoliation Claims [ECF No. 431], with hearings on July 21 and 27, 2021, (10) Under Armour's Motion to Compel Responses to Under Armour, Inc.'s Third Set of Combined Discovery Requests to Plaintiff Regarding Her Spoliation Claims [ECF No. 432], with hearings on July 21 and 27, 2021, (11) Plaintiff's Motion to Compel Deposition Testimony of Brian Boucher [ECF No. 508], with no hearing based on resolution of certain matters by the parties [see ECF No. 515], (12) Under Armour's Motion for Protective Order Regarding Deposition of JND eDiscovery Employee Dana Olson [ECF No. 535], with a hearing on September 23, 2021, (13) Under Armour's Motion for Judicial Supervision of Rule 30(b)(6) Deposition [ECF No. 552], (14) Plaintiff's Motion to Preclude Introduction of Testimony or Other Evidence as a Consequence of Under Armour's Noncompliance With This Court's Order [ECF No. 559], with a hearing on December 16, 2021 (15) Plaintiff's Motion to Preclude Introduction of Any Testimony or Other Evidence as a Consequence of Under Armour's Noncompliance With This Court's Order and Rule 30(b)(6) and/or Motion to Compel Drafts and Handwritten Notes [ECF No. 561], and Supplemental Motion [ECF No. 576] concerning the same, with a hearing on December 16, 2021, and (16) Plaintiff's Motion to Overrule or Strike Objections Made at Rule 30(b)(6) Deposition Due to Defendant's Disregard of this Court's September 17, 2021 Order And To Compel Handwritten Notes of Rule 30(b)(6) Designee [ECF No. 577], with a hearing on December 16, 2021,

Additionally, the undersigned presided over discovery disputes in two related cases, with the discovery disputes originating out-of-district and the matters then transferring to the Northern District of West Virginia. See Pajak v. Finck, et al., 1:21-MC-25 (concerning Under Armour's motion to quash or limit subpoena of Nicole Finck), and Pajak v. Under Armour, Inc., et al., 1:21-MC-27 (concerning Under Armour's motion to quash subpoenas of JND Legal Administration, Ben Sexton, and Dana Olson).

At issue here is the deposition of Under Armour representative Mike Maryanski ("Maryanski"), who appeared on October 12, 2021 pursuant to Plaintiff's notice of deposition under Fed. R. Civ. P. 30(b)(6). Also at issue here is the deposition of Under Armour representative Nancy Tucker ("Tucker"), who appeared on October 27, 2021 pursuant to Plaintiff's same notice of deposition. Tucker ultimately appeared after this Court's entry of a Memorandum Opinion and Order [ECF No. 556] of October 19, 2021 denying Under Armour's motion [ECF No. 552] requesting judicial supervision of Tucker's deposition or appointment of a special master.

Plaintiff's notice of Rule 30(b)(6) deposition delineated 46 areas of inquiry. [See ECF No. 576-1]. Under Armour produced Maryanski to testify as to the following 13 numbered Topics: 2-7, 9, 10, 12, 13, 24, 34, and 38. [See ECF No. 576-2]. Those Topics as to Maryaski cover a broad range of information – for example, Under Armour's measures to preserve company-issued electronic devices (iPhone, iPad, and laptop) used by co-Defendant Brian Boucher, Under Armour's measures to preserve Plaintiff's company-issued laptop, Under Armour's overall efforts to preserve evidence, Under Armour's records retention obligations, and the basis for statements Under Armour's counsel made in the course of earlier discovery disputes. As for Tucker, Under Armour produced her to testify as to the following 27 numbered Topics: 1, 8-11, 17-19, 21-23, 27-33, 35, 37, 39-40, and 42-46. Id.[5] Those Topics also cover a broad range of information – for example, how Under Armour handled Plaintiff's litigation hold in this matter, Under Armour's retention and maintenance of human resources records, Under Armour's efforts to preserve information from co-Defendant Brian Boucher's iPhone, the basis for statements Under Armour's

---

[5] Under Armour produced one other corporate representative to testify as to certain Topics, namely, Austin Clemens ("Clemens"). It does not appear that Plaintiff takes any issue with any errata sheet which may have been submitted as to Clemens.

counsel made in the course of earlier discovery disputes, and documents Under Armour provided in response to certain of Plaintiff's previous discovery requests.

As to Maryanski, on November 15, 2021, Under Armour filed motion [ECF No. 578] for a five-day extension to submit the errata sheet from that deposition; Judge Keeley referred the request to the undersigned [ECF No. 579], and on November 16, 2021, the undersigned granted the motion. [ECF No. 580]. Maryanski submitted his errata sheet on November 17, 2021. [ECF Nos. 605-3, 627]. As to Tucker, she submitted her errata sheet on December 3, 2021. [ECF No. 605-4].

