IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **CYNTHIA D. PAJAK,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNDER ARMOUR, INC.,**<br>**UNDER ARMOUR RETAIL, INC.,**<br>**AND BRIAN BOUCHER,**<br><br>**Defendants.** | Civil Action No. 1:19-CV-160<br>(JUDGE KEELEY) |

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S MOTION [ECF NO. 625] TO STAY THIS COURT'S**
**ORDER [ECF NO. 618] REGARDING DEPOSITION OF DANA OLSON**

Presently pending before the Court is Plaintiff's motion [ECF No. 625], filed on December 29, 2021, to stay the undersigned Magistrate Judge's Memorandum Opinion and Order [ECF No. 618] Granting in Part and Denying in Part Plaintiff's Motion [ECF No. 559] to Preclude Introduction of Testimony or Other Evidence as a Consequence of Under Armour's Noncompliance with this Court's Order, which was entered on December 21, 2021. The Court is in receipt of Under Armour's response [ECF No. 640], filed on January 12, 2022 and Plaintiff's reply [ECF No. 644], filed on January 19, 2022.

The underlying motion was before the undersigned pursuant to a referral Order [ECF No. 569] entered by Honorable Senior United States District Judge Irene M. Keeley on November 15, 2021. By this referral Order, Judge Keeley referred the above-noted Plaintiff's motion [ECF No. 559], filed on October 29, 2021, to the undersigned for review and disposition. With the benefit of full briefing of the underlying motion and a hearing on the same conducted on December 16, 2021 [ECF No. 614], the undersigned entered the above-noted Memorandum Opinion and Order [ECF No. 618] of December 21, 2021.

1

The prior Memorandum Opinion and Order [ECF No. 618] addressed a discovery dispute stemming from Plaintiff's claims of intentional spoliation. The dispute concerned a vendor, JND eDiscovery ("JND") and one of its employees, Ms. Dana Olson ("Olson"). JND was a vendor for Under Armour, aiding Under Armour and its outside counsel in responding to electronic discovery requests in this matter. Plaintiff, dissatisfied with the deposition she conducted of Olson on October 22, 2021, sought to preclude the introduction of testimony and other evidence resulting from that deposition. By the prior Memorandum Opinion and Order [ECF No. 618], the undersigned denied Plaintiff's motion to the extent which she sought to preclude introduction of such testimony or other evidence about JND's and Olson's efforts to preserve or analyze electronic devices in this matter. However, the undersigned granted Plaintiff's motion to the extent which Plaintiff requested relief as the Court deemed just and proper, and directed that Plaintiff could resume her deposition of Olson, to be supervised by the undersigned. The undersigned further ordered the parties to meet and confer forthwith and provide possible dates and times to Chambers staff for scheduling of the resumed deposition.

However, Plaintiff filed the motion [ECF No. 625] which is the subject of the instant Order, seeking to stay the prior Memorandum Opinion and Order [ECF No. 618]. The undersigned still is not in receipt of proposed dates for Olson's resumed deposition. Per Under Armour's response [ECF No. 640], it appears that Under Armour attempted to comply with the Court's Order but could not, absent Plaintiff's cooperation in providing dates.

Turning to the motion at hand, under the Court's Local Rules, a Magistrate Judge's order as to a non-dispositive pre-trial motion is effective unless either a Magistrate Judge or a District Judge stays such order. LR Civ. P. 72.02. Thus, it is within the Magistrate Judge's authority to review the pending motion to stay.

Plaintiff requests a stay of the prior Memorandum Opinion and Order [ECF No. 618] because she takes issue with the permissible scope of inquiry in Olson's resumed deposition as described in that prior Memorandum Opinion and Order, and that judicial economy is served by a stay if Plaintiff is able to achieve the relief she appears to most want – preclusion of testimony and other evidence about Olson's and JND's efforts in this matter. By its response [ECF No. 640], Under Armour opposes Plaintiff's request for a stay and appears willing to cooperate with all necessary parties to schedule a resumed deposition.

Plaintiff's motion is an unnecessary parsing of form over substance. Moreover, to stay the undersigned's prior Memorandum Opinion and Order [ECF No. 618] is an unnecessary delay in resolving this issue. The resumed deposition of Olson, over which the undersigned will preside, will be consistent with the Court's prior orders about the proper and permissible scope of inquiry. This should obviate any concern Plaintiff expresses about the scope of the deposition.

Accordingly, based on the foregoing, Plaintiff's motion [ECF No. 625] is hereby **DENIED**. To this end, as set forth in the prior Memorandum Opinion and Order [ECF No. 618], counsel for all parties are **ORDERED** to meet and confer <u>forthwith</u> about potential dates and times which are feasible for counsel and the parties (and Olson herself) to conduct the continued deposition of Olson, and agree on at least three such dates and times. More than one such time may be on the same date, as the deposition should not consume the entirety of a day. Counsel for Plaintiff then is **ORDERED** to communicate <u>all</u> possible such dates and times to chambers staff, career law clerk Nathan J. Fetty, by e-mail to nathan_fetty@wvnd.uscourts.gov, copying other counsel of record. Mr. Fetty then will (1) confirm with counsel which date(s) the undersigned may be available to preside over the deposition and advise as to when the deposition will occur, or (2) request that

counsel provide additional dates of availability, if the dates provided are in conflict with the undersigned's docket.

It is all so **ORDERED**.

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: January 21, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE