IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                               Civil Action No. 1:19-CV-160
                                                    (JUDGE KEELEY)

**UNDER ARMOUR, INC.,**
**UNDER ARMOUR RETAIL, INC.,**
**AND BRIAN BOUCHER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER AFTER FURTHER IN CAMERA REVIEW OF NOTES RESULTING FROM PREPARATION OF UNDER ARMOUR'S RULE 30(B)(6) WITNESSES TUCKER AND MARYANSKI, PER COURT'S PRIOR ORDERS [ECF NOS. 619, 620] AND FINDING THAT UNDER ARMOUR NEED NOT DISCLOSE MATERIALS REVIEWED

By prior Memorandum Opinions and Orders dated December 23, 2021 [ECF Nos. 619, 620], the undersigned Magistrate Judge addressed discovery disputes arising from the depositions of Under Armour corporate representatives take pursuant to Fed. R. Civ. P. 30(b)(6). The orders addressed, specifically, the depositions of Nancy Tucker ("Tucker") [ECF No. 619] and Mike Maryanski ("Maryanski") [ECF No. 620], respectively. By these prior orders, the undersigned addressed the substantive disputes.

However, as to each deponent, Plaintiff had sought notes upon which each deponent relied in giving their depositions. Under Armour produced some notes (or versions thereof) to Plaintiff, but withheld some notes (or versions thereof) as being privileged and/or confidential and thus protected from such disclosure. This issue remained outstanding, as the undersigned ordered Under Armour's counsel to produce any such notes for in camera review to determine if they should be shielded from disclosure because they are attorney-client privileged and/or protected work

1

product. The undersigned ordered Under Armour's counsel to produce the materials for in camera review by January 7, 2022, and counsel did as instructed.[1]

Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any <u>nonprivileged</u> matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). As the undersigned has summarized in the context of other discovery issues in this matter, in civil actions such as this one where the Court's jurisdiction is based upon the parties' diversity of citizenship, the federal common law governs the applicability of the work product doctrine, while state law governs the applicability of the attorney-client privilege. Nicholas v. Bituminous Cas. Corp., 235 F.R.D. 325, 329 n. 2 (N.D.W.V. 2006).

As for the attorney-client privilege, the Supreme Court of the United States has explained:

> The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (citation omitted). Moreover, under West Virginia caselaw:

> In order to assert an attorney-client privilege, three main elements must be present: (1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from that attorney in his capacity as a legal adviser; (3) the communication between the attorney and client must be identified to be confidential.

---

[1] These materials are filed in this matter on the Court's CM/ECF system, under seal, for access by Court staff only. [See ECF No. 647 for materials as to Tucker, and ECF No. 647-1 for materials as to Maryanski].

State ex rel. U.S. Fid. & Guar. Co. v. Canady, 194 W. Va. 431, 442, 460 S.E.2d 677, 688 (1995) (quoting Syl. Pt. 2, State v. Burton, 163 W. Va. 40, 254 S.E.2 129 (1979)).

Additionally, the work product doctrine is well-established. "[W]hile the protection of opinion work product is not absolute, only extraordinary circumstances requiring disclosure permit piercing the work product doctrine. We acknowledge that the opinion work product rule should be jealously guarded . . ." In re Doe, 662 F.2d 1073, 1079 (4th Cir. 1981). The Fourth Circuit has explained that "our adversary system depends on the effective assistance of lawyers, fostered by the privacy of communications between lawyer and client and the privacy in development of legal theories, opinions, and strategies for the client." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., 967 F.2d 980, 983 (4th Cir. 1992) (quotations and citations omitted). Further, at least as to the attorney-client privilege, and arguably as to the work-product protection, the burden is on the party asserting the privilege or protection to demonstrate applicability of the same. In re Grand Jury Subpoena: Under Seal, 415 F.3d 333, 338-339 (4th Cir. 2005).

Based on the undersigned's in camera review of these materials, it is clear that the communications Plaintiff seeks are privileged and confidential and should not be ordered to be disclosed. Without divulging specifics, they are communications in anticipation of litigation and/or trial, and/or records of counsel's impressions and inquiries of matters arising in the pending case. The documents reviewed in camera memorialize an array of communications between and among counsel and staff. They also demonstrate counsel's efforts to prepare witnesses and otherwise ascertain the location of information responsive to Plaintiff's notice of deposition, as contemplated (and protected from disclosure) by the Rules of Civil Procedure and relevant caselaw. They are the exact types of materials the privileges are intended to protect from disclosure to an adversary.

Based on the foregoing, therefore, the undersigned **FINDS** that the information reviewed in camera is properly shielded from disclosure, and that Under Armour need not be compelled to produce the same to Plaintiff.

It is all so **ORDERED**.

The Clerk of the Court is directed to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: January 24, 2022**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE