IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK

    Plaintiff,

V.                              CIVIL ACTION NO.: 1:19-cv-160
                              JUDGE: KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BRIAN BOUCHER'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Brian Boucher, by counsel, Scott H. Kaminski, Franki L. Parsons and Ray, Winton & Kelley, PLLC, and submits this Memorandum of Law in Support of his Motion for Summary Judgment.

### INTRODUCTION

In the interests of brevity and judicial economy, Boucher joins in and incorporates herein by reference the Statement of Facts and Arguments of Law presented by Defendants Under Armour, Inc. and Under Armour Retail, Inc. as though fully set forth herein as their interests on those issues are aligned. To the extent Plaintiff's to be filed Response to the Motions for Summary Judgment raise issues that separately address Boucher, he reserves the right to file a Reply to those

1

arguments as permitted by the Court in its Amended Scheduling Order.

## ARGUMENT OF LAW

### A. THE WEST VIRGINIA HUMAN RIGHTS ACT DOES NOT APPLY TO BOUCHER

Plaintiff's Amended Complaint filed March 8, 2021 (ECF No. 291) asserts a claim under the West Virginia Human Rights Act, W.Va. Code §5-11-1 et seq. ("WVHRA") against Boucher as a "person" in Count Two. Specifically, W.Va. Code §5-11-9(7) states that it shall be an unlawful discriminatory act for a person to engage in reprisal or other discrimination prohibited by the WVHRA. Boucher was not Plaintiff's employer, so the only cause of action under the WVHRA against Boucher is as a "person."

However, the WVHRA does not apply to Defendant Boucher as a "person" because he was a supervisory employee of an entity to which the WVHRA does not apply. On April 22, 2022, the Supreme Court of Appeals ruled that Plaintiff failed to meet the numerosity requirement of the WVHRA as to her claims against Under Armour, Inc. and Under Armour Retail, Inc. ("UA") as neither employed the required twelve or more employees within the state of West Virginia.

At least one jurisdiction has determined that their version of the WVHRA does not apply to supervisory employees

such as Boucher as a "person" if it does not apply to the employer. *See, U.S. Equal Employment Opportunity Commission v. Fred Fuller Oil Company, Inc.,* 134 A.3d 17 (N.H. 2016). The New Hampshire court determined that it would be an illogical result to hold an employee liable under their version of the WVHRA where the employer is not liable and that court would not interpret the statute to require an illogical result.

Here, the Supreme Court of Appeals of West Virginia has ruled that UA is not liable to Plaintiff under the WVHRA. The only relationship between Plaintiff and Boucher is their co-employment through UA. But for both having been employed by UA, neither would have ever met one another nor would they have ever interacted in any way. Accordingly, it would be illogical for the WVHRA to apply to Plaintiff's claims against Boucher, her supervisor through their employment with UA, when the WVHRA does not apply to the employer that brought them together. What supervisory employee of any national or multinational employer would ever agree to hire and supervise a person working remotely within the state of West Virginia if by doing so, the supervisor but not the employer would be subject to the WVHRA? The legislature cannot have meant "person" to mean an employee who's employer is not subject to the WVHRA.

The WVHRA declares that equal opportunity in the areas of **employment** and public accommodation to be a human right. §5-

3

11-2. (emphasis added). The definition of "person" is "...one or more individuals, partnerships, associations, organizations, corporations, labor organizations, cooperatives, legal representatives, trustees, trustees in bankruptcy, receivers and other organized groups of persons." W.Va. Code §5-11-3(a). Reading these two provisions together demonstrates that the WVHRA is designed to protect the right of equal opportunity in employment against acts by employers. The definition of "person" lists the variety of types of organizations that would employ people, including individuals such as sole proprietors of a business. Omitted from the list in the definition of "person" is supervisor, the role Boucher filled in this instance relative to Plaintiff. Boucher had no other contact with Plaintiff other than in his role as her supervisor and a supervisor is not a "person" under the WVHRA.

Plaintiff relied heavily on *Kalany v. Campbell,* 640 S.E.2d 113 (W.Va. 2006) as an example of an employer being held liable under the WVHRA even though the business failed to meet the numerosity requirement. *Kalany* is distinguishable on several fronts.

First, in *Kalany,* the defendant was the person who perpetrated the sexual harassment. Here, it is undisputed that Boucher did not inappropriately touch, kiss or otherwise

4

physically sexually harass Plaintiff. Rather, it is alleged that Boucher retaliated against Plaintiff.

Second, and most importantly, the defendant in *Kalany* was also the owner of the employer whom Plaintiff had sued. In other words, he was an individual who employed Plaintiff and thus a "person" under the WVHRA. The party-defendant to that case was Herman Campbell, individually and D/B/A Irene's Bar. Boucher was not the owner of UA and therefore not the employer of Plaintiff. Accordingly, he was not a "person" for purposes of the WVHRA.

Finally, Mr. Campbell in *Kalany* owned a business and worked in that business in West Virginia. Boucher does not own a business in West Virginia nor has he ever set foot in West Virginia to conduct business for UA. Therefore, holding that he may be liable under the WVHRA is an illogical result subjecting him to the jurisdiction of a law in a state in which he has never been for the purpose of supervising Plaintiff.

Plaintiff's cause of action against Boucher does not lie in the WVHRA. As this Court has recognized, Plaintiffs may raise a claim under *Harless v. First National Bank,* 246 S.E.2d 270 (W.Va. 1978) against supervisory employees like Boucher under *Hurley v. Allied Chemical Corp.,* 262 S.E.2d 757 (W.Va. 1980). *See, Skelley v. Fedex Corp. Servs.,* USDC NDWV Civ. Action No. 1:19-cv-2, **Memorandum Opinion and Order** entered May

5

1, 2019. Indeed, Plaintiff has done precisely that in Count One of her Amended Complaint. Boucher joins UA's Motion for Summary Judgment and Memorandum of Law with respect to Plaintiff's *Harless* claim, but asserts separately here that as a matter of West Virginia law, Plaintiff's remedy is a *Harless* claim, not a WVHRA claim. Accordingly, Boucher respectfully moves this Court to dismiss as a matter of law Count Two of Plaintiff's Amended Complaint against him which asserts a claim under the WVHRA.

### B. PLAINTIFF HAS FAILED TO MEET THE ELEMENTS OF AN INTENTIONAL SPOLIATION OF EVIDENCE CLAIM AGAINST BOUCHER

Once again, in the interests of brevity and judicial economy, Boucher joins UA's Motion for Summary Judgment and Memorandum of Law in Support Therefo relative to Plaintiff's claim for Intentional Spoliation of Evidence at Counts Five (UA) and Six (Boucher).

Plaintiff's claim for intentional spoliation of evidence is based on the seven elements of *Hannah v. Heeter,* 584 S.E.2d 560 (W.Va. 2003). The seven elements of such a claim are: 1) a pending or potential civil action; 2) knowledge of the spoliator of the pending or potential civil action; 3) willful destruction of evidence; 4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; 5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; 6)

6

the party's inability to prevail in the civil action; and 7) damages.

Plaintiff must satisfy all seven elements in order to prevail. If she cannot satisfy so much as one of the above elements, her claim fails and must be dismissed on summary judgment. Boucher joins in UA's argument as to all seven elements as they apply equally to him. If Plaintiff cannot meet those elements as to UA, she cannot meet them as to Boucher.

Specifically, though as to Boucher, the third element of willful destruction of evidence cannot be met. As UA points out, Plaintiff cannot point to a single piece of evidence that existed at one point but is no longer available to her. Boucher testified that he deleted messages the entire time that he worked at UA. See Ex. 1, Boucher depo. At p. 427. It was not willful destruction directed at prohibiting Plaintiff from prevailing in any litigation. It was his business custom and practice. Most importantly, Boucher testified at page 453 of his deposition that in December (of 2018), he had turned over to his Human Resources Business Partner, Jim Toner, "...every piece of correspondence..." regarding Plaintiff. Why is this date important? Plaintiff was terminated on December 10, 2018. Boucher had no reason to create or receive any correspondence or other document relative to Plaintiff after December 10, 2018 and there is no evidence that he did so. All information he had

7

relevant to Plaintiff was provided to Toner and any deletion activity by Boucher after December 10, 2018 is not relevant to Plaintiff's claims because there was no information relevant to Plaintiff's claims available for Boucher to delete after that date.

Boucher resigned his employment with UA on March 11, 2019, effective March 15, 2019. He received the litigation hold from UA regarding Pajak on or about February 26, 2019. By any of these dates, Boucher had nothing left on his iPhone or laptop to delete relevant to Plaintiff. It had all been turned over to UA by that time. See Ex. 1, p. 465. Plaintiff relies heavily on allegations that Boucher engaged in heavy deletion activity during his final week of employment with UA. However, Plaintiff is unable to prove that any such deletion activity was relevant to Plaintiff, an element fatal to her intentional spoliation of evidence claim. Plaintiff cannot prevail simply by proving deletion activity; that activity must be relevant to Plaintiff in order to meet fourth, fifth and sixth elements of *Hannah*. If Boucher deleted messages to his family, friends or other business associates unrelated to Plaintiff, then such deletion activity does not an intentional spoliation of evidence claim make. Deleting a message to his family about what they might like to have for dinner does not prevent Plaintiff from prevailing on her underlying claim nor does it prove that

8

Boucher deleted anything intentionally to defeat her claim. It simply proves that he no longer needed to save a conversation with his family about dinner in 2019.

As Boucher testified at p. 462 of his deposition (Ex. 1), during his last week of employment at UA, he was "...cleaning up files and transitioning work to other people in the organization..." This is a perfectly reasonable and expected thing for a departing employee of any organization to do. Plaintiff has been unable to prove that any of that data was relevant to her and not available from any other source such that she could not prevail on her underlying claim.

Plaintiff fantasizes that Boucher has some nefarious purpose towards her as late as March of 2019. There is no evidence to support such fantasy. The truth is that as of December 10, 2018 when Plaintiff was terminated from her employment with UA, she was simply no longer relevant to Boucher and there were no further communications or documents created or received about her. All relevant communications and documents including her Performance Improvement Plan had been submitted to UA and have been produced in this litigation by UA, Plaintiff or other sources. Plaintiff's Intentional Spoliation of Evidence Claim as to Boucher fails to meet all seven elements of *Hannah* and must be dismissed.

9

## CONCLUSION

For the reasons set forth herein, as well as those set forth in Under Armour, Inc.'s and Under Armour Retail, Inc.'s Motion for Summary Judgment and Memorandum of Law in support Thereof, Brian Boucher respectfully moves this Court for an Order granting Summary Judgment in his favor as to all counts of the Amended Complaint and that this matter be dismissed, and that he recover his costs associated with defending this matter and all other relief that this Honorable Court deems just and proper.

BRIAN BOUCHER

By Counsel

s/Scott H. Kaminski
Scott H. Kaminski (WVSB#6338)
Ray, Winton & Kelley, PLLC
109 Capitol Street, Suite 700
Charleston, WV 25301
304-342-1141
ScottKaminski@rwk-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK

    Plaintiff,

V.                        CIVIL ACTION NO.: 1:19-CV-160
                           JUDGE KEELEY

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER

    Defendants.

### CERTIFICATE OF SERVICE

    The undersigned counsel hereby certifies that on 1st day of August, 2022, he served a true and correct copy of the foregoing DEFENDANT BRIAN BOUCHER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT via CM/ECF which will send electronic notice to the following counsel of record:

                Robert M. Steptoe, Jr.
                Larry J. Rector
                Amy M. Smith
                Allison B. Williams
                Dylan T. Hughes
                Steptoe & Johnson PLLC
                400 White Oaks Boulevard
                Bridgeport, West Virginia 26330
                **Counsel for Plaintiff**

                Justin M. Harrison
                Jill E. Hall
                Grace E. Hurney
                Laura Ann Hoffman
                Jackson Kelly PLLC
                500 Lee Street, East, Suite 1600
                Post Office Box 553
                Charleston, West Virginia 25322
                **Counsel for Under Armour, Inc. and Under Armour Retail, Inc.**

        Amy Estelle Askew
        Kramon & Graham, PA
        1 South St., Suite 2600
        Baltimore, Maryland 21202
        **Counsel for Under Armour, Inc. and Under Armour Retail, Inc.**

s/Scott H. Kaminski
Scott H. Kaminski (WVSB#6338)