IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

CIVIL ACTION NO. 1:19-cv-160
JUDGE KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

    Defendants.

## UNDER ARMOUR'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE REGARDING UNRELATED EVENTS THAT OCCURRED IN 2013 OR 2014

Under Armour, Inc., and Under Armour Retail, Inc., (collectively, "Under Armour" or "Defendants"), by counsel, moves this Court to exclude evidence regarding M.D.'s[1] experience in 2013 or 2014. M.D.'s experience from this period is unrelated to any of the claims pending in this action, and the prejudicial effect of introducing this evidence is extraordinary and unfair.

**A.    Relevant Background**

Plaintiff's retaliatory discharge claim is predicated upon the following: (1) the Clarksburg (Maryland) incident; (2) the Yammer post; and (3) the Wall Street Journal listening session. All three occurrences took place in 2018, and M.D. only observed the Clarksburg incident. In her Amended Complaint, Plaintiff alleges that M.D. witnessed two teammates behaving inappropriately. (*See* Am. Compl. ¶15, ECF No. 291.) Plaintiff also alleges that she asked M.D. to write a statement about her observations. Plaintiff deposed M.D. on February 11, 2021. M.D. testified about what she observed regarding the Clarksburg incident. Specifically, she observed

---

[1] The parties have agreed to refer to the individuals identified in this motion by only using their initials.

4880-1044-0244.v1

"horseplay." (M.D. Dep. Tr. at 24:21–23, attached hereto as Ex. A.) She disavowed observing sexualized behavior (*id.* at 33:16–18); rather, she referred to it as inappropriate and unprofessional. (*Id.* at 24:2–10)

During her deposition, Pajak's counsel also questioned M.D. about a prior experience she had with two former Under Armour employees. According to M.D., she experienced unwelcome advances from two former Under Armour employees (P.C. and A.A.) in either October 2013 or 2014. (Ex. A, M.D. Dep. Tr. at 81:3–7.) M.D. voluntarily resigned her employment, but eventually returned to Under Armour. When she returned, she came "back to a different environment." (*Id.* at 79:5). M.D. remains employed by Under Armour and has not experienced anything similar to what occurred in 2013 or 2014. (*Id.* at 79:8–9). Neither P.C. nor A.A. remain employed by Under Armour, and neither individual has been identified as a witness to any of the allegations set forth in Plaintiff's Amended Complaint. Likewise, M.D.'s prior experience was not relied upon by Plaintiff in her Amended Complaint. Notably, M.D. never discussed her experience with Pajak and was surprised to learn that Plaintiff was attempting to misappropriate it to bolster her claims against Under Armour. (*Id.* at 79:14–24.) Finally, M.D. rejected opposing counsel's suggestion that Boucher ever said anything inappropriate to her. (*Id.* at 71:11–13).

Plaintiff identified M.D. as a Rule 404(b) witness that will testify about "sexual harassment she experienced from human resources employee, [A.A.], and Under Armour's failure to take appropriate action relating thereto" and "her report of inappropriate behavior by Brendan Costigan and Joey McKenna in January 2018 and Mr. Boucher's and Under Armour's failure to take appropriate corrective action concerning the same." (Pl.'s Resp. to Interrogatory No. 1 at 2, attached hereto as Ex. B.)

B.  **Applicable Law**

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if "it has a tendency to make a fact more or less probable that it would be without the evidence," and the "fact is of consequence in determining the action." Fed. R. Evid. 404(b)(1). Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence "may be admissible for another purpose, [however,] such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The rule regarding inadmissibility of prior bad acts evidence "is based on the danger that this type of evidence will overly influence the finders of fact and thereby persuade them to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *United States v. Hall*, 858 F.3d 254, 265–66 (4th Cir. 2017) (citation omitted).

The Fourth Circuit adheres to a four-step test to determine the admissibility of prior bad acts evidence under Rule 404(b): (1) "[t]he evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant[;]" (2) "[t]he act must be necessary in the sense that it is probative of an essential claim or an element of the offense[;]" (3) "[t]he evidence must be reliable[;]" and (4) "the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *Hall*, 858 F.3d at 266 (alterations in original) (quoting *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)). *See also* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading

3

the jury"). The proponent of the evidence bears the burden of demonstrating each of these prongs. *Hall*, 858 F.3d at 266.

C. **Unrelated evidence from 2013 or 2014 is not relevant or probative of Plaintiff's claims.**

Evidence regarding M.D.'s experience in 2013 or 2014 is not relevant or probative of any claim in this case, nor does it satisfy the evidentiary standards under Rule 404(b) and *Hall*. M.D. was not discharged and there is no evidence that she ever alleged retaliation against any of the decisionmakers in this case. Pajak did not advocate on behalf of M.D. regarding her experience in 2013 or 2014, and she had no involvement with them. Pajak does not allege sexual harassment or a hostile work environment; her allegations and claims are wholly independent and unrelated. Likewise, none of the witnesses or decision makers in this case are connected to M.D.'s experience in 2013 or 2014. Pajak's retaliation theories are predicated on the hypothetical motivations of her supervisor, Brian Boucher, who was not even employed by Under Armour until 2015. (Boucher Offer Letter, attached hereto as Ex. C.).

Moreover, there is no evidence that Boucher retaliated against M.D., which is the primary claim asserted by Pajak. This alone should bar introduction of M.D.'s testimony. *See Brillhart v. Phillips Elec. N. Am. Corp.*, 938 F. Supp. 742, 747 (D.N.M. 1996) (rejecting plaintiff's effort to introduce evidence of sexual harassment experienced by other employees where plaintiff did not allege sexual harassment, and plaintiff instead asserted claims for wrongful discharge based upon sex discrimination and retaliation); *Scott v. Wilkie*, No. 18 C 11, 2020 WL 1701881, at *5 (N.D. Ill. Apr. 8, 2020) (citing *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 443–44 (7th Cir. 2009)) ("other-act evidence that is otherwise unrelated to the employment decision at issue is considered of limited—if any—value."); *Burleson v. Sprint PCS Grp.*, 123 Fed.Appx. 957, 960 (10th Cir. 2005) (holding that district court properly excluded evidence of other employees' sexual

4

harassment complaints, because plaintiff did not demonstrate that the circumstances involving the other employees were similar to hers or otherwise tied to hers).

Finally, M.D.'s experience in 2013 or 2014 is so temporally remote that Judge Keeley found it "stale" and "off limits[,]" and barred Plaintiff from obtaining Rule 30(b)(6) testimony regarding the availability of written statements or complaints regarding it. (Sept. 15, 2021 Hr'g Tr. at 26:7–12.) Additionally, this Court previously limited discovery regarding claims of sexual harassment to five years. (*See* Mem. Op. and Order of Jan. 17, 2020, ECF No. 60.) Logically, if discovery of sexual harassment claims was limited to five years, then surely evidence of alleged sexual harassment older than five years should not be admitted at trial. In any event, Pajak never objected to this ruling, and there is no reason to revisit it now.

**D.     Evidence regarding M.D.'s experience in 2013 or 2014 is extraordinarily prejudicial.**

Even if M.D.'s experience from 2013 or 2014 was somehow how relevant or probative of any claim in this case, it remains inadmissible because whatever probative value it has is substantially outweighed by the danger of unfair prejudice and confusion. "Unfair prejudice includes 'the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it.'" *Brillhart*, 938 F. Supp. at 747, *quoting Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995). Pajak does not claim sexual harassment or hostile work environment; rather, she claims retaliatory discharge for reporting three instances of inappropriate behavior at work (and none of those qualify as sexual harassment or hostile work environment). Allowing Plaintiff to present evidence regarding M.D.'s experience in 2013 or 2014 will inflame the jury and impermissibly lead it to believe Pajak's case involves claims of sexual harassment or hostile work environment. It does not.

Moreover, evidence regarding M.D.'s experience in 2013 or 2014 would not be admissible even if Pajak were claiming sexual harassment or hostile work environment. *See Glover v. Oppleman*, 178 F. Supp. 2d 622 (W.D. Va. 2001) (testimony from previous sexual harassment actions against same supervisor some 5-9 years earlier was inadmissible to support employee's hostile work environment action because it was weakly probative and risk of unfair prejudice was great); *Stair v. Lehigh Valley Carpenters Local Union No. 600*, 813 F. Supp. 1116, 1120 (E.D. Pa. 1993) (excluding evidence of alleged harassment of another employee that occurred between four to eight years in the past because its "probative value is substantially outweighed by the danger of unfair prejudice" due to its "remoteness in time to the acts of discrimination and harassment alleged in the present action").

***

Evidence of M.D.'s prior experience in 2013 or 2014 has no tendency to make any consequential fact more or less probable, and Plaintiff clearly intends to rely upon it for the sole purpose of inflaming the jury regarding an unrelated matter. As the caselaw above demonstrates, impermissible propensity evidence regarding sexual harassment cannot be used to buttress a retaliatory discharge claim. Accordingly, this Court should exclude evidence regarding M.D.'s experience in 2013 or 2014.

Respectfully submitted this 11th day of October, 2022.

**UNDER ARMOUR, INC. and UNDER ARMOUR RETAIL, INC.**

By Counsel

*/s/ Justin M. Harrison*
Justin M. Harrison, Esq. (WVSB #9255)
Jill E. Hall, Esq. (WVSB #8812)
Grace E. Hurney, Esq. (WVSB # 12751)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1358
Facsimile: (304) 340-1080
justin.harrison@jacksonkelly.com
jill.hall@jacksonkelly.com
grace.hurney@jacksonkelly.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

    Civil Action No. 1:19-cv-160
    Judge KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
and BRIAN BOUCHER,

    Defendants.

## CERTIFICATE OF SERVICE

I, Justin M. Harrison, counsel for Under Armour, Inc. and Under Armour Retail, Inc., do certify that on the 11th day of October, 2022, I served "Under Armour's Motion *in Limine* No. 5 to Exclude Evidence Regarding Unrelated Events that Occurred in 2013 or 2014" upon the following parties and counsel of record, using the Court's ECF system:

| | |
|---|---|
| Robert M. Steptoe, Jr.<br>Larry J. Rector<br>Amy M. Smith<br>Allison B. Williams<br>Dylan T. Hughes<br>Steptoe & Johnson PLLC<br>400 White Oaks Boulevard<br>Bridgeport, West Virginia 26330<br>*Counsel for Plaintiff* | Scott Kaminski<br>Ray, Winton & Kelley, PLLC<br>109 Capitol Street, Suite 700<br>Charleston, West Virginia 25301<br>*Counsel for Defendant Brian Boucher*<br><br>Amy E. Askew<br>Kramon & Graham, P.A.<br>1 South St., Suite 2600<br>Baltimore, Maryland 21202<br>*Counsel for Under Armour, Inc. and Under Armour Retail, Inc.* |

    */s/ Justin M. Harrison*
    Justin M. Harrison, Esq. (WVSB #9255)

8

4880-1044-0244.v1