IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

CIVIL ACTION NO. 1:19-cv-160
JUDGE KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

    Defendants.

## UNDER ARMOUR'S MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OF PLAINTIFF'S ECONOMIC DAMAGES

Defendants Under Armour, Inc., and Under Armour Retail, Inc. (collectively, "Under Armour"), move this Court, *in limine*, to exclude evidence regarding Plaintiff's economic damages. Plaintiff's damages expert, Roger Griffith, issued a report regarding Plaintiff's alleged loss of income. Mr. Griffith's report fails to consider Plaintiff's mitigation income in 2020 and 2021, which far exceeds the income that she earned while employed by Under Armour. In short, Mr. Griffith is overstating Plaintiff's economic damages. Accordingly, his stale opinion should be excluded from evidence. In support of this motion, Under Armour submits the following:

1. On May 18, 2020, Plaintiff produced a "preliminary" report prepared by Mr. Griffith. The report is dated May 15, 2020. (Plaintiff's Expert Witness Disclosure (May 18, 2020), attached hereto as Exhibit A.

2. According to Mr. Griffith, Plaintiff's alleged economic damages are $423,781. Mr. Griffith's estimate of economic damages is based upon Plaintiff's income and benefits from

her employment at Target in 2019, which was pegged at $139,944. He then projected Plaintiff's economic loss through age 67.

3. On August 18, 2022, Plaintiff disclosed, for the first time, that her income in 2021 far exceeded Mr. Griffith's calculation of Plaintiff's lost wages and benefits for the same year. (Emails between Allison B. Williams, Justin M. Harrison, and Scott Kaminski, attached hereto as Exhibit B).

4. By letter dated September 14, 2022, Under Armour inquired as to whether Plaintiff intended to supplement Mr. Griffith's report. (Letter from Justin M. Harrison to Allison B. Williams, attached hereto as Exhibit C.) On September 28, 2022, Plaintiff advised Under Armour that she intended to provide a supplemental report. (*See* Exhibit B). To date, no supplemental report has been provided.

5. Expert testimony is inadmissible if based on unreliable data. *United States v. Gardner*, 211 F.3d 1049, 1054 (7th Cir. 2000) ("Before the district court may allow expert testimony into evidence, the submitting party must show that the testimony has a reliable basis."); *State Farm Fire & Cas. Co. v. Electrolux Home Prods.*, 980 F. Supp. 2d 1031, 1039 (N.D. Ind. 2013) (excluding opinions based on unverified data); *Fail-Safe, L.L.C. v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 888 (E.D. Wis. 2010) (holding that "[u]se of outdated or suspect data as the base of an expert's testimony are proper grounds to exclude that testimony" and excluding expert testimony); *see Lyman v. St. Jude Med. S.C., Inc.*, 580 F. Supp. 2d 719, 726 (E.D. Wis. 2008) ("[I]f the data underlying the expert's opinion is 'so unreliable that no reasonable expert could base an opinion on them, the opinion resting on that data must be excluded.'"); *Wilkinson v. Rosenthal & Co.*, 712 F. Supp. 474, 479 (E.D. Pa. 1989) ("An opinion based on false assumptions is unhelpful in aiding the jury in its search for the truth, and is likely

to mislead and confuse."); *Fox v. Tyson Foods, Inc.*, No. 4:99-CV-1612-VEH, 2006 WL 6012784, at *7 (N.D. Ala. Nov. 15, 2006) ("[T]he Court is not under any obligation to consider opinions which are based on false assumptions nor shall the Court ponder unreliable expert testimony.").

Based on the foregoing, Under Armour respectfully requests that this Court grant this motion *in limine* and enter an Order excluding Mr. Griffith's stale and unreliable report and opinion dated May 15, 2020.

Respectfully submitted this 11th day of October, 2022.

**UNDER ARMOUR, INC. and UNDER ARMOUR RETAIL, INC.**

By Counsel

*/s/ Justin M. Harrison*
Justin M. Harrison, Esq. (WVSB #9255)
Jill E. Hall, Esq. (WVSB #8812)
Grace E. Hurney, Esq. (WVSB # 12751)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1358
Facsimile: (304) 340-1080
justin.harrison@jacksonkelly.com
jill.hall@jacksonkelly.com
grace.hurney@jacksonkelly.com

3

4882-6337-5415.v1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

        Plaintiff,

                                          CIVIL ACTION NO. 1:19-cv-160
                                          JUDGE KLEEH

v.

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

        Defendants.

## CERTIFICATE OF SERVICE

        I, Justin M. Harrison, counsel for Under Armour, Inc. and Under Armour Retail, Inc., do certify that on the 11th day of October, 2022, I served *"Under Armour's Motion in Limine No. 7 to Exclude Evidence of Plaintiff's Economic Damages"* upon the following parties and counsel of record, via the CM/ECF system:

Robert M. Steptoe, Jr.
Larry J. Rector
Amy M. Smith
Allison B. Williams
Dylan T. Hughes
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
***Counsel for Plaintiff***

Scott Kaminski
Ray, Winton & Kelley, PLLC
109 Capitol Street, Suite 700
Charleston, West Virginia 25301
***Counsel for Defendant Brian Boucher***

Amy E. Askew
Kramon & Graham, P.A.
1 South St., Suite 2600
Baltimore, Maryland 21202
***Counsel for Under Armour, Inc. and Under Armour Retail, Inc.***

/s/ *Justin M. Harrison*
Justin M. Harrison, Esq. (WVSB #9255)

4