IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

CIVIL ACTION NO. 1:19-cv-160
JUDGE KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

    Defendants.

### UNDER ARMOUR'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE REGARDING CALCULATIONS OF PUNITIVE DAMAGES AND CONCLUSIONS OF LAW

Under Armour Inc. and Under Armour Retail, Inc. move this Court, *in limine*, to exclude certain portions of Roger Griffith's May 27, 2020 report regarding punitive damages. Mr. Griffith's report includes hypothetical punitive damage awards that are inconsistent with West Virginia law, as well as exposition regarding the purpose of punitive damages and how to determine punitive damages, along with supporting legal authority. This "evidence" should not be presented to the jury because it usurps the role of this Court and the jury, and therefore is irrelevant to the claims in this case. Additionally, this evidence is unfairly prejudicial and should not be admitted. Accordingly, the Court should exclude this evidence pursuant to Rules 401 and 403 of the Federal Rules of Evidence.

**1. Relevant Background.**

On October 1, 2020, Plaintiff served a supplemental expert witness disclosure, which consisted of a three page letter signed by Roger Griffith, dated May 27, 2020. A copy of Mr. Griffith's letter is attached at Exhibit A. Mr. Griffith's letter begins with this introduction:

4892-8069-0487.v1

"Pursuant to your request, the following information is provided for the jury to assist them [sic] in ascertaining the amount, if any, of punitive damages." The second page of the letter begins with this legal question: "What is the purpose of punitive damages?" Although not a lawyer, Mr. Griffith then proceeds to review various holdings from the Supreme Court of Appeals of West Virginia, and identifies "the objectives" of punitive damages.

A second legal question is presented by Mr. Griffith on page two of his letter: "How much punitive damages should be awarded?" Despite the fact that the Supreme Court of Appeals has never provided any guidance that would permit litigants to actually calculate sums certain for punitive damages, Mr. Griffith identified the elusive arithmetic to unlock this mystery, which is neatly illustrated on page three of his letter. He takes his stale estimate of Plaintiff's alleged compensatory damages ($423,781) and multiplies it by two random prime numbers (5 and 7), and one even number (10) that is divisible by three integers. Voila! Mr. Griffith estimates "Computed Punitive Damages," ranging from $2,118,905 to $4,237,810.[1]

### 2. Mr. Griffith's exposition regarding the purpose of punitive damages usurps the role and authority of this Court.

It is axiomatic that instructing the jury regarding questions of law is a role that is exclusively the province of the Court and not an expert witness. *United States v. Avenatti*, No. 19-CR-374 (JMF), 2022 WL 103298, at *2 (S.D.N.Y. Jan. 11, 2022) ("It is well established that '[i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.'") (quoting *Marx & Co. Inc. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977)); *see United States v. Teman*, 465 F. Supp. 3d 277, 329 (S.D.N.Y. 2020) (holding that expert "testimony about

---

[1] Mr. Griffith's calculation of Plaintiff's alleged compensatory damages is based on stale data points. Recently, Plaintiff provided supplemental information regarding her income for tax years 2020 and 2021. Plaintiff is now earning more income at Target than what she earned at Under Armour, and Mr. Griffith's report fails to take this into consideration. By that token, Mr. Griffith's calculation of punitive damages is unreliable.

4892-8069-0487.v1

quintessential legal rules" was properly excluded because it "would have invaded the Court's role"); *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) ("Each courtroom comes with equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."). Accordingly, Mr. Griffith's opinions regarding the purpose of punitive damages is simply improper, irrelevant and should be excluded, *in toto*.

> 3. **Mr. Griffith's punitive damage calculation is not admissible because it is inconsistent with West Virginia law and therefore not relevant.**

Under West Virginia law, trial juries determine punitive damages awards – not expert witness. Punitive damages is governed by W.Va. Code § 55-7-29, which provides, in pertinent part, as follows:

> If the court finds that sufficient evidence exists to proceed with a consideration of punitive damages, *the same jury shall determine* if a defendant is liable for punitive damages in the second stage of a bifurcated trial and *may award such damages*.

W.Va. Code § 55-7-29(b)(3) (emphasis added).

> If the *jury* returns an award for punitive damages that exceeds the amounts allowed under subsection (c) of this section, the court shall reduce any such award to comply with the limitations set forth therein.

W.Va. Code § 55-7-29(b)(4) (emphasis added).

> The amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000, whichever is greater.

W.Va. Code § 55-7-29(c).

As illustrated above, the plain language of W.Va. Code § 55-7-29 makes clear that the jury determines the appropriate measures of punitive damages. Moreover, the estimated range of Mr. Griffith's hypothetical damages awards is plainly inconsistent with W.Va. Code § 55-7-29(c),

which limits the availability of punitive damage awards to an amount that does "not exceed the greater of four [4] times the amount of compensatory damages or $500,000, whichever is greater." Mr. Griffith's punitive damage calculation is based upon multipliers of five (5), seven (7) and ten (10). It would be nonsensical and clearly erroneous to permit an expert witness to present hypothetical damage calculations that exceed the statutory cap provided under West Virginia law.

Several courts addressing this issue have found likewise. *See, e.g., Baldonado v. Wyeth*, No. 04 C 4312, 2012 WL 1520331, at *3 (N.D. Ill. Apr. 30, 2012) ("The amount, if any, is for the jury to decide based on the facts of this case and the applicable punitive damages law. Such expert testimony would evade the province of the jury."); *Dering v. Serv. Experts Alliance LLC*, No. 06-C-357, 2007 WL 4299968, at *9 (N.D. Ga. Dec. 6, 2007) ("[A]llowing an expert opinion on the amount of punitive damages is improper. The amount of punitive damages is to be determined by the enlightened conscience of an impartial jury[.]"); *Anderson v. Boeing Co.*, No. 02-C-196, 2005 WL 6011245, at *2 (N.D. Okla. Aug. 2, 2005) ("Plaintiffs have not demonstrated that [their expert] or any other expert, is more qualified than the average juror to make a determination whether the proof merits punitive damages, and if so, to what extent."); *Voilas v. Gen. Motors Corp.*, 73 F.Supp.2d 452, 465 (D.N.J. 1999) ("[E]xpert testimony seeking to assist the jury by providing certain methods of calculating damages as well as actual ranges of damages invades the province of the jury and should be precluded.").

In sum, Mr. Griffith's punitive damages calculation is not relevant under West Virginia law because it usurps the role of the jury, and it calculates hypothetical punitive damage awards that are inconsistent with the statutory cap provided under West Virginia law. Therefore, Mr. Griffith's punitive damage calculations should be excluded because they are not relevant.

### 4. Mr. Griffith's punitive damage calculation is unfairly prejudicial.

Providing a range or schedule of punitive damages is, in and of itself, "wholly prejudicial." *Burton v. Wyeth-Ayerst Lab'ys Div. of Am. Home Prod. Corp.*, 513 F. Supp. 2d 708, 717 (N.D. Tex. 2007) ("But to the extent that the schedule suggests to the jury that it should assess a punitive damage award (if any) in the range of $100 million to $2.5 billion the schedule is wholly prejudicial."); *see Salinas v. State Farm Fire & Cas. Co.*, No. CIV.A. B-10-194, 2012 WL 5187996, at *5 (S.D. Tex. Feb. 23, 2012) (granting motion to strike expert who provided "suggested punitive damage awards of $888,635, $8,886353, and $88,863,531" was "merely a way to suggest a specific amount of punitive damages to the jury."); *Voilas*, 73 F.Supp.2d at 463–65 (finding that expert testimony outlining three methods of calculating punitive damages and a range of punitive damage awards "carries the risk of swaying and misleading the jury into the erroneous belief that it is limited to one of the three methods and ranges of damages outlined").

Based on the foregoing, Under Armour respectfully requests this Court to grant this motion and exclude Mr. Griffith's exposition regarding the purpose of punitive damages, as well as his calculation of punitive damage estimates.

Respectfully submitted this 11th day of October, 2022.

UNDER ARMOUR, INC. and UNDER ARMOUR RETAIL, INC.

By Counsel

*/s/ Justin M. Harrison*
Justin M. Harrison, Esq. (WVSB #9255)
Jill E. Hall, Esq. (WVSB #8812)
Grace E. Hurney, Esq. (WVSB # 12751)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1358
Facsimile: (304) 340-1080
justin.harrison@jacksonkelly.com
jill.hall@jacksonkelly.com
grace.hurney@jacksonkelly.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

    Civil Action No. 1:19-cv-160
    Judge KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
and BRIAN BOUCHER,

    Defendants.

## CERTIFICATE OF SERVICE

I, Justin M. Harrison, counsel for Under Armour, Inc. and Under Armour Retail, Inc., do certify that on the 11th day of October, 2022, I served "Under Armour's Motion *in Limine* No. 8 to Exclude Evidence Regarding Calculations of Punitive Damages and Conclusions of Law" upon the following parties and counsel of record, using the Court's ECF system:

Robert M. Steptoe, Jr.
Larry J. Rector
Amy M. Smith
Allison B. Williams
Dylan T. Hughes
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
*Counsel for Plaintiff*

Scott Kaminski
Ray, Winton & Kelley, PLLC
109 Capitol Street, Suite 700
Charleston, West Virginia 25301
*Counsel for Defendant Brian Boucher*

Amy E. Askew
Kramon & Graham, P.A.
1 South St., Suite 2600
Baltimore, Maryland 21202
*Counsel for Under Armour, Inc. and Under Armour Retail, Inc.*

    */s/ Justin M. Harrison*
    Justin M. Harrison, Esq. (WVSB #9255)

4892-8069-0487.v1