IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

CIVIL ACTION NO. 1:19-cv-160
JUDGE KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

    Defendants.

## UNDER ARMOUR'S MOTION TO SET TRIAL PROCEDURE REGARDING PLAINTIFF'S EMPLOYMENT CLAIMS

The Defendants, Under Armour, Inc. and Under Armour Retail, Inc. ("Defendants" or "Under Armour"), by counsel, moves this Court pursuant to W. Va. Code § 55-7E-3, W. Va. Code § 55-7-29, Rule 103(d) of the Federal Rules of Evidence, and Rule 42(b) of the Federal Rules of Civil Procedure, for an Order setting trial procedure regarding Plaintiff's employment claims.[1] Under Armour requests that the following trial procedure be used by this Court:

During **Phase One** of the trial, the jury shall decide liability and, if they are warranted, certain compensatory damages—namely back pay and damages for aggravation, inconvenience, humiliation, embarrassment, and loss of dignity. The West Virginia Legislature has removed front pay damage awards from the purview of the jury, therefore evidence regarding alleged front pay damages is not part of the jury's consideration during **Phase One** of Plaintiff's employment claims. Similarly, W. Va. Code § 55-7-29 provides that, only after a jury determines liability for

---

[1] As indicated by its prior filing, Under Armour takes the position that should Plaintiff's intentional spoliation of evidence claim survive summary judgment, the trial should be bifurcated and the spoliation claim reaches the jury only if Plaintiff is unable to prevail in her employment discrimination claims. *See* ECF No. 772.

4888-8070-5848.v1

compensatory damages, the Court shall determine whether sufficient evidence exists to proceed with a consideration of punitive damages. Accordingly, evidence regarding alleged punitive damages must also be excluded in **Phase One**.

During **Phase Two** of the trial, the Court must make two determinations outside the presence of the jury. First, the trial judge must determine the amount, if any, of front pay damages to be awarded. Based on recent supplementation by Plaintiff, Under Armour submits that that Plaintiff is not entitled to an award of front pay based upon her mitigation income. However, to the extent that this Court determines that front pay is a proper measure of recovery, then the presiding judge should hear any evidence supporting this claim. Second, this Court should "determine whether sufficient evidence exists to proceed with a consideration of punitive damages." W. Va. Code § 55-7-29(b)(2). At this juncture, the parties should present arguments regarding punitive damages. Under Armour requests that if the Court reaches **Phase Two**, then the jury shall be excused for the remainder of the day with instructions to report back the next day.

**Phase Three** becomes necessary only if the Court determines that sufficient evidence exists to proceed for the jury to consider punitive damages. If so, the Court should return the jury to hear evidence on the issue. Of course, the Court "shall reduce any such [punitive damages] award to comply with the limitations set forth [in W. Va. Code § 55-7-29]." *Id.* at § 29(b)(4) and (c).

The procedure describe above comports with West Virginia law regarding employment cases and provides a practical way to "conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means." Fed. R. Evid. 103(d). This trifurcated trial procedure was recently approved by Judge Chambers in *Hawley v. Hospice of Huntington, Inc.*, Case No. 3:19-cv-0759, ECF No. 81, at 2 (S.D.W. Va. Feb. 24, 2021).

4888-8070-5848.v1

Respectfully submitted this 11th day of October, 2022.

**UNDER ARMOUR, INC. and UNDER ARMOUR RETAIL, INC.**

By Counsel

*/s/ Justin M. Harrison*
Justin M. Harrison, Esq. (WVSB #9255)
Jill E. Hall, Esq. (WVSB #8812)
Grace E. Hurney, Esq. (WVSB # 12751)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1358
Facsimile: (304) 340-1080
justin.harrison@jacksonkelly.com
jill.hall@jacksonkelly.com
grace.hurney@jacksonkelly.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

v.

    Civil Action No. 1:19-cv-160
    Judge KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
and BRIAN BOUCHER,

    Defendants.

## CERTIFICATE OF SERVICE

I, Justin M. Harrison, counsel for Under Armour, Inc. and Under Armour Retail, Inc., do certify that on the 11th day of October, 2022, I served "Under Armour's Motion to Set Trial Procedure Regarding Plaintiff's Employment Claims" upon the following parties and counsel of record, using the Court's ECF system:

| | |
|---|---|
| Robert M. Steptoe, Jr.<br>Larry J. Rector<br>Amy M. Smith<br>Allison B. Williams<br>Dylan T. Hughes<br>Steptoe & Johnson PLLC<br>400 White Oaks Boulevard<br>Bridgeport, West Virginia 26330<br>*Counsel for Plaintiff* | Scott Kaminski<br>Ray, Winton & Kelley, PLLC<br>109 Capitol Street, Suite 700<br>Charleston, West Virginia 25301<br>*Counsel for Defendant Brian Boucher*<br><br>Amy E. Askew<br>Kramon & Graham, P.A.<br>1 South St., Suite 2600<br>Baltimore, Maryland 21202<br>*Counsel for Under Armour, Inc. and Under Armour Retail, Inc.* |

    */s/ Justin M. Harrison*
    Justin M. Harrison, Esq. (WVSB #9255)

4