# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

    Plaintiff,

                                CIVIL ACTION NO. 1:19-cv-160
v.                              JUDGE KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

    Defendants.

## **UNDER ARMOUR'S PROPOSED VERDICT FORM**

Defendants Under Armour, Inc. and Under Armour Retail, Inc. (collectively "Under Armour") submit the attached proposed verdict form pursuant to the Court's Amended Scheduling Order. Pending before the Court are several motions, including Under Armour's motion for summary judgment, motions *in limine*, motion for bifurcation. By submitting these instructions, Under Armour does not waive and expressly reserves all arguments set forth in the pending motions, and proposes the following verdict form in the event that the Court denies Under Armour's motions, in whole or in part. Under Armour reserves the right to submit a revised verdict form in response to any rulings by this Court.

                                        **UNDER ARMOUR, INC. and**
                                        **UNDER ARMOUR RETAIL, INC.**

                                        By Counsel

*/s/ Justin M. Harrison*
Justin M. Harrison, Esq. (WVSB #9255)
Grace E. Hurney (WVSB # 12751)
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: (304) 340-1358
Facsimile: (304) 340-1080
justin.harrison@jacksonkelly.com
grace.hurney@jacksonkelly.com

4870-3442-3867.v1

## Under Armour's Proposed Verdict Form

### Section One – Wrongful Discharge in Violation of Public Policy
### (Under Armour Retail, Inc. and Brian Boucher)

1. Do you find that Plaintiff, Cynthia D. Pajak has proven, by a preponderance of the evidence, that she engaged in protected activity?

    YES_____          NO_____

    Instruction: *If your answer to Question No. 1 is "NO," then do not answer any more questions in this section or in Section Two, and proceed to Section Three.*

2. If your answer to Question No. 1 is "YES," then please identify which episode constitutes protected activity by marking an X below:

    a. The Clarksburg incident                                _____

    b. The Yammer post                                        _____

    c. The Wall Street Journal listening session              _____

3. Do you find that Ms. Pajak has proven by a preponderance of the evidence, that her employment was terminated because she relayed engaged in the protected activity identified above?

    YES_____          NO_____

    Instruction: *If your answer to Question No. 3 is "NO," then do not answer any more questions in this section or in Section Two, and proceed to Section Three. If your answer to Question No. 3 is "YES," then proceed to Question 3 below.*

4. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she sustained economic damages in the form of back pay as a result of her employment termination?

    YES_____          NO_____

    *Instruction: If your answer to Question 4 is "Yes," then please state the amount of back pay, if any, that Ms. Pajak proved that she lost as a result of Under Armour Retail, Inc.'s decision to terminate her employment. Remember, you are required to reduce any award of back pay by the amount that Plaintiff earned after her separation from employment.*

    $_____

4870-3442-3867.v1

5. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she suffered emotional distress damages as a result of Under Armour's decision to terminate her employment?

　　　　　_____ Yes　　　　　_____ No

*Instruction: If your answer to Question 5 is "Yes," then please state the amount of emotional distress damages, if any, that Ms. Pajak proved that she suffered as a result of Under Armour's actions.*

　　　　　$_____

## Section Two
## Retaliatory Discharge in violation of the West Virginia Human Rights Act
## (Under Armour, Inc.)

1. Do you find that Ms. Pajak had an employment relationship with Under Armour, Inc.?

   YES_____                NO_____

   *Instruction: If your answer to Question No. 1 is "YES," then proceed to Section Three. If your answer to Question No. 2 is "NO," then proceed to Question 2 below.*

2. Do you find that Plaintiff Ms. Pajak has proven, by a preponderance of the evidence, that someone employed by Under Armour, Inc. retaliated against her in violation of the West Virginia Human Rights Act because she relayed concerns about the Clarksburg incident, the Yammer post, and the Wall Street Journal listening session?

   YES_____                NO_____

   Instruction: *If your answer to Question No. 2 is "NO," then proceed to Section Three. If your answer to Question No. 2 is "YES," then proceed to Question 3 below.*

3. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she sustained economic damages in the form of back pay because someone employed by Under Armour, Inc. retaliated against her?

   YES_____                NO_____

   *Instruction: If your answer to Question 3 is "Yes," then please state the amount of back pay, if any, that Ms. Pajak proved that she lost as a result of Under Armour, Inc's actions. Remember, you are required to reduce any award of back pay by the amount that Plaintiff earned after her separation from employment.*

   $_____

4. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she suffered emotional distress damages as a result of Under Armour, Inc.'s retaliation?

   _____ Yes          _____ No

   *Instruction: If your answer to Question 4 is "Yes," then please state the amount of emotional distress damages, if any, that Ms. Pajak proved that she suffered as a result of Under Armour, Inc.'s actions.*

   $_____

**Section Three**
**Negligent Retention (Under Armour Retail, Inc.)**

1. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that Under Armour Retail, Inc. was negligent in retaining Mr. Boucher's employment because it knew Mr. Boucher had violated Ms. Pajak's rights under the West Virginia Human Rights Act while Ms. Pajak was employed?

    YES_____                         NO_____

    *Instruction: If your answer to Question 1 is "Yes," then please state the amount of damages, if any, that Ms. Pajak proved that she suffered as a result of Under Armour's in retention of Mr. Boucher.*

    $_____

## Section Four
## Intentional Infliction of Emotional Distress
## (All Defendants)

1. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that Under Armour Retail, Inc., Under Armour, Inc. and Brian Boucher intentionally inflicted emotional distress upon her based upon how the discharge decision was relayed to her?

    YES_____                         NO_____

    Instruction: *If your answer to Question No. 1 is "No," then do not answer any more questions in this section.*

2. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she actually suffered severe emotional distress damages as a result of how the discharge decision was relayed to her?

    YES_____                         NO_____

    *Instruction: If your answer to Question 3 is "Yes," then please state the amount of emotional distress damages, if any, that Ms. Pajak proved that she suffered.*

    $_____

## Section Five
## Intentional Spoliation of Evidence
## (Under Armour Retail, Inc. & Under Armour, Inc.)

1. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, the following elements of intentional spoliation of evidence:

    a. that an Under Armour employee, acting within the scope of their employment, destroyed evidence that was within the possession or control of Under Armour;

    b. that the Under Armour employee who destroyed the evidence had knowledge of Ms. Pajak's claims for wrongful discharge, negligent retention, and intentional infliction of emotional distress at the time that the evidence was destroyed;

    c. that the Under Armour employee who intentionally destroyed evidence did so with the specific intent to defeat Ms. Pajak's claims of wrongful discharge, negligent retention, and intentional infliction of emotional distress;

    d. that the destroyed evidence was vital to Ms. Pajak's ability to prevail on her claims for wrongful discharge, negligent retention, and intentional infliction of emotional distress.

    YES_____          NO_____

    Instruction: *If your answer to Question No. 1 is "No," then do not answer any more questions in this section, and proceed to Section Six.*

2. If you answered "Yes" to Question No. 1 above, please identify the name of the employee who was acting within the scope of their employment and the name of the Under Armour entity that employed him or her.

    _____          _____
    Name of Employee                         Name of Employer

3. If you answered "Yes" to Question No. 1 above, then please identify the evidence that was destroyed by the individual identified above:

    _____

4. If you answered "Yes" to Question No. 1 above, please identify the employment claim that Ms. Pajak cannot prevail on by marking an X next to the claims listed below. Do not mark an "X" if you answered "No" to Question No. 1 above:

        a. Wrongful discharge in violation of public policy    _____

        b. Violations of the W.Va. Human Rights Act    _____

        c. Negligent Retention    _____

        d. Intentional Infliction of Emotional Distress    _____

5. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she sustained economic damages in the form of back pay as a result of the intentional destruction of evidence?

   YES_____                           NO\_\_\_\_\_

*Instruction: If your answer to Question 4 is "Yes," then please state the amount of back pay, if any, that Ms. Pajak proved that she lost as a result of Under Armour Retail, Inc.'s decision to terminate her employment. Remember, you are required to reduce any award of back pay by the amount that Plaintiff earned after her separation from employment.*

                              $_____

6. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she suffered emotional distress damages as a result of the intentional destruction of evidence?

        \_\_\_\_\_ Yes         \_\_\_\_\_ No

*Instruction: If your answer to Question 5 is "Yes," then please state the amount of emotional distress damages, if any, that Ms. Pajak proved that she suffered as a result of Under Armour's actions. Remember, you are required to reduce any award of back pay by the amount that Plaintiff earned after her separation from employment.*

                              $_____

## Section Six
## Intentional Spoliation of Evidence
### (Brian Boucher)

1. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that Mr. Boucher intentionally destroyed evidence with the specific intent to defeat Ms. Pajak's ability to prevail on her claims against him, and that this destroyed evidence was vital to Ms. Pajak's ability to prevail on those claims?

   YES_____          NO_____

   Instruction: *If your answer to Question No. 1 is "No," then do not answer any more questions in this section.*

2. If you answered "Yes" to Question No. 1 above, please identify the employment claim that Ms. Pajak cannot prevail on by marking an X next to the claims listed below. Do not mark an "X" if you answered "No" to Question No. 1 above:

   a. Wrongful discharge in violation of public policy          _____

   b. Violations of the W.Va. Human Rights Act                  _____

   c. Intentional Infliction of Emotional Distress              _____

4. If you answered "Yes" to Question No. 1 above, then please identify the evidence that was destroyed by Mr. Boucher:

   _____

5. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she sustained economic damages in the form of back pay as a result of Mr. Boucher's intentional destruction of evidence?

   YES_____          NO_____

   *Instruction: If your answer to Question 3 is "Yes," then please state the amount of back pay, if any, that Ms. Pajak proved that she lost as a result of Mr. Boucher's intentional destruction of evidence.*

   $_____

6. Do you find that Ms. Pajak has proven, by a preponderance of the evidence, that she suffered emotional distress damages as a result of Mr. Boucher's intentional destruction of evidence?

   _____ Yes          _____ No

4870-3442-3867.v1

*Instruction: If your answer to Question 6 is "Yes," then please state the amount of emotional distress damages, if any, that Cynthia Pajak proved that she suffered as a result of Mr. Boucher's actions.*

$$\$_____$$

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CYNTHIA D. PAJAK,

       Plaintiff,

v.

       CIVIL ACTION NO. 1:19-cv-160
       JUDGE KLEEH

UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
AND BRIAN BOUCHER,

       Defendants.

## CERTIFICATE OF SERVICE

I, Justin M. Harrison, counsel for Under Armour, Inc. and Under Armour Retail, Inc., do certify that on October 24, 2022, I served "*Under Armour's Proposed Verdict Form*" upon the following parties and counsel of record, using the Court's ECF system:

Robert M. Steptoe, Jr.
Larry J. Rector
Amy M. Smith
Allison B. Williams
Dylan T. Hughes
Steptoe & Johnson PLLC
400 White Oaks Boulevard
Bridgeport, West Virginia 26330
*Counsel for Plaintiff*

Scott Kaminski
Ray, Winton & Kelley, PLLC
109 Capitol Street, Suite 700
Charleston, West Virginia 25301
*Counsel for Defendant Brian Boucher*

Amy E. Askew
Kramon & Graham, P.A.
1 South St., Suite 2600
Baltimore, Maryland 21202
*Counsel for Under Armour, Inc. and Under Armour Retail, Inc.*

       */s/ Justin M. Harrison*
       Justin M. Harrison, Esq. (WVSB #9255)

4870-3442-3867.v1