IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYNTHIA D. PAJAK,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO. 1:19-CV-160
(KLEEH)**

**UNDER ARMOUR, INC.,
UNDER ARMOUR RETAIL, INC.,
and BRIAN BOUCHER,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

Pending before the Court is *Cynthia D. Pajak's Motion to Strike Brian Boucher's Answer and Defenses and Enter Judgment Against Mr. Boucher as a Sanction for Intentional Spoliation of Evidence* [ECF No. 697]. For the reasons that follow, the Court **DENIES** the motion. ECF No. 697.

    I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Cynthia Pajak ("Pajak"), sued Defendants Under Armour, Inc., Under Armour Retail, Inc.,[1] and Brian Boucher,[2] alleging she was discharged in retaliation for reporting various

---

[1] Defendants Under Armour, Inc., Under Armour Retail, Inc., will be collectively referred to as "Under Armour."
[2] Defendants Under Armour, Inc., Under Armour Retail, Inc., and Brian Boucher will be collectively referred to as "Defendants."

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

instances of inappropriate workplace behavior. The claims to be tried are:

1. West Virginia Human Rights Act ("WVHRA") violations against Defendants Under Armour, Inc., and Boucher;

2. Wrongful discharge under Harless v. First National Bank of Fairmont, 246 S.E.2d 270 (W. Va. 1978) against Under Armour Retail, Inc.;

3. Negligent retention claim against Under Armour, Inc., and Under Armour Retail, Inc.; and

4. Intentional spoliation of evidence claim against Under Armour, Inc., Under Armour Retail, Inc., and Boucher.

Pajak was fired on December 10, 2018, and sued on July 16, 2019. Under Armour – and therefore Boucher - had knowledge of a potential civil suit as early as September 2018 and at least by February of 2019. See ECF No. 294.

Pajak's attorneys have been representing her since June 2018. ECF No. 715-1, Pajak Dep. 100:20-101:3. Prior to her termination on December 10, 2018, Pajak had told Jim Toner she hired a lawyer "because there was such a disconnect between Brian [Boucher] and what I was being told." Id. 94:8-15. On September 10, 2018, Boucher received an email from Pajak and assumed her lawyer wrote the email for her, due to its grammar and punctuation style. ECF No. 715-2,

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

Boucher Dep. 105:1-18. Essentially, "Jim [Toner] and [Boucher] were very aligned [] that that did not sound like [Pajak's] word choice that she would typically use." Id. Boucher thought the author was her attorney because "[p]rior to [September 10, 2018], there had been made reference about a lawyer in some documentation. So that's where this reference point came from with regard to not feeling that she had wrote it." Id.

On February 15, 2019, Pajak's counsel "sent Under Armour a demand letter outlining Ms. Pajak's claims and notifying the company of impending litigation against it." ECF No. 291, Am. Compl., ¶ 36. The letter included "Under Armour's evidentiary preservation obligations and instruct[ed] Under Armour to preserve all forms of potential evidence related to Ms. Pajak's claims." Id. The litigation hold was communicated to Boucher. ECF No. 902-3, Toner Dep. 128:1-14. Pajak alleges Defendants failed to preserve this evidence, and relevant data to Pajak's claims was deleted. ECF No. 291, Am. Compl., ¶ 38.

One item lost or destroyed is Boucher's work cell phone. Boucher gave his intent to resign to Under Armour on March 11, 2019, and his last day of employment at Under Armour was March 15, 2019. ECF No. 902-9, Boucher Dep. 444:2-23. Indeed, "while Under Armour at one point had physical custody of Mr. Boucher's Under

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

Armour controlled cell phone, it relinquished custody on March 15, 2019, and now the device is missing with no explanation for its whereabouts." ECF No. 291, Am. Compl., ¶ 38. Documents and other information relating to Pajak's claims, including text messages involving Pajak, have been erased. Id. ¶¶ 39-40. While "Under Armour claims it gave the device to Boucher and Boucher claims he returned it to Under Armour," it has never been found and therefore never disclosed in discovery. ECF No. 291, Am. Compl., ¶ 38. Before the phone disappeared, Under Armour imaged Boucher's company cell phone and discovered that text messages had been deleted from the phone. ECF No. 902-3, Toner Dep. 128:1-14, 130:1-20. Some text messages remained on the phone and were documented by the imaging. Id. Boucher's deletion of the text messages was in violation of the litigation hold. Id. 136:3-8. Of course, Pajak's argument is that Boucher knew that the information would be used in litigation. Id. 136:9-22. Boucher deleted text messages between he and KG "as they were happening." ECF No. 902-9, Boucher Dep. 453:21-23. Boucher, when asked to return the phone, which he did not, showed resistance to turning over the cell phone to his employer's legal department. ECF No. 715-8, Cordisco Dep. 90:3-91:23.

Another item implicated by Pajak's motion is Boucher's missing laptop. Boucher reported his laptop – a Lenovo ThinkPad –

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

stolen on or about November 14, 2018. Pajak argues this evidence should have been preserved; however, Defendants claim the laptop was stolen in Bogota, Columbia. Boucher allegedly concealed the existence of this laptop throughout the discovery of this case.

A second Lenovo ThinkPad was issued to Boucher in November 2018. Boucher admitted to deleting texts and data from this laptop, on or about March 15, 2019, believing he was acting within the course and scope of his employment with Under Armour. ECF No. 902-9, Boucher Dep. 443:7-444:2, 452:22-24. With regard to this laptop, Boucher deleted data knowing it was one of the devices subject to the February 26, 2019, litigation hold. Id. 453:1-4. Boucher deleted documents, emails, and folders. Id. 462:7-463:7. He deleted the data because he thought he had already supplied all the information he had about Pajak on a prior date. Id. 453:5-15.

The last piece of equipment at issue in Pajak's motion is Boucher's missing iPad. Boucher was issued an Apple iPad by Under Armour. Under Armour did not preserve the iPad after taking custody of it on March 15, 2019. ECF No. 902-1, Maryanski Dep. 65:7-22. Under Armour created a chain of custody of the iPad, and inventoried the device, but now it is lost. Id. 66:3-67:6. The iPad was logged into evidence at Under Armour on March 20, 2019, but still lost. Id. 67:19-68:6. There are additional Under Armour

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

items[3] that have allegedly been destroyed or lost, but none of these are subject to this motion and will not be considered herein.

## II.   LEGAL STANDARD

Rule 12(f) governs motions to strike:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Intentional spoliation of evidence is an intentional tort in common law, and is defined as "the destruction or material alteration of evidence or [] the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). The procedural concept is contemplated within the Federal Rules of Civil Procedure under the "disclosures and discovery" section. Rule 37(e) provides:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in

---

[3] The additional items include: Ms. Stewart's Under Armour issued iPhone, Ms. Miller's Under Armour issued iPhone, MD's statements and complaints, ESI relating to HR and HR analytics, Cisco Jabber chats, and any other destruction or failure to prove evidence as established in this trial. ECF No. 926 at 6.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

> the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

The Rule directs courts to resolve a question of sanctions for intentional spoliation in two steps. First, the movant must establish: "(1) the information should have been preserved, (2) the information was lost, (3) the loss occurred because a party failed to take reasonable steps to preserve it, and (4) the information cannot be restored or recovered through additional discovery." Knight v. Boehringer Ingelheim Pharm., Inc., 323 F.Supp.3d 837, 845 (S.D.W. Va. 2018) (internal quotation and citation omitted). The movant must prove these Rule 37(e) factors by clear and convincing evidence: "the general approach of courts in the Fourth Circuit has been to apply the clear and convincing

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

evidence standard, especially where a relatively harsh sanction like an adverse inference is sought." Steves and Sons, Inc. v. JELD-WEN, Inc., 327 F.R.D. 95, 104 (E.D. Va. 2018) (internal citation omitted).

Once the movant proves each of the four factors, the court must then determine whether (1) the party was prejudiced by the loss of information, or (2) the party acted with the intent to deprive the other of that information for use during the litigation. Fed. R. Civ. P. 37(e)(1)-(2); Knight, 323 F.Supp.3d at 845. Helpful to a determination under Rule 37(e)(1), "[g]enerally, courts find prejudice when spoliation compromises a party's ability to present its case." Knight, 323 F.Supp.3d at 845 (citing Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 532 (D. Md. 2010)). The "intent to deprive" requirement under Rule 37(e)(2) is a "stringent requirement," one that "does not parallel to other discovery standards," yet does not rise to the level of "bad faith." Knight, 323 F.Supp.3d at 845 (internal citations omitted).

Upon a finding of a party's intent to deprive under Rule 37(e)(2), the Court may then consider sanctions. Fed. R. Civ. P. 37(e)(1)-(2); Knight, 323 F.Supp.3d at 845. A district court has inherent authority to impose sanctions for spoliation, but it is

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

limited. Silvestri, 271 F.3d at 590. It is important to note that "while the spoliation of evidence may give rise to court imposed sanctions deriving from this inherent power, the acts of spoliation do not themselves give rise in civil cases to substantive claims or defenses." Id. The Court's Rule 37(e) sanctions for spoliation must reflect what is necessary to redress the wrong that "abuses the judicial process." Id. (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991)). In other words, the sanction should first and foremost be remedial. Silvestri, 271 F.3d at 590. "[D]ismissal should be avoided if a lesser sanction will perform the necessary function." Id. (internal citation omitted). The Court takes Pajak's motion to strike as one under Rule 37(e)(2)(C), requesting judgment against Boucher. ECF No. 697.

### III. ANALYSIS

First, the Court must analyze whether, by clear and convincing evidence, Boucher failed to preserve the ESI, the ESI should have been preserved, the ESI is lost because a party failed to take reasonable steps to preserve it, and the ESI cannot be restored. Fed. R. Civ. P. 37(e). Boucher argues he did not spoliate evidence under Rule 37 because he deleted data throughout his employment with Under Armour. ECF No. 720 at 11-12. Boucher deleted data

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

during his last week of employment because he had already turned over information related to Pajak in December 2018. Id. Despite Boucher's "good faith" explanations, the Court finds Pajak has proven these four factors by clear and convincing evidence.

Outright, the information – Boucher's cellphone, missing laptop, second Lenovo ThinkPad, and missing iPad – was lost and cannot be restored or recovered through additional discovery. Fed. R. Civ. P. 37(e); see also Knight, 323 F.Supp.3d at 845. The parties do not dispute these two factors and Pajak has proven them by clear and convincing evidence.

The evidence also should have been preserved. Fed. R. Civ. P. 37(e); see also Knight, 323 F.Supp.3d at 845. Boucher and other Under Armour representatives admit to failing to preserve ESI in contravention of Pajak's litigation hold. It is undisputed the litigation hold was placed February 15, 2019. Boucher knew of Pajak's potential claims as early as September 2018, when Pajak had referenced her attorneys and sent a communication that appeared to be drafted by someone else. ECF No. 715-2, Boucher Dep. 105:1-18. The iPhone was imaged in March 2019 but returned to Boucher and never seen again. The missing laptop was stolen on or about November 14, 2018. Boucher admits to deleting information from his Lenovo ThinkPad in March 2019, during his last week of employment.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

Boucher's iPad, thanks to Under Armour, was lost on or about March 20, 2019, despite it being inventoried. There is no doubt all of these pieces of evidence should have been preserved pursuant to the litigation hold placed in February 2019, if not earlier, in September 2018.

Finally, Pajak has proven the causation element by clear and convincing evidence: the information loss occurred because a party failed to take reasonable steps to preserve it. Fed. R. Civ. P. 37(e); see also Knight, 323 F.Supp.3d at 845. Boucher admits he deleted much of this information, offering the weak explanation that he deletes data in the ordinary course of his employment with Under Armour. Regardless of the explanation, it is clear a wholesale deletion meets this standard. And so does a total loss of devices. Boucher and Under Armour failed to protect the information on the stolen laptop and missing iPad such that when they went missing, data could be restored. Instead, the defendants intentionally deleted information from Boucher's work devices and failed to take reasonable steps to protect the devices from data loss.

Having found by clear and convincing evidence that Boucher failed to preserve the ESI, the ESI should have been preserved, the ESI is lost because a party failed to take reasonable steps to

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

preserve it, and the ESI cannot be restored, [see Fed. R. Civ. P. 37(e)] the Court must next determine whether Pajak has proven whether Boucher destroyed or deleted the relevant evidence with the intent to deprive Pajak of her use of the information at trial. Under the stringent standard imposed by Rule 37(e)(2), the Court finds she has.

Boucher admits he deleted much of this information, offering the weak explanation that he deletes data, in contravention to a litigation hold, in the ordinary course of his employment with Under Armour. Nonetheless, on March 14, 2019, Boucher searched via Google search engine: "Can you retrieve deleted texts on iPhone" and "Four ways to recover deleted texts from your iPhone." ECF No. 720-1, Boucher Dep. 525:2-21. Boucher testified he searched these questions to find "routine business communications" that he had deleted. Id. The Court is not persuaded by Boucher's explanations, and instead finds these facts to be compelling evidence that Boucher intended to delete the ESI to deprive Pajak of her use of the information in her litigation. Again, Boucher and Toner knew Pajak had hired attorneys by September 2018, and before, pursuant to their own conversations. The litigation hold was placed in writing on February 26, 2019. Mysteriously, Boucher then deletes data and his work devices go missing.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

As Pajak points out, the Court is entitled to rely upon circumstantial evidence here. Folino v. Hines, No. 17-cv-1584, 2018 WL 5982448, *1, *3 (W.D. Pa. Nov. 14, 2018). Like in Folino, here, Boucher intentionally deleted data, the devices were in Boucher's and / or Under Armour's possession, and the destruction of the data occurred after the defendants understood its importance to Pajak. Id. The sophistication of these parties is not lost on the Court. The high-level sophistication is so obvious that Boucher, unprompted, referred to Under Armour as a "multi-million dollar/billion dollar organization." ECF No. 720-1, Boucher Dep. 526:7-20. He described his work for Under Armour as "multi-tiered, cross-functional, collaborative projects. Multi-million dollar projects that involved multiple people across the organization." Id. This evidence weighs in favor of Pajak on the issue of intent. Because Boucher was part of such a sophisticated workforce at Under Armour, a corporation with legal departments, elevated IT departments, and infinite resources, failure to preserve the ESI, when the parties clearly understand their affirmative duty, can be nothing else but intentional. Circumstantial evidence and the testimony cited herein supports the Court's finding that Boucher intended to deprive Pajak of the information for her use in litigation. Fed. R. Civ. P. 37(e)(2).

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

Still, the Court denies the motion to strike and enter judgment in favor of Pajak as a sanction on the issue of intentional spoliation of evidence under Rule 37(e) of the Federal Rules of Civil Procedure. Striking Boucher's answer and defenses and entering judgment in favor of Pajak is severe and the Court declines to exercise its discretion by imposing the most draconian sanction against the individually named defendant. Despite the Court's finding under Rule 37(e)(2), Boucher's individual actions alone do not rise to level of sanctions Pajak requests.

## IV. CONCLUSION

For these reasons, Pajak's Motion to Strike is **DENIED**. ECF No. 697.

Pajak also filed a motion implicating Rule 37(e)(2)(B) sanctions: an adverse inference jury instruction. ECF No. 902. "[T]he [adverse] inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction." Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995). The Court continues to hold under advisement Plaintiff's Renewed Motion for Adverse Jury Instruction pursuant to Rule 37(e)(2)(B). ECF No. 902. Not yet knowing Pajak's ability, or inability, to present her

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT BOUCHER'S ANSWER AND DEFENSES AND ENTER JUDGMENT AS A SANCTION FOR INTENTIONAL SPOLIATION OF EVIDENCE**

case without the alleged spoliated evidence,[4] the Could will issue a ruling on the motion [ECF No. 902] once Pajak has had the opportunity to present her case-in-chief at trial.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:** March 31, 2023

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

---

[4] In addition to the loss of information subject of Pajak's instant motion to strike, additional evidence is alleged to have been spoliated in Pajak's motion for adverse jury instruction, and were not analyzed here: Ms. Stewart's Under Armour issued iPhone, Ms. Miller's Under Armour issued iPhone, MD's statements and complaints, ESI relating to HR and HR analytics, Cisco Jabber chats, and any other destruction or failure to prove evidence as established in this trial. ECF No. 926 at 6.