Plaintiff complains that the errata sheets provided by Maryanski and Tucker improperly make substantive changes to their deposition testimony. As such, Plaintiff argues, she did not have an appropriate opportunity to question the deponents, and thus will be unfairly disadvantaged at later stages of this litigation. Plaintiff states that the changes reflect what Under Armour wishes the deponents would have said – that they are material changes to the testimony, not just clarifications. It appears that Plaintiff objects to all changes on both Maryanski's and Tucker's errata sheets, except for Maryanski's correction of one typographical error on Page 59, Line 9. [See ECF No. 609 at 7, n. 3].

In response, Under Armour argues that the changes reflected on the errata sheets are the result of confusing lines of questions from opposing counsel, and thus are permissible clarifications. Under Armour states that these corrections further the purpose of discovery by putting forth accurate information. And even if the changes are viewed as substantive, according to Under Armour, Plaintiff may, for example, cross-examine the deponents at trial regarding any inconsistent testimony.

## II. APPLICABLE LAW

Under the Federal Rules of Civil Procedure, errata sheets resulting from a deposition are handled as follows.

> ***Review; Statement of Changes.*** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which **(A)** to review the transcript or recording; and **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1). Moreover, as the parties point out in their respective briefs, the Fourth Circuit has not squarely addressed the question of what the permissible scope is for offering substantive changes via an errata sheet. In general terms, courts take either a broad approach or a narrow approach. As succinctly put by one court, the broad approach is that "if the procedural requirements of the rule are met, any substantive change will be deemed permissible, even those that create inconsistencies or that directly contradict prior testimony." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 277 F.R.D. 286, 296 (E.D. Va. 2011). By the narrow approach, a deponent is permitted "only the correction of demonstrated errors made by the court reporter, whether in form or in substance." Id. at 297.

Based upon the undersigned's independent review of relevant caselaw, and of caselaw cited by the parties, it appears that the approach a court adopts often is driven by issues of, for example, fundamental fairness to the parties, unfair prejudice, deponent or counsel conduct, reasons given for the changes, whether reasons for the changes are given at all, and the like. See e.g. Tenaglio v. Weirton Medical Center, No. 5:18-CV-192 (N.D.W. Va. Dec. 5, 2019) (denying motion to strike errata sheet because deponent provided reasons for substantive changes and could be cross-examined as to the same); Rangarajan v. Johns Hopkins University, 917 F.3d 218 (4th Cir. 2019) (addressing propriety of trial court's dismissal of action as sanction for discovery abuses, including

plaintiff's submission of 51-page errata sheet changing substantive deposition testimony); <u>Creech v. Nguyen</u>, 153 F.3d 719 (4th Cir. 1998) (acknowledging defendant's substantive changes to errata sheet, and stating that jury could accept, or not, defendant's explanation for the changes); <u>C.M.E. by & through v. City Hosp., Inc.</u>, No. 3:18-CV-187, 2019 WL 12396970 (N.D.W. Va. Dec. 13, 2019) (denying motion to strike errata sheets but allowing further deposition of deponent regarding changes).

### III. ANALYSIS

In the instant case, the undersigned is troubled by the changes reflected on the errata sheets, as they appear to be substantive attempts to strengthen Under Armour's defense. The changes are not mere clarifications, nor are they changes intended to correct substantive errors made by, for instance, a court reporter in the generation of the transcripts. Instead, they appear to have the heavy hand of counsel who were dissatisfied with the deponents' answers, and who wish to dial back testimony that was not to counsel's liking. Particularly troubling here is that certain of Maryanski's changes are based on documents which Under Armour had not produced in advance of Maryanski's deposition. Moreover, these documents were not even among those which Maryanski testified he relied upon in giving deposition testimony.

Such an approach turns the purpose of discovery on its ear. If a deponent (and their counsel) is permitted to make material changes to their testimony after the fact, with seemingly few limits on the reasons for such changes, then a deposition essentially is a superfluous exercise. There is not much to prevent a deponent from providing testimony and then essentially recasting that testimony in a more favorable light using an errata sheet. The errata sheet is an avenue to correct an array of errors in a transcript, even material ones, per the plain language of the rule. However, it is difficult to imagine that the framers of the Federal Rules of Civil Procedure intended for an

errata sheet to be used in such a sweeping manner, or that such a use of an errata sheet is within the spirit and purpose of the Rules. Material changes to testimony that are needed because of transcription error and the like are one thing. In this instance, it is wholly another. Thus, the errata sheets in question should be stricken.

The undersigned cautions all counsel that in no way does this Order aim to bind the Court or the parties as to what evidence or argument is appropriate to offer at later stages of this litigation, what testimony may or may not be permitted, and what argument may be made thereby. For example, if Maryanski and/or Tucker testify at trial, it may be that they wish to be given the opportunity to explain their deposition testimony. Such matters clearly are for presentation, first, to the presiding District Judge, at the appropriate later stages of this action.

### IV. CONCLUSION AND ORDER

Accordingly, based on the foregoing, Plaintiff's motion [ECF No. 604] is hereby **GRANTED** insofar as the errata sheets in question are to be stricken, with the exception of Maryanski's correction of a typographical error on Page 59, Line 9.

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: January 10, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE